# Exhibit 18

| | | |
|---|---|---|
| DOCKET NUMBER: FST-CV-08-5008432-S | : | |
| US BANK NATIONAL ASSOCIATION AS TRUSTEE | : : | SUPERIOR COURT |
| | : | JUDICIAL DISTRICT OF |
| Plaintiff, | : : | STAMFORD-NORWALK |
| – against – | : : | AT STAMFORD |
| ELIZABETH P. CONRAD, ET AL., | : : | August 3, 2012 |
| Defendant. | : | |

**Brief in Further Support of Objection to Motion for Judgment of Strict Foreclosure**

Defendants, Elizabeth P. Conrad and John W. Conrad ("Conrads"), submit this brief in further support of their 16 page objection (Document No. 158) to plaintiff's April 13, 2010 motion for judgment of strict foreclosure (Document No. 132).

**Preliminary Statement**

The Conrads demonstrated, at pages 3-5 of their objection that (i) a plaintiff must plead the elements of its prima facie claim; (ii) ownership of the debt is an element of a prima facie claim for foreclosure; and (iii) judgment for a plaintiff may be rendered only a claim alleged in the complaint.

There is no dispute that the plaintiff in this case did not allege "ownership" of the underlying debt. Rather, plaintiff alleged that it is the "holder" of the note (Complaint ¶¶ 4 & 5). The Conrads demonstrated, at pages 5-6 of their objection, that plaintiff's allegation of "holder" status does not meet its obligation to plead "ownership" of the debt and that, consequently, no judgment of foreclosure can enter.

The Conrads also demonstrated, at pages 8-9 of their objection, that the note lacked a necessary endorsement and that the endorsements that are on the note are invalid as they reflect self-dealing by a putative attorney-in-fact. The Conrads explained, at pages 9-16 of their objection, that these deficiencies implicated plaintiff's lack of standing to foreclose. At the July 23, 2012 oral argument of the motion for judgment, plaintiff produced what it claimed was the original note that purportedly included the missing endorsement. Plaintiff also produced what it claimed was a power of attorney that resolved the issue of the attorney-in-fact's self-dealing.

The Court instructed the parties to submit additional briefing on the issue of whether a foreclosing party is required to plead ownership of the debt and whether the power of attorney resolves the attorney-in-fact's self-dealing. The Conrads now supplement their demonstration, at pages 3-8 of their objection, that plaintiff was required to and failed to plead ownership of the debt and address the effect, if any, of the power of attorney.[1]

**Argument**

**I.    Plaintiff was Required to Plead Ownership of the Debt to State a Foreclosure Claim**

"It is a well established principle that Connecticut is a fact pleading jurisdiction." *Pike v. Bugbee*, 115 Conn.App. 820, 828 n. 5 (2009), *cert. granted*, 293 Conn. 923 (2009). Practice Book § 10-1 provides that "[e]ach pleading shall contain a plain and concise statement of the materials facts on

---

[1] The Court noted, at the July 23, 2012 oral argument, that the power of attorney plaintiff presented was deficient in that it did not contain a notary's signature in respect of the acknowledgment. To date, plaintiff has provided the Conrads with a power of attorney that contains a notary's signature.

which the pleader relies ...." General Statutes § 52-91 provides that "the complaint ... shall contain a statement of the facts constituting the cause of action ...." Practice Book § 10-20 provides that "the complaint ... shall contain a concise statement of the facts constituting the cause of action."

"'A cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief.... A right of action at law arises from the existence of a primary right in the plaintiff, and an invasion of that right by some delict on the part of the defendant.'" *Wagner v. Clark Equipment company, Inc.*, 259 Conn. 114, 129 (2002) (quoting *Sharp v. Mitchell*, 209 Conn. 59, 71-72 (1988)). Significantly, "'[t]he facts which establish the existence of that right and that delict constitute the cause of action.'"

As the Conrads demonstrated at pages 4-5 of their objection, ownership of the debt is one of the facts constituting a cause of action to foreclose a mortgage. As such, CGS § 52-91, Practice Book §§ 10-1 and 10-20, and the "well established principle that Connecticut is a fact pleading jurisdiction," *Pike, supra*, indisputably required plaintiff to plead to plead ownership. Plaintiff failed to do so. Instead, plaintiff plead only that it was the "holder" of the note. This is insufficient to satisfy plaintiff's pleading obligation.

**A.   "Owner" and "Holder" are Distinct Legal Statuses which Give Rise to Distinct Claims**

As shown at page 6 of the Conrads' objection, "'holder' of the note [is] a legal status distinct from ownership ...." *HSBC Bank USA v. Fequiere*, 081010 CTSUP, FBT-CV-09-5024230-S (Aug. 10, 2010); *U.S. Bank v. Curtis*, 072310 CTSUP, CV-09-5021948-S (July 23, 2010). More specifically, the

"holder" of a note has the right to enforce the note even if someone else owns the note and even if the holder is in wrongful possession of the note (i.e., a thief can be the holder with a right to enforce the note). CGS § 42a-3-301.

Not only is there a distinction between "owner" and "holder," there is a distinction between the causes of action to which they can give rise. As the Conrads noted at page 4 of their objection, "action for foreclosure of the mortgage and upon the note are regarded and treated, in practice, as separate and distinct causes of action." *New England Savings Bank v. Bedford Realty Corp.*, 238 Conn. 745, 759 (1996); *Hartford National Bank & Trust Co. v. Kotkin*, 185 Conn. 579, 581 (1981) (same). Foreclosure of a mortgage is an equitable remedy against real property to enforce a debt. *Bedford Realty*, 238 Conn. at 759. "[I]t calls [only]for the vesting and divesting of title to real property." *City of New Haven v. God's Corner Church, Inc.*, 108 Conn.App. 134, 140 (2008).[2]

In contrast, "the holder of the note's power to enforce is merely at law (i.e., the right to enforce personal liability) ...." *RMS Residential Properties v. Miller*, 303 Conn. 224, 231 (2011). This restriction precludes a mere holder from foreclosing an associated mortgage. Indeed, the "mere holder of [a] promissory note, if not [the] owner of [the] underlying debt, cannot exercise [the] equitable power

---

[2] As the Appellate Court explained in *Barclays Bank of New York v. Ivler*, 20 Conn.App. 163, 166 (1989), *cert. denied*, 213 Conn. 809 (1989): "In Connecticut, a mortgagee has legal title to the mortgaged property and the mortgagor has equitable title, also called the equity of redemption....The equity of redemption gives the mortgagor the right to redeem the legal title previously conveyed by performing whatever conditions are specified in the mortgage, the most important of which is usually the payment of money.... Under our law, an action for ... foreclosure is brought by a mortgagee who, holding legal title, seeks not to enforce a forfeiture but rather to foreclose an equity of redemption .... [quotes and cites omitted]."

of foreclosure[.]" *Id.* (describing *Bedford Realty, supra*, 238 Conn. at 759-60).  The holder is thus limited to the right to enforce personal liability on the note.[3]

### B.   Judgment May Enter only on a Claim Alleged in the Complaint

Because the causes of action are distinct, they have different pleading requirements.  "A mortgagee who files a foreclosure suit and who intends to bring a deficiency judgment authorized by General Statutes § 49-14 must allege facts sufficient, not only to justify the decree of foreclosure on the mortgage, but to support a judgment in personam against the particular defendant or defendants against whom a deficiency judgment will be sought." *Bank of Stamford v. Alaimo*, 31 Conn.App. 1, 5 (1993). In other words, an in personam deficiency judgment is not available to a foreclosing party that did not plead the facts necessary to support a judgment at law on the note. *See Bedford Realty*, 238 Conn. at 760 ("Moreover, GHR has not sought a deficiency judgment.  Thus, whatever restrictions §§ 42a-3-301 and

---

[3]The limitation is a statutory restriction on standing.  The common law rule is that standing requires an injury to the plaintiff. *Connecticut State Medical Soc. v. Oxford Health Plans (CT), Inc.*, 272 Conn. 469, 476 (2005) ("[o]ur standing jurisprudence consistently has embodied the notion that there must be a colorable claim of a direct injury to the plaintiff").  In derogation of the common law rule, a statute can confer standing absent an injury, as in the case of CGS 42a-3-301, which does not require an injury to have a right to enforce a note: "A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument." *RMS*, 303 Conn. at 230-31.  However, "[i]t is a rule of statutory construction that statutes in derogation of the common law should be strictly construed so as not to extend, modify or enlarge [their] scope by the mechanics of statutory construction.'" *Hickey v. Commissioner of Correction*, 82 Conn.App. 25, 40 (2004).  Our Supreme Court observed in *RMS* that "standing to enforce the promissory note is provided by [CGS § 42a-3-301]." Section 42a-3-301 identifies the "'[p]erson entitled to enforce instrument." Under the UCC, promissory notes are "instruments"; mortgages are not. CGS § 42a-3-104. Because § 42a-3-301 must be strictly construed and does not encompass mortgages, it confers only standing to enforce the note.

42a-3-309 might put upon the enforcement of personal liability based solely upon a lost note, they do not prohibit GHR from pursuing an action of foreclosure to enforce the terms of the mortgage.").

It follows that failure to plead the facts necessary to support a decree of foreclosure precludes entry of such a decree. As the Conrads demonstrated at pages 3-4 of their objection, a judgment may be rendered only as to a claim "which the facts alleged in the complaint are sufficient in law to support." *Benoit v. Amalgamated Local 299 United Electrical Radio and Machine Workers of America*, 150 Conn. 266, 277 (1963) (citing *Makusevich v. Gotta*, 107 Conn. 207, 209; *Cole v. Jerman*, 77 Conn. 374, 383). Indeed, "[i]t is fundamental in our law that the right of a plaintiff to recover is limited to the allegations of his complaint." *Vinchiarello v. Kathuria*, 18 Conn.App. 377, 383 (1989). "The [trial] court is not permitted to decide issues outside of those raised in the pleadings... [and] it is well established jurisprudence that the pleadings serve to frame the issues before a trial court." *Yellow Page Consultants, Inc. v. Omni Home Health Services, Inc.*, 59 Conn.App. 194, 200 (2000). It is error for a trial court to "render[ ] judgment ... on a ground never claimed by the plaintiffs." *Michalski v. Hinz*, 100 Conn.App. 389, 396 (2007). Indeed, "[a] judgment upon an issue not pleaded would not merely be erroneous, but it would be void." *Tehrani v. Century Medical Center, P.C.*, 7 Conn.App. 301, 308 (1986); *Vinchiarello v. Kathuria*, 18 Conn.App. 377, 384 (1989) (same).

In this regard, a plaintiff cannot "cast his claim as a chameleon, where the legal basis for the claim changes to survive any argument attacking the legal sufficiency of the claim," *Pike*, 115 Conn.App. at 828 n. 5, and "[t]he trial court may not seek beyond the complaint for facts not alleged

....." *Cavallo v. Derby Savings Bank*, 188 Conn. 281, 285-86 (1982). Plaintiff thus cannot transmogrify its "holder" allegation into the required ownership allegation.

In fact, plaintiff was required to elect between an action at law on the note or an action in equity to foreclose and, having chosen an action on the note, is precluded from foreclosing the mortgage. "'At common law, a mortgagee was required to elect between a foreclosure action or an action on the underlying debt.'" *FDIC v. Voll*, 38 Conn.App. 198, 205 (1995), *cert. denied*, 235 Conn. 903 (1995) (quoting *New England Savings Bank v. Lopez*, 227 Conn. 270, 278 n. 10 (1993)). "[B]ecause the entry of judgment of foreclosure precluded any further common law ... proceedings on the note[,] ... the legislature in 1833 created the remedy of the deficiency judgment as the only available means of satisfying a mortgage debt when the security was inadequate to make the plaintiff whole." *Voll*, 38 Conn.App. at 205-06. But, "[t]he common law rule requiring a creditor to choose between an action at law on the note and an action at equity by foreclosing remains in effect." *Id.* at 206. Here, plaintiff effectively elected an action at law on the note by failing to allege ownership of the debt and instead alleging that it is the holder of the note (Complaint ¶¶ 4 & 5), the note is in default (Complaint ¶ 5) and by seeking "[m]oney damages against the makers of, or obligors on, the Note described herein" (Complaint, Prayer for Relief 3).

Thus, plaintiff's allegation that it is merely a "holder" does not support a claim to foreclose the mortgage. Plaintiff has failed to allege the "material facts" necessary to support a foreclosure cause of action and has instead effectively elected a claim for personal liability on the note. No judgment of foreclosure may enter.

## II.  Rebuttable Presumption does Not Supply a Necessary Allegation

As the Conrads noted at pages 6-7 of their objection, the Supreme Court in *RMS* observed that holder status could be relevant in a foreclosure action but only to the extent it gives rise to a rebuttable presumption of ownership of the underlying debt.  *RMS*, 303 Conn. at 231-32.  No court, including the Supreme Court in *RMS*, has addressed whether the rebuttable presumption arising from holder status satisfies the foreclosing party's obligation to plead ownership.  The general law of rebuttable presumptions confirms that it does not.

The Conrads demonstrated, at pages 6-7 of their objection, that the rebuttable presumption is an evidentiary substitute that relieves the plaintiff of the burden of going forward with evidence of an essential element of its cause of action that must be alleged in the complaint.  In other words, the presumption is not an allegation.  Rather, it allows a party to establish an allegation prima facie without having to offer actual evidence on the point. As applied in the foreclosure context, the rebuttable presumption of ownership relieves a plaintiff who has alleged ownership of the burden of going forward with evidence of ownership.  It takes the place of evidence; it does not take the place of an ownership allegation.

Moreover, "[the] purpose of pleadings is to frame, present, define, and narrow the issues, and to form the foundation of, and to limit, the proof to be submitted on the trial...." *Young v. Vlahos*, 103 Conn.App. 470, 476 (2007), *cert. denied*, 285 Conn. 913 (2008).  "The proposition that the pleadings frame the issues before a trial court is well established in our caselaw." *Doublewal Corp. v. Toffolon*, 195 Conn. 384, 390 (1985); *Telesco v. Telesco*, 187 Conn. 715, 720 (1982) ("[w]hat is in issue is

determined by the pleadings"). "The principle that a plaintiff may rely only upon what he has alleged is basic." *Matthews v. F.M.C. Corporation*, 190 Conn. 700, 705 (1983); *Kelley v. Bonney*, 221 Conn. 549, 590 (1992) (same); *Rosick v. Equipment Maintenance and Service, Inc.*, 33 Conn.App. 25, 31 (1993) (same). If, like plaintiff in the case at bar, the foreclosing party did not allege ownership, the presumption cannot arise because the foreclosing party did not raise ownership as an issue. Said another way, because the rebuttable presumption's sole function is to establish prima facie an ownership allegation, it has no application where ownership is not alleged. Indeed, absent an ownership allegation, ownership evidence, and thus an ownership evidentiary substitute, is irrelevant. *White v. Town of Westport*, 72 Conn.App. 169, 173 (2002) ("[t]he pleadings of the parties frame the issues that are relevant during the trial"); *Tehrani v. Century Medical Center, P.C.*, 7 Conn.App. 301, 308 (1986) ("[o]nce the pleadings have been filed, the evidence proffered must be relevant to the issues raised therein"); *Vinchiarello v. Kathuria*, 18 Conn.App. 377, 384 (1989) (same).

In this regard, Practice Book § 10-1 requires a party to plead the material facts but precludes him from pleading "the evidence by which they are to be proved ...." In fact, "inclusion of evidence in a complaint is a violation of our rules of practice." *Brown and Brown, Inc. v. Blumenthal*, 297 Conn. 710, 735 n. 23 (2010). Holder status can give rise to a rebuttable presumption which, as noted, is not evidence; it is an evidentiary substitute. Because the evidence by which a foreclosing party would prove ownership is precluded from the complaint, it follows that a rebuttable presumption, which takes the place of evidence, is also precluded from the complaint. In other words, plaintiff was precluded from pleading holder status if it did so in an attempt to state a foreclosure claim.

**III.     Power of Attorney did Not Authorize Transfer**

As the Conrads explained at page 8 of their objection, where the party in possession of the note is not the original payee, holder status depends on a proper chain of endorsements. CGS §§ 42a-1-201(21)(A), 42a-3-201, 42a-3-203, 42a-3-204, 42a-3-301. As the Conrads noted at pages 8-9 of their objection, the copy of the note plaintiff filed with the Court on or about January 12, 2009 as Document No. 115 does not include an endorsement out of the original payee, Mortgage Lenders Network USA, Inc. Plaintiff apparently filed the note in connection with its December 12, 2008 motion for judgment of strict foreclosure (Document No. 110). The Conrads' July 20, 2012 objection apparently was the first time anyone alerted the Court to the absence of the endorsement. At oral argument on July 23, 2012 — three and a half years after plaintiff filed the copy without the endorsement — plaintiff produced what it claimed was the original note and asserted that it included the missing endorsement on the back of page 4. Plaintiff, however, has not offered any evidence as to when that endorsement purportedly was applied or who applied it. Given the 43 month interval between plaintiff's filing of a copy the note without the endorsement and its claim that the original includes the endorsement, the action cannot proceed further unless and until plaintiff establishes that the endorsement out of the original payee was on the note at the time plaintiff commenced the action (Conrads' Objection at 9-16).

Even if the endorsement out of the original payee was properly and timely applied to the note, the action cannot proceed because the subsequent endorsements do not confer plaintiff with holder status. The first endorsement on the allonge to the note is to "Residential Funding Company, LLC" from

"Residential Funding Corporation" as attorney-in-fact for Emax Financial Group LLC ("Emax").[4] At the July 23, 2012 oral argument, plaintiff asserted that the power of attorney authorized this endorsement. It did not. The Limited Power of Attorney plaintiff presented at oral argument (copy attached) purports to appoint Residential Funding Corporation as attorney-in-fact for Emax. It purports to authorize Residential Funding Corporation to sign documents, including note endorsements, "for the purpose of assigning and transferring to [Residential Funding Corporation]" mortgages and notes. If anything, the power of attorney authorized Residential Funding Corporation to endorse notes only to itself; it did not authorize Residential Funding Corporation to endorse notes to third-parties, like Residential Funding Company, LLC. Thus, the endorsement to Residential Funding Company, LLC was unauthorized and, as a result, the endorsement from Residential Funding Company, LLC also was unauthorized.

Next, even if the unauthorized endorsements are sufficient to confer plaintiff with holder status, any presumption of ownership is rebutted by the fact that the power of attorney did not authorize Residential Funding Corporation to transfer anything, much less ownership of the debt, to Residential Funding Company, LLC. Rather, the power of attorney is clear that Residential Funding Corporation's authority is limited to "assignment and transfer" to Residential Funding Corporation. In short, there can

---

[4] The Conrads mistakenly asserted, at page 9 of their objection, that the putative endorsement was to Residential Funding Company, LLC from Residential Funding Company, LLC, as attorney-in-fact and that this represented self-dealing on its face, which vitiates the endorsement. This was factually inaccurate as the putative endorsement is actually from "Residential Funding Corporation" as attorney-in-fact to a distinct entity called "Residential Funding Company, LLC."

be no presumption that plaintiff became the owner of the note because the power of attorney confirms that Residential Funding Company, LLC never could have become the owner of the note through a transaction with Residential Funding Corporation as attorney-in-fact for Emax.[5]

## Conclusion

For the foregoing reasons, and those set forth in the Conrads' objection, the Court should deny plaintiff's motion for judgment of strict foreclosure. In the alternative, the Court should dismiss the action for lack of standing or conduct an evidentiary hearing, and permit the Conrads to take pre-hearing discovery as to plaintiff's status at the time it commenced the action.

---

[5] The power of attorney did not authorize a transfer of ownership of a debt in any event. A power of attorney is a contract of agency. *Kindred Nursing Centers East, LLC v. Morin*, 125 Conn.App. 165, 167 (2010). Under the rules of contract construction, ambiguities are construed against the drafter. *Harbour Pointe, LLC v. Harbour Landing Condominium Ass'n, Inc.*, 300 Conn. 254, 260-61 (2011). The term "assigning and transferring" as used in the power of attorney is ambiguous because the right to enforce a note can be "assigned and transferred" without "assigning and transferring" ownership of the debt. CGS §§ 42a-1-201(21)(A), 42a-3-201, 42a-3-203, 42a-3-204, 42a-3-301. Indeed, mere endorsement affects nothing more than a transfer of the right to enforce. *See Dysart Corp. v. Seaboard Sur. Co.*, 240 Conn. 10, 17 ("[a]lthough case law addressing this issue is scarce, we have found no authority that persuades us that the endorsement and delivery of a check transfers, as a matter of law, anything other than a right to payment from the drawer of the instrument and certain rights against the endorser"). Moreover, it would be anomalous for the principal to authorize the attorney-in-fact to transfer ownership to itself because this would leave the principal without any value for its asset. It makes more sense for the principal to retain ownership and authorize transfer only of the right to enforce because the principal would retain the value of its asset. Thus, regardless of whether Emax or Residential Funding Corporation drafted the power of attorney, it cannot be construed to authorize a transfer of ownership.

DEFENDANTS,<br>
ELIZABETH P. CONRAD and JOHN W. CONRAD

By:   407598
     Christopher G. Brown
BEGOS HORGAN & BROWN LLP
2425 Post Road, Suite 205
Southport, CT 06890
(203) 254-1902

### Certification

I hereby certify that on August 3, 2012 a copy of the foregoing was mailed to all counsel and pro se parties of record, as follows:

| | | |
|---|---|---|
| HUNT LEIBERT JACOBSON PC<br>50 WESTON STREET<br>HARTFORD, CT 06120 | DAVID J MARANTZ<br>60 LONG RIDGE ROAD<br>SUITE 200<br>STAMFORD, CT 06902 | COHEN & ACAMPORA<br>8 FRONTAGE ROAD<br>EAST HAVEN, CT 06512 |
| ELIZABETH P. CONRAD<br>58 WEED HILL AVE<br>STAMFORD, CT 06907 | JOHN W. CONRAD<br>58 WEED HILL AVE.<br>STAMFORD, CT 06907 | US ATTORNEY<br>DISTRICT OF CONN<br>157 CHURCH ST 23RD FL<br>NEW HAVEN, CT 06510 |

  407598
Christopher G. Brown