Exhibit 19

# Exhibit 19

| DOCKET NO. FST-CV-08-5008432-S | : | **SUPERIOR COURT** |
| --- | --- | --- |
| **US BANK NATIONAL ASSOCIATION AS TRUSTEE** | : | **JUDICIAL DISTRICT OF STAMFORD/NORWALK** |
| **V.** | : | **AT STAMFORD** |
| **ELIZABETH P. CONRAD, ET AL.** | : | **AUGUST 17, 2012** |

## <u>REPLY MEMORANDUM TO DEFENDANTS OBJECTION TO STRICT FORECLOSURE</u>

The Plaintiff, US Bank National Association as Trustee, hereby submits this

Memorandum in reply to the Defendants Objection to Strict Foreclosure and Supplemental

Brief.

**A.     FACTS**

This action was commenced by way of writ, summons and complaint dated August 12,

2008 and bearing a return date of September 2, 2008.

The complaint alleges that on July 21, 2006 the Defendant, Elizabeth P. Conrad

executed and delivered a Note in the original principal amount of $460,000.00 to Mortgage

Lenders Network USA, Inc.. <u>See,</u> Complaint, ¶ 3.   On said date to secure said Note the

Defendant(s), Elizabeth P. Conrad and John W. Conrad, did execute and deliver to Mortgage

Electronic Registration Systems, Inc. as Nominee for Mortgage Lenders Network USA, Inc., a

Mortgage on the Property.   Said Mortgage was dated July 21, 2006 and recorded July 26, 2006

ORAL ARGUMENT REQUESTED
TESTIMONY NOT REQUIRED

THIS LAW FIRM IS A DEBT COLLECTOR.  ANY
INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

in Volume 8649 at Page 11 of the Stamford Land Records. Said Mortgage was assigned to US Bank National Association as Trustee by virtue of an Assignment of Mortgage to be recorded on the Stamford Land Records. See, Complaint, ¶ 4.

The complaint further alleges that Said Note is in default and the Plaintiff, US Bank National Association as Trustee as the holder of said Mortgage and Note has elected to accelerate the balance due on said Note, to declare said Note to be due in full and to foreclose the Mortgage securing said Note. See, Complaint, ¶ 5. The Plaintiff has provided written notice in accordance with the Note and Mortgage to the Defendant(s) of the default under the Note and Mortgage, but said Defendant(s) have failed and neglected to cure the default. The Plaintiff has elected to accelerate the balance due on said Note, to declare said Note to be due in full and to foreclose the Mortgage securing said Note. See, Complaint, ¶ 6.

After the filing of the complaint but prior to entry of judgment the assignment of mortgage was recorded on the land records dated November 19, 2008 and recorded December 29, 2008 in Volume 9501 at Page 222 of the Stamford Land Records. See, **Exhibit 1**.

Thereafter on January 12, 2009, this court entered judgment of foreclosure by reading into the record its review of the note, mortgage and assignments inclusive of each and every endorsement thereon. See, **Exhibit 2**, Transcript of January 12, 2009 (a sealed copy will be provided to the court at the time of the hearing on this matter).

Over the course of the next three years, the Plaintiff and Defendants filed various motions to open and extend and/or vacate judgment for the primary reason of review for loss mitigation options. Additionally, the Defendants engaged the use of counsel as of November 2010.

No challenges to the entry of judgment have been raised at any point until the objection to judgment was filed on or about July 20, 2012 by new counsel for the Defendants. Well after a default entered

**B.    LAW and ARGUMENT**

On July 23, 2012, this court ordered that two issues be addressed concerning this foreclosure action. First, is it necessary for the Plaintiff to pleading ownership status of the note? Second, can a note be endorsed via a power of attorney?

In response to the court's inquiry, the Plaintiff responds that there is no requirement that the Plaintiff plead ownership status and that the transfer of the note by way of an endorsement executed under a power of attorney is valid.

1. **The Defendants attempt to circumvent the fact that they were defaulted for failure to plead by setting forth ownership status be pled by the Plaintiff in order to obtain foreclosure**.

    a.      The Plaintiff has set forth a plain, concise and clear statement of the facts upon which to proceed.

As the Defendant set forth in the Brief in Further Support, Connecticut is a fact pleading state. See generally, Conn. Gen. St. §52-91.

> "[T]he interpretation of pleadings is always a question of law for the court . . . . Our review of the trial court's interpretation of the pleadings therefore is plenary." (Internal quotation marks omitted.) *Petitte v. DSL.net, Inc.,* 102 Conn. App. 363, 374, 925 A.2d 457 (2007). "Our general practice in this state is to require fact pleading only. . . . Practice Book § 10-1 requires only that each pleading contain a plain and concise statement of the material facts on which the pleader relies, but not of the evidence by which they are to be proved . . . ." (Citation omitted; internal quotation marks omitted.) *Florian v. Lenge,* 91 Conn. App. 268, 274, 880 A.2d 985 (2005). "*[T]he modern trend, which is followed in Connecticut, is to construe pleadings broadly and realistically, rather than narrowly and technically*." (Internal quotation marks omitted, emphasis added) *Federal Deposit Ins. Corp. v. Owen,* 88 Conn. App. 806, 813, 873 A.2d 1003, cert. denied, 275 Conn. 902, 882 A.2d 670 (2005).

See, *Reichenbach v. Kraska Enters., LLC*, 105 Conn. App. 461, 469-470 (2008). Further, Conn. Prac. Bk. § 10-31 provides that a plain and concise statement of the of the material facts.

In this instance, the Plaintiff has set forth a clear and concise statement of the facts, namely that the Defendants are in breach of the terms of a note, that the note is secured by a mortgage and that the Plaintiff seeks to foreclosure along with other potential remedies.

The Plaintiff set forth the following facts in the complaint: On July 21, 2006 the Defendant, Elizabeth P. Conrad executed and delivered a Note in the original principal amount of $460,000.00 to Mortgage Lenders Network USA, Inc.. See, Complaint, ¶ 3.  On said date to secure said Note the Defendant(s), Elizabeth P. Conrad and John W. Conrad, did execute and deliver to Mortgage Electronic Registration Systems, Inc. as Nominee for Mortgage Lenders Network USA, Inc., a Mortgage on the Property.  Said Mortgage was dated July 21, 2006 and recorded July 26, 2006 in Volume 8649 at Page 11 of the Stamford Land Records.  Said Mortgage was assigned to US Bank National Association as Trustee by virtue of an Assignment of Mortgage to be recorded on the Stamford Land Records[1]. See, Complaint, ¶ 4.

The complaint further alleges that Said Note is in default and the Plaintiff, US Bank National Association as Trustee as the holder of said Mortgage and Note has elected to accelerate the balance due on said Note, to declare said Note to be due in full and to foreclose the Mortgage securing said Note.  See, Complaint, ¶ 5. The Plaintiff has provided written notice in accordance with the Note and Mortgage to the Defendant(s) of the default under the Note and Mortgage, but said Defendant(s) have failed and neglected to cure the default.  The Plaintiff has elected to accelerate the balance due on said Note, to declare said Note to be due in full and to foreclose the Mortgage securing said Note. See, Complaint, ¶ 6.

---

[1] The Assignment of Mortgage was dated November 19, 2008 and recorded December 29, 2008 in Volume 9501 at Page 222 of the Stamford Land Records. **Exhibit 1.**

As such, the Plaintiff has made a plain, concise and clear statement of the facts in its complaint.

b.    <u>The Defendants claim that status of ownership must be pled, however, there is no such requirement.</u>

The Conrads in the Objection on pages 4-5, set forth that ownership must be plead. They make this statement assuming the Plaintiff is proceeding under Conn. Gen. St. § 49-17. The Defendants are keen on arguing that the *RMS Residential Properties v. Miller*, 303 Conn. 224 (2011) now mandates that the Plaintiff set forth that it the owner of the note in the complaint. However, the undersigned could not find such a mandate in the body of the case. Further, this court can take judicial notice of the complaint filed in *RMS*, a copy of which is attached as **Exhibit 3,** the complaint does not contain a statement concerning ownership.   The alleged requirement to plead ownership is not found in the *RMS* complaint nor did the Supreme Court indicate such a requirement.

Further, reliance on Conn. Gen. St. § 49-17 is misplaced.  The Defendants allege that a Plaintiff does not have standing to pursue a foreclosure action unless it is the owner of the debt and based upon *RMS*.  <u>See</u>, Objection and Brief in Further Support.  However, the holding in *RMS* is limited to foreclosure cases in which relief is sought pursuant to Connecticut General Statute §49-17.  This is apparent throughout the Court's decision.  First, the Court began its opinion by expressly stating, "[t]he principal issue in this appeal is whether <u>General Statutes</u>

6

§49-17 confers standing on a holder of a promissory note to foreclose a mortgage." *RMS,* 303

Conn. at 310-311. (Emphasis added.) The Court continued to limit its opinion in regards to

Conn. Gen. St. §49-17, by opining, "[w]hether §49-17 provides a holder of a note secured by a

mortgage with standing to bring a foreclosure action is an issue of first impression for this

court." *RMS,,* 303 Conn. at 313. Even the Court's analysis of the legislative history evaluates

the issue before it in terms of C.G.S. §49-17 ("Our legislature, by adopting §49-17, created a

statutory right for the rightful owner of a note to foreclose on real property ***regardless of***

***whether the mortgage has been assigned to him.*** *RMS,* 303 Conn. at 313 citing., *HSBC Bank*

*USA, N.A.* v. *Navin*, supra, 129 Conn. App. 711; *Chase Home Finance, LLC* v. *Fequiere*, 119

Conn. App. 570, 576–77, 989 A.2d 606, cert. denied, 295 Conn. 922, 991 A.2d 564 (2010);

*Bankers Trust Co. of California, N.A.* v. *Vaneck*, 95 Conn. App. 390, 391, 899 A.2d 41, cert.

denied, 279 Conn. 908, 901 A.2d 1225 (2006); *Fleet National Bank* v. *Nazareth*, 75 Conn. App.

791, 795, 818 A.2d 69 (2003)). The *RMS* court did not overturn any of the above cases in its

decision and in fact cites to them.

Recently, the Appellate Court discussed the disconnect between *RMS'* supposed

requirement of ownership and the fact that foreclosure actions are often brought in a

representative capacity for the owner of the debt. See *Kennedy Funding, Inc. v. Greenwich*

*Landing, LLC*, 135 Conn. App. 58 (2012). In *Kennedy Funding*, the defendants appealed the

entry of judgment of strict foreclosure due to lack of standing. Specifically, the Defendants

claimed that because Kennedy Funding, Inc. did not own the debt at the time the action was

commenced it could not foreclose. However, the Appellate Court held that where "the

principals designated the plaintiff as the payee and holder of a negotiable promissory note...the

principals unequivocally manifested their intention to authorize the plaintiff to exercise the

rights that the law of negotiable instruments confers on the holder of a negotiable promissory

note. See *RMS Residential Properties, LLC v. Miller*, supra, 303 Conn. at 230–31." *Id.* The

Appellate Court in *Kennedy* went on to conclude that:

> "[A]lthough described as an agent, the plaintiff had the authority to
> enforce the defendants' promissory note and the mortgage that was the
> security for that note. In light of *RMS Residential Properties, LLC v.
> Miller*, supra, 303 Conn. 224, the court's other conclusions of law are
> equally unassailable...[and] the judgment is affirmed." *Id.*

Therefore, despite the fact that the plaintiff in *Kennedy* was not the owner of the debt,

the Court held that the endorsements on the Note and the fact that plaintiff was the holder of the

instrument conferred upon it standing to pursue the foreclosure action.

*Chase Home Finance, LLC v. Fequiere*, 119 Conn. App. 570 (2010), provides another

example of the issue of holder and ownership of the debt and was cited by the *RMS* court. The

Appellate Court held that a Trustee had standing to foreclose because it was the holder of the

note as defined by the Uniform Commercial Code. <u>See also</u>, *Fleet National Bank v. Nazareth,* 75 Conn. App. 791, 794-95 (2003).

Additionally, the impact of *RMS* was reviewed by the trial court in *HSBC Bank USA v. Fequiere,* 2012 Conn. Super. LEXIS 1169 (Conn. Super. Ct. May 3, 2012)(**Exhibit 4**).  Therein, the court considered the effect of the holding in *RMS* on the provisions of the Uniform Commercial Code as codified in Connecticut General Statutes § 42a-3-301 and a trustee's standing to foreclose where it is not the owner of the debt. <u>See</u> *HSBC Bank USA v. Fequiere,* 2012 Conn. Super. LEXIS 1169, *1, *9-*18.  The court held that "[u]nless *Chase Home Finance, LLC,* is considered to have been overruled by *Miller*…a trustee has standing to foreclose a mortgage note." 2012 Conn. Super. LEXIS 1169 at *17.

Interestingly, the Defendants attempt to claim that the presumption of ownership requires that the Plaintiff plead its status as owner, however, nothing in case law sets forth such a requirement exists in order to proceed to foreclosure.

      c.         <u>The Defendants seek to require the status of ownership to be plead in order to determine or limit the election of remedies.</u>

The Defendants on pages 5-7 of the Brief in Further Support claim that the status of ownership is a necessary requirement in order to limit the remedy available to the Plaintiff.  In

doing so, the Defendants claim that the Plaintiff is limited to an action on the note based on one

available remedy for the breach as set forth in the prayer for relief.

The Defendants cites to the *New England Savings Bank v. Bedford Realty*, 238 Conn.

745 (1996) case in support of this position.  However, *Bedford Realty* foresees the ability of the

Plaintiff to elect its remedy and clearly states that the Plaintiff can pursue both the note and

foreclosure.

> It is well established [however] that the [mortgagee] is entitled to pursue its remedy at
> law on the notes, or to pursue its remedy in equity upon the mortgage, or to pursue both.
> A note and a mortgage given to secure it are separate instruments, executed for different
> purposes and in this State action for foreclosure of the mortgage and upon the note are
> regarded and treated, in practice, as separate and distinct causes of action, although both
> may be pursued in a foreclosure suit." (Internal quotation marks omitted.) *Hartford
> National Bank & Trust Co. v. Kotkin*, 185 Conn. 579, 581, 441 A.2d 593 (1981); see also
> *First Bank v. Simpson*, 199 Conn. 368, 372, 507 A.2d 997 (1986).

See, *Bedford Realty*, 238 Conn. at 759.

The election of a remedy is solely at the discretion of the Plaintiff not the Defendant.  If

the court orders a foreclosure based on the status of the Plaintiff as the holder of the note and

mortgagee, a deficiency judgment may enter based upon debt if the value of the property is

below the amount of the debt.  Alternatively, the Plaintiff can proceed solely on the note if a

determination as to the value of the property does not protect its interest and still foreclose on

the property if the action on the note is insufficient to satisfy the debt.  In this instance, the

Plaintiff is the holder of the note specifically endorsed to it and the mortgagee.

Our cases establish the principle that, in real estate mortgage law, "the plaintiff is entitled to pursue its remedy at law on the notes, or to pursue its remedy in equity upon the mortgage, or to pursue both. A note and a mortgage given to secure it are separate instruments, executed for different purposes and in this state action for foreclosure of the mortgage and upon the note are regarded and treated, in practice, as separate and distinct causes of action, although both may be pursued in a foreclosure suit. *Mechanics' Bank v. Johnson*, 104 Conn. 696, 701, [134 A. 231 (1926)];  *German v. Gallo*, 100 Conn. 708, 711, [124 A. 837 (1924)]; *Staples v. Hendrick*, 89 Conn. 100, [93 A. 5 (1915)]. *Atlas Realty Corporation v. House*, 120 Conn. 661, 670, 183 A. 9 [1936]; *New Haven Savings Bank v. Warner*, 128 Conn. 662, 666, 25 A.2d 50 [1942]. If, by an action solely on the note, the owner secures full payment on the debt, his right to enforce the mortgage is gone, or, if he secures payment in part, he can enforce the mortgage only to secure the payment of the balance. *New Haven Savings Bank v. Warner*, [supra, 466]. Where such a procedure is followed, the extent of the recovery, however, should not in any event exceed the amount of the debt. [Id.] *Little v. United Investors Corporation*, 157 Conn. 44, 48, 245 A.2d 567 (1968)." (Internal quotation marks omitted.) *Hartford National Bank & Trust Co. v. Kotkin,* 185 Conn. 579, 581-82, 441 A.2d 593 (1981).

See, *Wendell Corp. Trustee v. Thurston*, 239 Conn. 109, 116-117 (Conn. 1996).

The Defendants attempt to limit this matter to a collection on the note is improper and is contradicted by Connecticut case law.  Therefore, in an action for foreclosure in which the Plaintiff has not prayed for relief pursuant to C.G.S. §49-17, the Plaintiff need not be the owner of the note in order to establish standing.

**2.    The Power of Attorney is Valid and the Note can be transferred.**

Within the claim by the defendants that the note was improperly transferred, they attempt to point out several alleged deficiencies.  First, the court had the wrong note at the time

of the initial judgment in January 2009. Next, they claim that the note cannot be transferred by way of a power of attorney. Finally and in the alternative, the Defendants claim that the endorsement to Residential Funding Company, LLC does not meet the requirements of the power of attorney due to the language contained within the power of attorney limits the transfer from Residential Funding Corporation to Residential Funding Corporation. Each of these arguments will be address below.

First, the Defendants claim that the note presented to the court at the time judgment entered was not correct because it did not include all the endorsements. In support of this claim, the Defendants set forth that the copy provided to the court was in correct and does not show the Plaintiff had standing. See, Brief in Further on Support, p. 10. Interestingly, the Defendants do not appear to have either requested or reviewed the transcript of the January 12, 2009 hearing on the motion for judgment. As a result, they appear to assert that this court (Mintz, J) entered judgment on incorrectly.

The transcript from the hearing occurring on January 12, 2009 will reveal that the original note inclusive of all endorsements was reviewed by this court and read into the record as is it this court's general practice to do so. See, **Exhibit 2**.

> The Court will note the ***Mortgage Lenders, Inc., endorsed the note to E-Max Financial Group, LLC***, by an (4:00:54 in audible) to the note. E-Max Financial Group, LLC endorsed the note to Residential Funding Company, LLC. Residential Funding

Company, LLC endorsed the note to US Bank National Association as Trustee, which is the plaintiff here.

The Court'll find the papers are in order. The Court will hand bank the ***original note***, mortgage deed, copy of the assignment and transmittal letter of the assignment to the plaintiff.

See, **Exhibit 2**, p. 2. (emphasis added).

Clearly from the court transcript, this court had the original note in its possession when the January 12, 2009 hearing occurred and was not presented with the original note for the first time 43 months after judgment entered. Counsel argues the presumption issue raised in *RMS* requires ownership status to be pled. However, in this instance and unlike *RMS*, the note is special endorsed under Conn. Gen. St. § 42a-3-205 rather than an endorsement in blank.

Next, the Defendants challenge whether the note can be endorsed via a power of attorney. See, Brief in Further Support, p. 10. "We begin by noting the general rule that 'unless a statute provides to the contrary . . . principals may act through agents . . . and may appoint agents by written or spoken words or other conduct.' " *Rich-Taubman Associates v. Commissioner of Revenue Services,* 236 Conn. 613, 619, 674 A.2d 805 (1996). The Defendants cite to several provisions of Article 3 of the UCC but fail to review the specific provision which allows for the execution of documents via representative capacity.

Conn. Gen. St. § 42a-3-402 specifically allows for parties in a representative capacity to execute documents provided such information is clear and unambiguous that the document is executed by a party acting in a representative capacity.

Herein, the note is endorsed from EMAX Financial Group, LLC endorsed the note to Residential Funding Company, LLC and the signatory block clearly states Residential Funding Corporation as Attorney in Fact for EMAX Financial Group, LLC.

In *US Bank Nat'l Ass'n v. Gregory*, 2009 Conn. Super. LEXIS 927 (Judicial District of Tolland at Rockville)(April 6, 2009)(Sferrazza, J.)(**Exhibit 5**), the court was presented with a similar issue as raised here. Therein the defendants asserted that only a corporate officer or member of a company can validly endorse a mortgage note. As in this case, the defendants in *Gregory* pointed to no statutory provision, case law, or contract clause supporting their position.

"To the contrary, General Statutes §42a-3-402, permits authorized representatives generally to sign instruments on behalf of the party whom they represent." <u>See</u>, *Gregory* 2009 Conn Super. LEXIS 927, *1, *6. The court also noted that Conn. Gen. St. § 42a-3-308(a) that the endorsements on a note are deemed valid and the endorsers had the authority to act. "As noted above under §42a-3-308(a), these endorsers are presumed to possess that authority." <u>See</u>, *Id.* (<u>citing</u>, *Cadle Company v. Ginsburg*, 51 Conn.App. 392, 406-07, 721 A.2d 1246 (1998)). Therefore the *Gregory* court held that authorized persons other than corporate officers or

members of a company may properly endorse mortgage notes.  See also, *Central Bank v. Frederick Curtis and Another*, 26 Conn. 533, 540(1857)(ruling, a note transferred by way of a power of attorney is sufficient) and *Deutsche Bank Nat'l Trust Co. v. Shivers*, 52 Conn. Supp. 358, Affirmed by, Adopted by *Deutsche Bank Nat'l Trust Co. v. Shivers*, 136 Conn. App. 291, 2012 Conn. App. LEXIS 286 (Conn. App. Ct., June 1, 2012) (holding, the endorsements on a note are deemed valid and admitted unless specifically denied in the pleadings).

Additionally, Conn. Gen. St. § 42a-3-403 provides an avenue for EMAX to protect its interests in the event of an unauthorized signature.  In this instance, the note has one endorsement in a series thereof that contains a signature in a representative capacity.  There is no action that the undersigned is aware of wherein EMAX is challenging the endorsement on the note.

Finally, the Defendants claim even if the power of attorney is deemed sufficient then Residential Funding, LLC is wrong entity for the note to be endorsed to by Residential Funding Corporation.  It is not up to the Defendants to raise such a claim and they may not have standing to challenge the endorsement.  *Deutsche Bank Nat'l Trust Co. v. Shivers*, 52 Conn. Supp. 358, Affirmed by, Adopted by *Deutsche Bank Nat'l Trust Co. v. Shivers*, 136 Conn. App. 291, 2012 Conn. App. LEXIS 286 (Conn. App. Ct., June 1, 2012) see also, Conn. Gen. St. §42a-3-403.

However, for sake of argument and expediency of the court, Residential Funding Corporation changed its name to Residential Funding, LLC [2].  <u>See</u>, **Exhibit 6.**   Additionally, the court can take judicial notice of court filings reflecting the name change.  <u>See</u>, **Exhibit 7**, Voluntary Petition for Chapter 11 Bankruptcy, p. 1, Docket No. 12-12019-mg Residential Funding Company, LLC, Southern District of New York.

Wherefore, the original note was properly presented to the court at the time of judgment and the power of attorney authorized the endorsements on the note to Residential Funding Company, LLC.

---

2  This court can take judicial notice of governmental documents.   Whether to take judicial notice of a fact is a function of the exercise of judicial discretion. *West Hartford* v. *Freedom of Information Commission,* 218 Conn. 256, 264, 588 A.2d 1368(1991); *De Luca* v. *Park Commissioners,* 94 Conn. 7, 10, 107 A. 611 (1919) "There are two types of facts considered suitable for the taking of judicial notice: those which are 'common knowledge' and those which are 'capable of accurate and ready demonstration.' McCormick, Evidence (2d Ed.) § 330, p. 763. Courts must have some discretion in determining what facts fit into these categories. It may be appropriate to save time by judicially noticing borderline facts, so long as the parties are given an opportunity to be heard." *Moore v. Moore,* 173 Conn. 120, 123, 376 A.2d 1085 (1977).  The name change information recorded were the entity in corporated is "public information of which judicial notice may be taken." (Citation omitted.)  *Conboy v. State,* 292 Conn. 642, 652, 974 A.2d 669 (2009).

## C.    CONCLUSION

**Wherefore,** the Plaintiff seeks this court to grant its motion for judgment.

Plaintiff

By_____

Christopher J. Picard
Hunt Leibert Jacobson, P.C.
Its Attorneys
50 Weston Street
Hartford, Ct. 06120
(860) 808-0606
Juris No. 101589

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been mailed, postage prepaid, by first

class mail on August 17, 2012 to the following:

Elizabeth P. Conrad, Pro Se
58 Weed Hill Avenue
Stamford, CT 06907

John W. Conrad, Pro Se
58 Weed Hill Avenue
Stamford, CT 06907

Cohen & Acampora
8 Frontage Road
East Haven, CT  06512

U. S. Attorney
District of Connecticut
157 Church Street , 23 Floor
New Haven , CT 06510

David J. Marantz, Committee
60 Long Ridge Road, Suite 200
Stamford,  CT 06902

Begos Horgan & Brown LLP
2425 Post Road
Suite 205
Southport, CT 06890

_____
Christopher J. Picard
Attorney for the Plaintiff

EXHIBIT 1

Hunt Leibert Jacobson, P.C.
ATTORNEYS AT LAW
50 Weston Street
Hartford, Connecticut 06120

BLK 344

## ASSIGNMENT OF MORTGAGE

POOL NUMBER_____

KNOW YE THAT **Mortgage Electronic Registration Systems, Inc. as Nominee for Mortgage Lenders Network USA, Inc.,** ("Assignor"), having an office and place of business at 3300 SW 34th Avenue, Suite 101, Ocala FL 34474 for the consideration of One Dollar and other valuable considerations, does hereby assign to **US Bank National A sociation as Trustee** ,having an address of cc/o America's Servicing Company for Norwest Home Improvement, 3476 State View, Ft. Mill, SC 29715, its successors, and assigns forever, all the right, title, interest, claim, and demand whatsoever as the said Assignor has or ought to have in or to a certain mortgage from Elizabeth P. Conrad and John W. Conrad to Mortgage Electronic Registration Systems, Inc. as Nominee for Mortgage Lenders Network USA, Inc. dated July 21, 2006 and recorded on July 26, 2006 in Volume 8649 at Page 11 of the Stamford Land Records in or to the property described in said mortgage deed situated in the Town of Stamford, County of Fairfield and State of Connecticut, without warranty or representation by, or recourse to, said Assignor.

TO HAVE AND TO HOLD the premises, with all the appurtenances, unto the said Assignee, its successors and assigns forever, so that neither the Assignor nor its successors, nor any other person under it or them shall hereafter have any claim, right or title in or to the premises, or any part thereof; but therefrom it is and they are by these presents forever barred and secluded.

IN WITNESS WHEREOF, on the 19th day of November, 2008, said corporation has caused this deed to be executed and delivered, and its corporate seal to be hereto affixed in its behalf by Valerie A. Finney, who is duly authorized and empowered.

Signed, sealed and delivered
In the presence of:

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC. AS
NOMINEE FOR MORTGAGE
LENDERS NETWORK USA, INC.

_____
Marc Zelaski

By _____
     Valerie A. Finney

_____
Sarah A. Kalmanovsky

Its  Assistant Secretary and Vice President

STATE OF CONNECTICUT                          :
                                                                      : ss. HARTFORD
COUNTY OF HARTFORD                            :

On this   19th      day of November 2008, before me personally came Valerie A. Finney to me known, who being by me duly sworn, did depose and say that he/she is an Assistant Secretary and Vice President of MERS, which executed the above instrument: that he/she knows the seal of said corporation: that the seal affixed to said instrument is such corporate seal, that it was so affixed by order of the Board of Directors of said corporation, and that he/she signed his/her name thereto by means of electronic process by like order acknowledged.

_____
Notary Public Sarah A. Kalmanovsky
My Commission Expires: 11/30/2012

**PROPERTY:**
58 Weed Hill Avenue
Stamford, CT 06907
Conrad, Elizabeth P. & Conrad, John W.
File 03349-02255

INSTR # 2008022640  VOL 09501 PG 0222 REC'D 12/26/2008 09:18:17 AM
DONNA M. LOGLISCI CITY & TOWN CLERK STAMFORD CT
BLOCK 344



EXHIBIT 2

```
FST CV 08 5008432 S              :   SUPERIOR COURT

US BANK NATIONAL AS TRUSTEE      :   JUDICIAL DISTRICT

VS.                              :   STAMFORD/NORWALK

ELIZABETH CONRAD, ET AL          :   JANUARY 12, 2009
```

BEFORE THE HONORABLE DOUGLAS MINTZ, JUDGE

A P P E A R A N C E S :

    Representing the Plaintiff:

        ATTORNEY CHRISTOPHER J. PICARD
        Hunt Leibert
        50 Weston Street
        Hartford, Connecticut 06416

                        Recorded By:
                        Vanessa Fjelldal

                        Transcribed by:
                        Carrie Parker
                        Court Recording Monitor
                        123 Hoyt Street
                        Stamford, Connecticut 06905

1    THE COURT:  57.  US Bank National versus Conrad.

2    ATTY. PICARD:  Ready, Your Honor.

3    (Other matters were heard.)

4    THE COURT:  Okay, Attorney Picard, is your next

5    one number 57?

6    ATTY. PICARD:  Yes, Your Honor, it is.

7    THE COURT:  US Bank National versus Conrad.  How

8    did you let the self-represented person know that you

9    were going forward today?  Elizabeth Conrad and John

10   Conrad.

11   ATTY. PICARD:  By way of letter dated January 7.

12   Notified the IRS by way of telephone call on the same

13   day.

14   THE COURT:  Say that again.  I'm sorry.

15   ATTY. PICARD:  Notified the IRS by telephone

16   call.

17   THE COURT:  What about the Conrads?

18   ATTY. PICARD:  By way of letter.

19   THE COURT:  When did you send that?

20   ATTY. PICARD:  January 7th.

21   THE COURT:  Okay.  The Court will note that a

22   default for failure to plead was granted on January

23   8th against Elizabeth T. and John W. Conrad.

24   The Court'll grant the motion for default for

25   failure to -- well, let me -- failure to disclose a

26   defense -- number 109 against the United States of

27   America IRS.

1        I'm looking for the final mediator's report.

2        Oh, it says mediation time period expired.

3        Okay, you may approach.

4        ATTY. PICARD:  I believe they didn't show up to

5    the second session.

6        THE COURT:  Okay.

7        The Court'll find compliance with Public Act 08

8    176.  The Court'll the original lender was Mortgage

9    Lenders Network USA, Inc. with an initial interest

10    rate 8.76 percent, which could have changed in August

11    of last year.

12        The Court will note the Mortgage Lenders, Inc.,

13    endorsed the note to E-Max Financial Group, LLC by an

14    (4:00:54 inaudible) to the note.  E-Max Financial

15    Group, LLC endorsed the note to Residential Funding

16    Company, LLC.  Residential Funding Company, LLC

17    endorsed the note to US Bank National Association as

18    Trustee, which is the plaintiff here.

19        The Court'll find the papers are in order.  The

20    Court will hand back the original note, mortgage

21    deed, copy of the assignment and transmittal letter

22    of the assignment to the plaintiff.

23        The plaintiff here is US Bank National --

24        ATTY. PICARD:  Yes.

25        THE COURT: -- Association as Trustee.  I've got

26    an affidavit of debt that says, Authorized as

27    assistant secretary on behalf of America Servicing

1    Company from Norwest Home Improvement.  Then it says

2    Wells Fargo Bank NA Attorney in fact, Sean Nicks

3    (Phonetic) assistant secretary.

4        ATTY. PICARD:  ASC is a division of Wells Fargo,

5    and they're the card servicer of the note.

6        THE COURT:  Okay.  Thank you.

7        All right.  The Court'll find the debt to

8    $498,114.73.  Oh, IRS is involved in this.

9        ATTY. PICARD:  Yes, Your Honor.

10       THE COURT:  The Court'll find the fair market

11   value of the property to be $540,000, award a

12   ~~reasonable appraiser's fee of $335, title search fee~~

13   of $225, attorney's fees of $2,100.

14       The Court will enter a judgment of foreclosure

15   by sale with a sale date of March 28, 2009.

16   Subsequent -- strike that.

17       Okay.  Did I hit everything?

18       ATTY. PICARD:  Yes, Your Honor.

19       THE COURT:  Okay.

20           *                  *                  *

21

```
FST CV 08 5008432 S              :   SUPERIOR COURT

US BANK NATIONAL AS TRUSTEE      :   JUDICIAL DISTRICT

VS.                              :   STAMFORD/NORWALK

ELIZABETH CONRAD, ET AL          :   JANUARY 12, 2009
```

C E R T I F I C A T I O N

    I hereby certify the foregoing pages are a true and correct transcription of the audio recording of the above-referenced case, heard in Superior Court, Judicial District of Stamford, Connecticut, before the Honorable Douglas Mintz on the 12th day of January 2009.

    Dated this 8th day of August, 2012 in Stamford. Connecticut.

Carrie Parker
Court Recording Monitor

EXHIBIT 3

 

**FORECLOSURE MEDIATION**
**NOTICE TO HOMEOWNER**
JD-CV-94 New 6-08
P.A. 08-176

STATE OF CONNECTICUT
SUPERIOR COURT
JUDICIAL BRANCH
*www.jud.ct.gov*

NOFM

## Notice to Homeowner: Availability of Foreclosure Mediation

You have been served with a foreclosure complaint that could cause you to lose your property.

A **Foreclosure Mediation Program** has been set up to assist homeowners.

You can use the program if:

- you are the owner-occupant of a **one-to-four family residential** property;

- you are the **borrower**;

- the **mortgage** on your owner-occupied residential property is being **foreclosed**;

- the property being foreclosed is your **primary residence**;

- the property is located in **Connecticut**; and

- the foreclosure action has a **return date on or after July 1, 2008**

Mediation is a process by which a neutral mediator assists parties in reaching a voluntary negotiated agreement to resolve their dispute.

To participate in the Foreclosure Mediation Program, you must complete the attached **Foreclosure Mediation Request form, JD-CV-93**, and file it with the court. You must also fill out and file an **Appearance form, JD-CL-12**, which you may get at any Judicial District courthouse or from the Judicial Branch website at *www.jud.ct.gov*.

Judicial Branch mediators will conduct mediation sessions at the courthouse.

**There is no application fee for this program.**




**FORECLOSURE MEDIATION REQUEST**
JD-CV-93 New 6-08
P.A. 08-176

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
**JUDICIAL BRANCH**
*www.jud.ct.gov*

FMREQ

### Instructions to Homeowner Applicant

If you want to use the Foreclosure Mediation Program:

Fill out this Request form and an Appearance form, JD-CL-12 (available at the courthouse or online at www.jud.ct.gov), and file them with the court not more than 15 days after the return date on the Summons.

**If you were served with this Foreclosure Mediation Request form after you were served the Summons,** you may file this Request and the Appearance form not more than 15 days after this Foreclosure Mediation Request form was served on you.

### Type or Print Legibly

Name of Case *(Plaintiff on Summons vs. Defendant on Summons)*

Return Date *(On upper right portion of Summons)* | Judicial District of *(On upper left portion of Summons)*

**Homeowner(s) Information**

Your Name(s)

Address *(Number, street, town, state, zip code)*

Telephone Number ( ) | Business Phone ( ) | Cell Phone ( )

| | | | | |
|---|---|---|---|---|
| Is this property your primary residence? | ☐ Yes | ☐ No | | |
| Is it a one-to-four family residential property located in Connecticut? | ☐ Yes | ☐ No | | If you answered "No" to any of these questions, please do not submit this Request as you do not qualify for the Foreclosure Mediation Program. |
| Are you the borrower? | ☐ Yes | ☐ No | | |
| Is this a mortgage foreclosure? | ☐ Yes | ☐ No | | |

I request foreclosure mediation in my case:

Signed | Print Name of Person Signing | Date Signed

I certify that a copy of this Request was mailed or delivered to all counsel and self-represented *(pro se)* parties of record on

*(Date mailed or delivered):* _____

Signed *(Attorney or self-represented party)* | Print Name of Person Signing | Telephone Number

Address *(Number, street, town, state, zip code)*

Name of each party served and address at which service was made *(All **Plaintiffs** and all other **Defendants** on Summons)**

| Name *(Each party served)* | Address *(Where party was served)* |
|---|---|
| | |
| | |
| | |
| | |

*If necessary, attach additional sheet with name of each party served and the address at which service was made.

| | | |
|---|---|---|
| **RETURN DATE: SEPTEMBER 23, 2008** | : | **SUPERIOR COURT** |
| **RMS RESIDENTIAL PROPERTIES LLC** | : | **JUDICIAL DISTRICT OF NEW HAVEN** |
| **VS:** | : | **AT NEW HAVEN** |
| | : | |
| **ANNA M. MILLER A/K/A ANNA K. MILLER, ET. AL** | : | **SEPTEMBER 09, 2008** |

## <u>COMPLAINT</u>

1.      The Plaintiff, RMS Residential Properties LLC has an office and place of business with an address of 8742 Lucent Boulevard, Suite 300, Highlands Ranch, CO 80129.

2.      At all times complained of herein, the Defendant(s), Anna M. Miller a/k/a Anna K. Miller, owned real property situated in the Town of Madison, County of New Haven and State of Connecticut known as 132 Overshore Drive,  (hereinafter the "Property") being more particularly described in Schedule A attached hereto and made a part hereof.

3.      On or about November 21, 2003, the Defendant(s), Anna M. Miller a/k/a Anna K. Miller, executed and delivered to Finance America, LLC, a Note (the "Note") for a loan in the original principal amount of $637,500.00.

4.      On said date to secure said Note the Defendant(s), Anna M. Miller a/k/a Anna K. Miller, did execute and deliver to Mortgage Electronic Registration Systems, Inc. as Nominee for Finance America, LLC, a Mortgage on the Property.  Said Mortgage was dated November 21, 2003 and recorded December 02, 2003 in Volume 1250 at Page 139 of the Madison Land Records. Said Mortgage was thereafter assigned by Mortgage Electronic Registration Systems, Inc. as Nominee for Finance America, LLC to RMS Residential Properties LLC by Assignment of Mortgage dated December 19, 2007 and recorded December 26, 2007 in Volume 1544 at Page 92 of the Madison Land Records.  The Plaintiff, RMS Residential Properties LLC, is the holder of said Note and Mortgage.

03697-00173

HUNT LEIBERT JACOBSON, P.C. ● ATTORNEYS AT LAW
50 WESTON STREET  ●  HARTFORD, CONNECTICUT 06120  ●  (860) 808-0606  ●  JURIS NO. 101589



5.      Said Note is in default and the Plaintiff, RMS Residential Properties LLC as the holder of said Mortgage and Note has elected to accelerate the balance due on said Note, to declare said Note to be due in full and to foreclose the Mortgage securing said Note.

6.      The Plaintiff has provided written notice in accordance with the Note and Mortgage to the Defendant(s) of the default under the Note and Mortgage, but said Defendant(s) has failed and neglected to cure the default. The Plaintiff has elected to accelerate the balance due on said Note, to declare said Note to be due in full and to foreclose the Mortgage securing said Note.

7.      The following liens or encumbrances claim to have an interest in the Property which liens or encumbrances are prior in right to the Mortgage herein:

a.      The Town/City of Madison may claim an interest in the Property by virtue of inchoate liens for real estate taxes on the Grand Lists of October 1, 2002 and thereafter.

8.      The following liens or encumbrances claim to have an interest in the Property which liens or encumbrances are subsequent in right to the Mortgage herein:

a.      The Defendant, Citibank South Dakota, N.A. claims an interest in the Property by virtue of a Judgment Lien in the amount of $11,315.35 dated November 29, 2005 and recorded on December 01, 2005 in Volume 1416 at Page 294 of the Madison Land Records.

b.      The Defendant, United States of America, Internal Revenue Services, claims an interest in the Property by virtue of a Federal Tax Lien filed by United States of America, Internal Revenue Service in the amount of $3,803.17 dated July 28, 2006 and recorded on August 07, 2006 in Volume 1460 at Page 169 of the Madison Land Records. Said Lien was filed against Anna M. Miller a/k/a Anna K. Miller, Identifying Number XXX-XX-XXXX whose address is shown as 132 Overshore Drive, Madison, CT 06443 for Form 668YC assessed on July 26, 2004 for the period ending August 25, 2014.

9.      The Defendant(s) Anna M. Miller a/k/a Anna K. Miller, is the owner of the equity of redemption of the Property and, on information and belief, is in possession of the Property.

03697-00173

HUNT LEIBERT JACOBSON, P.C.  ●  ATTORNEYS AT LAW
50 WESTON STREET   ●   HARTFORD, CONNECTICUT 06120   ●   (860) 808-0606   ●   JURIS NO. 101589

10.    The Plaintiff, RMS Residential Properties LLC, has further caused a Lis Pendens to be recorded on the Land Records of the Town of Madison.  A copy of said Lis Pendens is attached hereto as Exhibit A.

11.    The Plaintiff, RMS Residential Properties LLC, has further caused a notice to be given to the Defendant(s), Anna M. Miller a/k/a Anna K. Miller, of her rights pursuant to the Statutes pertaining to unemployment and underemployment by annexing to this Writ, Summons and Complaint a copy of the notice provided for in said Statute.

03697-00173

HUNT LEIBERT JACOBSON, P.C. ● ATTORNEYS AT LAW
50 WESTON STREET ● HARTFORD, CONNECTICUT 06120 ● (860) 808-0606 ● JURIS NO. 101589

# SCHEDULE A
# DESCRIPTION

Two certain pieces or parcels of land with all the buildings and improvements thereon, situated in the Town of Madison, County of New Haven and State of Connecticut, known and designated as Lots #87 and #88 on a map or plan of lots entitled "OVERSHORE at MADISON, CONN, Plotted by Stanley M. Smith, Scale 1" = 50' August 1928 - J.H.F. Clark, Madison, Conn., Graham Pollon Essex, Conn., Civil Engineers and Surveyors" on file in the Madison Town Clerk's Office as Map #197.

Lot #87 is more particularly bounded as follows:

EASTERLY:        by East Drive, as shown on said Map, 50 feet;

SOUTHERLY:       by Lot #88, as shown on said Map, 100 feet;

WESTERLY:        by Overshore Walk, also known as Central Walk;
                 so called, as shown on said Map 50 feet;

NORTHERLY:       by Lot #86, as shown on said Map 100 feet

Lot #88 is more particularly bounded as follows:

EASTERLY:        by East Drive as shown on said map, 50 feet;

SOUTHERLY:       by Lot #89, as shown on said map, 100 feet;

WESTERLY:        by Overshore Walk, also known as Central Walk;
                 so-called, as shown on said map, 50 feet;

NORTHERLY:       by Lot #87, as shown on said map, 100 feet.

Together with rights of way as shown and privileges as set forth in a deed dated January 11, 1932, recorded in Volume 54 at Page 225 of the Madison Land Records and in a second deed dated October 22, 1936, recorded in Volume 60 at Page 200 of the Madison Land Records.

«Our_File_»

HUNT LEIBERT JACOBSON, P.C.  ●  ATTORNEYS AT LAW
50 WESTON STREET  ●  HARTFORD, CONNECTICUT 06120  ●  (860) 808-0606  ●  JURIS NO. 101589

WHEREFORE, the plaintiff claims:

1. Foreclosure of the Mortgage;
2. Possession of the Property;
3. Money damages against the makers of, or obligors on, the Note described herein and/or their Estates, if deceased, (unless same has been precluded by virtue of a Bankruptcy filing);
4. A reasonable attorney's fee (unless same has been precluded by virtue of a Bankruptcy filing);
5. Interest (unless same has been precluded by virtue of a Bankruptcy filing);
6. Costs of suit (unless same has been precluded by virtue of a Bankruptcy filing);
7. Deficiency Judgment against the makers of, or obligors on, the Note described herein, and/or their Estate, if deceased (unless same has been precluded by virtue of a Bankruptcy filing); and
8. Such other and further relief as the Court may deem just and equitable.

Notice is hereby given to the Defendant(s) that the Plaintiff intends to seek satisfaction of any judgment rendered in its favor in this action out of any debt accruing to said Defendant(s) by reason of their personal services, (unless same has been precluded by virtue of a Bankruptcy filing).

Dated at Hartford, Connecticut on September 09, 2008.

Plaintiff

By_____

Michele Sensale, Esq.
Hunt Leibert Jacobson, P.C.
Its Attorneys

03697-00173

| | | |
|---|---|---|
| **RETURN DATE: SEPTEMBER 23, 2008** | : | **SUPERIOR COURT** |
| **RMS RESIDENTIAL PROPERTIES LLC** | : | **JUDICIAL DISTRICT OF NEW HAVEN** |
| **VS:** | : | **AT NEW HAVEN** |
| | : | |
| **ANNA M. MILLER A/K/A ANNA K. MILLER, ET. AL** | : | **SEPTEMBER 09, 2008** |

## STATEMENT OF AMOUNT IN DEMAND

The amount, legal interest, or property in demand is not less than $15,000.00, exclusive of interest and costs.

Plaintiff

By_____

Michele Sensale, Esq.
Hunt Leibert Jacobson, P.C.
Its Attorneys

03697-00173

| | | |
|---|---|---|
| RETURN DATE: SEPTEMBER 23, 2008 | : | SUPERIOR COURT |
| RMS RESIDENTIAL PROPERTIES LLC | : | JUDICIAL DISTRICT OF NEW HAVEN |
| VS: | : | AT NEW HAVEN |
| | : | |
| ANNA M. MILLER A/K/A ANNA K. MILLER, ET. AL | : | SEPTEMBER 09, 2008 |

## NOTICE TO HOMEOWNER

If you are a homeowner, under the terms of Conn. Gen. Stat. Section 49-31d, et seq., you are hereby given notice that under those statutes, if you are UNEMPLOYED or UNDER-EMPLOYED you may make application to the Court to which this matter is returnable for relief from foreclosure.  You may qualify for relief under those statutes if:

YOU ARE UNEMPLOYED OR UNDER-EMPLOYED, HAVE (FOR A CONTINUOUS PERIOD OF AT LEAST TWO YEARS PRIOR TO THE COMMENCEMENT OF THIS FORECLOSURE ACTION) OWNED AND OCCUPIED THE PROPERTY BEING FORECLOSED AS YOUR PRINCIPAL RESIDENCE AND HAVE NOT RECEIVED AN EMERGENCY MORTGAGE ASSISTANCE LOAN AND HAVE NOT APPLIED FOR EMERGENCY MORTGAGE ASSISTANCE FOR TWO YEARS BEFORE THE APPLICATION UNDER P.A. 93-414.  YOU MAY BE ENTITLED TO CERTAIN RELIEF UNDER THESE STATUTES.  YOU SHOULD CONSULT AN ATTORNEY TO DETERMINE YOUR RIGHTS UNDER THOSE STATUTES.

In order to qualify for relief under those statutes, you must make application for protection from foreclosure within 25 DAYS of the return date.

03697-00173

HUNT LEIBERT JACOBSON, P.C. ● ATTORNEYS AT LAW
50 WESTON STREET   ●   HARTFORD, CONNECTICUT 06120   ●   (860) 808-0606   ●   JURIS NO. 101589



# EXHIBIT A

| | | |
|---|---|---|
| RETURN DATE: SEPTEMBER 23, 2008 | : | SUPERIOR COURT |
| RMS RESIDENTIAL PROPERTIES LLC | : | JUDICIAL DISTRICT OF NEW HAVEN |
| VS: | : | AT NEW HAVEN |
| | : | |
| ANNA M. MILLER A/K/A ANNA K. MILLER, ET. AL | : | SEPTEMBER 09, 2008 |

## LIS PENDENS

Notice is hereby given of the pendency of a civil action between the above-named Plaintiff and against Anna M. Miller a/k/a Anna K. Miller, Citibank South Dakota, N.A., and United States of America, Internal Revenue Service, by Writ dated September 09, 2008, and made returnable to the Superior Court for the Judicial District of New Haven at New Haven on September 23, 2008, which action is brought, inter alia, to foreclose a certain mortgage from the Defendant(s), Anna M. Miller a/k/a Anna K. Miller, to Mortgage Electronic Registration Systems, Inc. as Nominee for Finance America, LLC, which mortgage was dated November 21, 2003 and recorded December 02, 2003 in Volume 1250 at Page 139 of the Madison Land Records. Said Mortgage was thereafter assigned by Mortgage Electronic Registration Systems, Inc. as Nominee for Finance America, LLC to RMS Residential Properties LLC by Assignment of Mortgage dated December 19, 2007 and recorded December 26, 2007 in Volume 1544 at Page 92 of the Madison Land Records.

In said action, the following items are claimed:

1.   Foreclosure of the Mortgage;

2.   Possession of the Property;

3.   Money damages against the makers of, or obligors on, the Note described herein and/or their Estates, if deceased, (unless same has been precluded by virtue of a Bankruptcy filing);

4.   A reasonable attorney's fee (unless same has been precluded by virtue of a Bankruptcy filing);

03697-00173

HUNT LEIBERT JACOBSON, P.C. ● ATTORNEYS AT LAW
50 WESTON STREET ● HARTFORD, CONNECTICUT 06120 ● (860) 808-0606 ● JURIS NO. 101589

5.  Interest (unless same has been precluded by virtue of a Bankruptcy filing);

6.  Costs of suit (unless same has been precluded by virtue of a Bankruptcy filing);

7.  Deficiency Judgment against the makers of, or obligors on, the Note described herein, and/or their Estate, if deceased (unless same has been precluded by virtue of a Bankruptcy filing); and

8.  Such other and further relief as the Court may deem just and equitable.

The property the plaintiff seeks an interest in and to is located in the Town of Madison, County of New Haven and State of Connecticut, and is known as 132 Overshore Drive, Madison, Connecticut, and is more particularly bounded and described as set forth in Schedule A attached hereto.

Dated at Hartford, Connecticut on September 09, 2008.

Plaintiff

By_____/Michele Sensale/
    Michele Sensale, Esq.
    Hunt Leibert Jacobson, P.C.
    Its Attorneys

03697-00173

# SCHEDULE A
# DESCRIPTION

Two certain pieces or parcels of land with all the buildings and improvements thereon, situated in the Town of Madison, County of New Haven and State of Connecticut, known and designated as Lots #67 and #68 on a map or plan of lots entitled "OVERSHORE at MADISON, CONN. Plotted by Stanley M. Smith, Scale 1" = 60' August 1928 - J.H.F. Clark, Madison, Conn., Graham Pelton Essex, Conn., Civil Engineers and Surveyors" on file in the Madison Town Clerk's Office as Map #197.

Lot #67 is more particularly bounded as follows

EASTERLY:      by East Drive, as shown on said Map, 50 feet;

SOUTHERLY:     by Lot #68, as shown on said Map, 100 feet;

WESTERLY:      by Overshore Walk, also known as Central Walk;
               so-called, as shown on said Map, 50 feet;

NORTHERLY:     by Lot #66, as shown on said Map, 100 feet

Lot #68 is more particularly bounded as follows:

EASTERLY:      by East Drive as shown on said map, 50 feet;

SOUTHERLY:     by Lot #69, as shown on said map, 100 feet;

WESTERLY:      by Overshore Walk, also known as Central Walk;
               so-called, as shown on said map, 50 feet;

NORTHERLY:     by Lot #67, as shown on said map, 100 feet.

Together with rights of way as shown and privileges as set forth in a deed dated January 11, 1932, recorded in Volume 54 at Page 225 of the Madison Land Records and in a second deed dated October 22, 1936, recorded in Volume 80 at Page 200 of the Madison Land Records.

HUNT LEIBERT JACOBSON, P.C.  •  ATTORNEYS AT LAW
50 WESTON STREET  •  HARTFORD, CONNECTICUT 06120  •  (860) 808-0606  •  JURIS NO. 101589



```
VOL: 1583 PG: 207
Inst:      3165
```

RETURN DATE: SEPTEMBER 23, 2008     :  SUPERIOR COURT

RMS RESIDENTIAL PROPERTIES LLC     :  JUDICIAL DISTRICT OF NEW
                                                              HAVEN

VS:                                                       :  AT NEW HAVEN
                                                             :

ANNA M. MILLER A/K/A ANNA K. MILLER,  :  SEPTEMBER 09, 2008
ET. AL

### LIS PENDENS

Notice is hereby given of the pendency of a civil action between the above-named Plaintiff and against Anna M. Miller a/k/a Anna K. Miller, Citibank South Dakota, N.A., and United States of America, Internal Revenue Service, by Writ dated September 09, 2008, and made returnable to the Superior Court for the Judicial District of New Haven at New Haven on September 23, 2008, which action is brought, inter alia, to foreclose a certain mortgage from the Defendant(s), Anna M. Miller a/k/a Anna K. Miller, to Mortgage Electronic Registration .Systems, Inc. as Nominee for Finance America, LLC, which mortgage was dated November 21, 2003 and recorded December 02, 2003 in Volume 1250 at Page 139 of the Madison Land Records.  Said Mortgage was thereafter assigned by Mortgage Electronic Registration Systems, Inc. as Nominee for Finance America, LLC to RMS Residential Properties LLC by Assignment of Mortgage dated December 19, 2007 and recorded December 26, 2007 in Volume 1544 at Page 92 of the Madison Land Records.

In said action, the following items are claimed:

1.     Foreclosure of the Mortgage;

2.     Possession of the Property;

3.     Money damages against the makers of, or obligors on, the Note described herein and/or their Estates, if deceased, (unless same has been precluded by virtue of a Bankruptcy filing);

4.     A reasonable attorney's fee (unless same has been precluded by virtue of a Bankruptcy filing);

HUNT LEIBERT JACOBSON, P.C.  ●  ATTORNEYS AT LAW
50 WESTON STREET  ●  HARTFORD, CONNECTICUT 06120  ●  (860) 808-0606  ●  JURIS NO. 101589

VOL: 1583 PG: 208
Inst: 3165

5.    Interest (unless same has been precluded by virtue of a Bankruptcy filing);

6.    Costs of suit (unless same has been precluded by virtue of a Bankruptcy filing);

7.    Deficiency Judgment against the makers of, or obligors on, the Note described herein, and/or their Estate, if deceased (unless same has been precluded by virtue of a Bankruptcy filing); and

8.    Such other and further relief as the Court may deem just and equitable.

The property the plaintiff seeks an interest in and to is located in the Town of Madison, County of New Haven and State of Connecticut, and is known as 132 Overshore Drive, Madison, Connecticut, and is more particularly bounded and described as set forth in Schedule A attached hereto.

Dated at Hartford, Connecticut on September 09, 2008.

Plaintiff

By_____
      Michele Sensale, Esq.
      Hunt Leibert Jacobson, P.C.
      Its Attorneys



VOL: 1583 PG: 209
Inst: 3165

# SCHEDULE A
# DESCRIPTION

Two certain pieces or parcels of land with all the buildings and improvements thereon, situated in the Town of Madison, County of New Haven and State of Connecticut, known and designated as Lots #57 and #58 on a map or plan of lots entitled "OVERSHORE at MADISON, CONN. Plotted by Stanley M. Smith, Scale 1" = 50' August 1928 - J.H.F. Clark, Madison, Conn., Graham Pelton Essex, Conn., Civil Engineers and Surveyors" on file in the Madison Town Clerk's Office as Map #197.

Lot #57 is more particularly bounded as follows

EASTERLY: by East Drive, as shown on said Map, 50 feet;

SOUTHERLY: by Lot #58, as shown on said Map, 100 feet;

WESTERLY: by Overshore Walk, also known as Central Walk; so called, as shown on said Map 50 feet;

NORTHERLY: by Lot #56, as shown on said Map 100 feet

Lot #58 is more particularly bounded as follows:

EASTERLY: by East Drive as shown on said map, 50 feet;

SOUTHERLY: by Lot #59, as shown on said map, 100 feet;

WESTERLY: by Overshore Walk, also known as Central Walk; so called, as shown on said map, 50 feet;

NORTHERLY: by Lot #57, as shown on said map, 100 feet.

Together with rights of way as shown and privileges as set forth in a deed dated January 11, 1932, recorded in Volume 54 at Page 225 of the Madison Land Records and in a second deed dated October 22, 1936, recorded in Volume 60 at Page 200 of the Madison Land Records.

I HEREBY CERTIFY that the above and foregoing
is a true copy of the document recorded on
Sept 12, 08 at 1:34  in
the Madison Town Clerks Office
ATTEST Mary C. Bacani
Ass't Town Clerk

RECEIVED FOR RECORD
Sep 12, 2008  01:34P
DOROTHY C. BEAN
TOWN CLERK
MADISON, CT

03697-00173

HUNT LEIBERT JACOBSON, P.C. ● ATTORNEYS AT LAW
50 WESTON STREET  ●  HARTFORD, CONNECTICUT 06120  ●  (860) 808-0606  ●  JURIS NO. 101589

EXHIBIT 4



1 of 100 DOCUMENTS

**HSBC Bank USA v. Germanie Fequiere**

**CV095024230S**

**SUPERIOR COURT OF CONNECTICUT, JUDICIAL DISTRICT OF FAIRFIELD AT BRIDGEPORT**

*2012 Conn. Super. LEXIS 1169*

**May 3, 2012, Decided**
**May 3, 2012, Filed**

**NOTICE:** THIS DECISION IS UNREPORTED AND MAY BE SUBJECT TO FURTHER APPELLATE REVIEW. COUNSEL IS CAUTIONED TO MAKE AN INDEPENDENT DETERMINATION OF THE STATUS OF THIS CASE.

**JUDGES:** [*1] Michael Hartmere, J.

**OPINION BY:** Michael Hartmere

**OPINION**

MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (#134)

FACTUAL BACKGROUND

On April 20, 2009, the plaintiff, HSBC Bank, filed a one-count complaint against the defendant, Germanie Fequiere.[1] In its complaint, the plaintiff alleges the following facts. On January 25, 2005, Fequiere owed People's Choice Home Loan, Inc. (People's Choice) $292,500, as evidenced by a promissory note dated on said date payable to the order of People's Choice with interest. On January 25, 2005, to secure the note, Fequiere mortgaged the property known as 1416 Fairfield Avenue, Bridgeport, to Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for People's Choice. The mortgage deed was recorded on the Bridgeport land records on January 28, 2005, and the mortgage was assigned to HSBC as indenture trustee for the benefit of People's securities trust series 2005-2 by an assignment of mortgage. The unpaid balance of the note is $283,482.64, plus interest from December 1, 2008, late

charges and collection costs. The note and mortgage are in default because of nonpayment of principal and interest due on January 1, 2009, and each month thereafter, and [*2] the plaintiff has exercised its option to declare the entire balance of the note due and payable. On April 16, 2009, the plaintiff filed a lis pendens on the property in the Bridgeport land records. The plaintiff claims foreclosure of the mortgage, possession of the mortgaged premises, a deficiency judgment, appointment of a receiver to collect rents and profits, attorneys fees and costs and other relief.

> 1   The complaint refers to the plaintiff as "HSBC Bank USA, National Association, as indenture trustee for the benefit of People's Choice Home Loan Securities Trust Series 2005-2."

On January 11, 2010, the plaintiff filed a motion for judgment of strict foreclosure and finding of entitlement to possession. On January 15, 2010, the defendant filed an answer and two special defenses. The defendant admits that she executed a note in the amount of $292,500 payable to People's and executed a mortgage to MERS, as nominee for People's. She denies, however, that the unpaid balance of the note is $283,482.64, plus interest from December 1, 2008, late charges and collection costs. The defendant's first special defense is based upon equitable considerations.[2] The second special defense alleges that [*3] People's Choice securities trust series 2005-2 is a mortgage pool and is not an "express trust" under *General Statutes §52-106*, and that the court lacks subject matter jurisdiction. On February 9, 2010, the plaintiff filed a motion for summary judgment as to liability and a supporting memorandum of law, arguing that there is no genuine issue of material fact and it is

entitled to judgment as a matter of law. In support of its motion for summary judgment, the plaintiff submitted two affidavits, a note, a mortgage deed and a certified copy of the assignment of mortgage. On March 24, 2010, the defendant filed a motion to dismiss on the ground that the court lacked subject matter jurisdiction. The court denied the motion to dismiss at *HSBC Bank USA v. Fequiere, Superior Court, judicial district of Fairfield, Docket No. CV 09 5024230, 2010 Conn. Super. LEXIS 2861 (August 10, 2010, Hartmere, J.).* On August 25, 2010, the defendant filed a motion to reargue her motion to dismiss, which the court denied on September 27, 2010. On August 31, 2010, the defendant filed a memorandum in opposition to the plaintiff's motion for summary judgment. The sole basis the defendant states for her opposition was previously addressed by  [*4] the court's denial of her motion to dismiss.[3]

> 2    The defendant lists the following as her first special defense: (1) "The mortgage sought to be foreclosed is a 'sub-prime' mortgage loan"; (2) "the loan was issued without regard to defendant's ability to repay"; (3) "wholesale foreclosure of properties in the city of Bridgeport will reduce property values and negatively impact the tax rolls of said city"; (4) "the plaintiff does not come into this court with clean hands"; and (5) "under all the circumstances this court should exercise of its equitable jurisdiction to adjust the principle balance to reflect the decline in market value and to adjust the arrearage to permit the defendant's continued occupancy of the premises and to permit the payment of local real estate taxes."
>
> 3    "[I]t is well established in our case law that a challenge to the plaintiff's right to sue without a certificate of authority to transact business in Connecticut does not go to the subject-matter jurisdiction of the Court, but is a matter of defense that is waived by the defendant unless it is pleaded as a special defense and proved at trial . . ." (Internal quotation marks omitted.) *HSBC Bank USA v. Fequiere, Superior*  [*5] *Court, judicial district of Fairfield, Docket No. CV 09 5024230, 2010 Conn. Super. LEXIS 2861 (August 10, 2010, Hartmere, J.).* In *HSBC Bank USA v. Fequiere,* the court held that "[u]nder the plain language of the first and second special defenses, the defendant has not specifically raised the plaintiff's lack of corporate capacity as a special defense accompanying the answer. Moreover, a party's lack of corporate capacity is not a ground that may preclude a court from taking subject matter jurisdiction. Accordingly, the court finds it has subject matter jurisdiction to hear the plaintiff's claims."

*Id.* The law of the case doctrine "expresses the practice of judges generally to refuse to reopen what [already] has been decided . . . New pleadings intended to raise again a question of law which has been already presented on the record and determined adversely to the pleader are not to be favored . . . Where a matter has previously been ruled upon interlocutorily, the court in a subsequent proceeding in the case may treat that decision as the law of the case, if it is of the opinion that the issue was correctly decided, in the absence of some new or overriding circumstance . . ." (Internal quotation marks omitted.) *Brown & Brown, Inc. v. Blumenthal, 288 Conn. 646, 656, 954 A.2d 816 (2008).*  [*6] The law of the case doctrine controls regarding this issue.

On October 13, 2011, the plaintiff filed a second motion for summary judgment as to liability on the same grounds as the first, and a supporting memorandum of law with the addition of a paragraph referring to the fact that the court had denied the defendant's motion to dismiss and invoking the law of the case doctrine. In support of its second motion for summary judgment, the plaintiff submitted two affidavits, a note, a mortgage deed and a certified copy of the assignment of mortgage. On November 18, 2011, the defendant filed a memorandum in opposition to the plaintiff's motion for summary judgment with two exhibits attached. Exhibit A comprises five pages printed from an Internet website reflecting a United States Bankruptcy Court docket regarding People's Choice Home Loan, Inc., as the debtor.[4] Exhibit B comprises a copy of one page from the plaintiff's response to the defendant's interrogatories. The defendant marked the following interrogatory: "What documents you have to support your claim that you are the owner and holder of the note." The plaintiff responded: "Plaintiff objects to this interrogatory on the grounds that  [*7] that [sic.] a foreclosing plaintiff does not 'own' all interest in a property but may hold the note secured by the mortgage. Without waiving its objections, plaintiff states that it is not the owner of the note but that it holds the original note endorsed in blank, a true and correct copy of which is attached as Exhibit A."

> 4    The entirety of the defendant's discussion of Exhibit A comprises: "Plaintiff, depending on when it got the note perhaps must show it obtained the requisite bankruptcy court approval. Its moving documents do not demonstrate it had title to the note at the time it brought this action." The defendant cites no law for this proposition nor provides any analysis. "We are not required to consider issues that are not briefed beyond a bare assertion of a claim. See *Connecticut Coalition Against Millstone v. Connecticut Siting Council,*

2012 Conn. Super. LEXIS 1169, *

*286 Conn. 57, 87, 942 A.2d 345 (2008)* ('mere conclusory assertions regarding a claim, with no mention of relevant authority and minimal or no citations from the record, will not suffice')." *Chase Home Finance, LLC v. Fequiere, 119 Conn.App. 570, 580, 989 A.2d 606*, cert. denied, *295 Conn. 922, 991 A.2d 564 (2010)*. The court thus considers this [*8] issue to be waived.

On December 5, 2011, the matter was argued at short calendar, after which the defendant submitted a recent Supreme Court opinion to the court, *RMS Residential Properties, LLC v. Miller, 303 Conn. 224, 32 A.3d 307 (2011)*. In a letter accompanying the decision, the defendant stated that "[t]he case holds that a foreclosure action must be brought by the owner of the note. There is a rebuttable presumption the holder of the note owns the note. Since the plaintiff admitted in discovery attached to my response to the motion for summary judgment that it is the holder but not the owner of the note, it lacks standing to bring this action." The court ordered the plaintiff to respond to the defendant's pleading regarding *Miller* and scheduled the motion to be re-argued on January 12, 2012. On January 5, 2012, the plaintiff submitted a supplemental brief in support of its motion for summary judgment. In its supplemental brief, the plaintiff argues that "[t]he court should grant the motion for summary judgment as the holding in *Miller* is inapplicable to the present case because the plaintiff does not rely on *General Statutes §49-17* in this foreclosure action and had standing to [*9] commence it." The plaintiff argues further that "[t]he discovery relied upon by the defendant was objected to by the plaintiff and the defendant never moved to have a court adjudicate the discovery responses. Further, the discovery does not state that the plaintiff is not the owner of the underlying debt, which is merely evidenced by the note."

DISCUSSION

A

Standing

"Where a party is found to lack standing, the court is consequently without subject matter jurisdiction to determine the cause." (Internal quotation marks omitted.) *RMS Residential Properties, LLC v. Miller, supra, 303 Conn. 229.* "[T]he question of subject matter jurisdiction, because it addresses the basic competency of the court, can be raised by any of the parties, or by the court sua sponte, at any time . . . Moreover, [t]he parties cannot confer subject matter jurisdiction on the court, either by waiver or by consent." (Internal quotation marks omitted.) *New Hartford v. Connecticut Resources Recovery Authority, 291 Conn. 511, 518, 970 A.2d 583 (2009).* "It

is well established that, in determining whether a court has subject matter jurisdiction, every presumption favoring jurisdiction should be indulged." (Internal quotation [*10] marks omitted.) *Morgan v. Wright, 122 Conn.App. 253, 257, 998 A.2d 247 (2010).* "[S]ubject matter jurisdiction involves the authority of the court to adjudicate the type of controversy presented by the action before it . . . and a judgment rendered without subject matter jurisdiction is void . . . Further, it is well established that a reviewing court properly may address jurisdictional claims that neither were raised nor ruled on in the trial court . . . Indeed, [o]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . The court must fully resolve it before proceeding further with the case." (Internal quotation marks omitted.) *In re DeLeon J., 290 Conn. 371, 376, 963 A.2d 53 (2009).*

In *RMS Residential Properties, LLC v. Miller, supra, 303 Conn. 226,* our Supreme Court stated the issue as being "whether *General Statutes §49-17*[5] confers standing on a holder of a promissory note to foreclose a mortgage." The court stated that a plaintiff's "standing to enforce the promissory note is provided by the Uniform Commercial Code, pursuant to which only a holder of an instrument, or someone who has the rights of a holder, [*11] is a [p]erson entitled to enforce an instrument . . ." (Internal quotation marks omitted.) *Id., at 231.* The court observed further: "The defendant contends, however, that the holder of the note's power to enforce is merely at law (i.e., the right to enforce personal liability), and that a note holder must demonstrate ownership of the underlying debt to exercise the equitable power of foreclosure. *New England Savings Bank v. Bedford Realty Corp., 238 Conn. 745, 759-60, 680 A.2d 301 (1996)* (mere holder of promissory note, if not owner of underlying debt, cannot exercise equitable power of foreclosure). We agree. We also, however, agree with the plaintiffs' contention that a holder of a note is presumed to be the owner of the debt, and unless the presumption is rebutted, may foreclose the mortgage under *§49-17*." *Id., at 231-32.*

---

5  *Section 49-17* provides: "When any mortgage is foreclosed by the person entitled to receive the money secured thereby but to whom the legal title to the mortgaged premises has never been conveyed, the title to such premises shall, upon the expiration of the time limited for redemption and on failure of redemption, vest in him in the same manner and to the same extent [*12] as such title would have vested in the mortgagee if he had foreclosed, provided the person so foreclosing shall forthwith cause the decree of foreclosure to be recorded in the land records in the town in which the land lies."

The plaintiff distinguishes the present matter from the holding of *Miller* because the present matter is not brought pursuant to §49-17, and states "[a] party must invoke §49-17 when it is not the mortgagee of record. There is a qualitative difference between the case where the plaintiff holds both the right to collect the money and legal title to the property as the mortgagee of record and the case where it has only equitable claim to the property as the party entitled to collect the debt." The court does not find this argument to be determinative.

"*Section 49-17* codifies the well established common-law principle that the mortgage follows the note, pursuant to which only the rightful owner of the note has the right to enforce the mortgage. See *New Milford Savings Bank v. Jajer,* 244 Conn. 251, 266, 708 A.2d 1378 (1998); *Restatement (Third), Property, Mortgages §5.4,* p. 380 (1997). Our legislature, by adopting §49-17, created a statutory right for the rightful owner [*13] of a note to foreclose on real property regardless of whether the mortgage has been assigned to him." *RMS Residential Properties, Inc. v. Miller, supra,* 303 Conn. 230. Section 49-17 is a codification of established common-law principles regarding the relationship between the mortgage and the note, yet the plaintiff characterizes the principles involved in §49-17 as being those of a separate and distinct type of foreclosure action. While the holding in *Miller* is phrased in terms of §49-17, the court's agreement with the defendant's assertion "that the holder of the note's power to enforce is merely at law (i.e., the right to enforce personal liability), and that a note holder must demonstrate ownership of the underlying debt to exercise the equitable power of foreclosure" would seem to state a legal principle broader than the context of §49-17. Also, if the mortgage follows the note, the fact that a plaintiff had been assigned the mortgage would have no bearing on whether that plaintiff must own or merely hold the note in order to have standing to foreclose. Cf. *Fleet Nat. Bank v. Nazareth,* 75 Conn.App. 791, 818 A.2d 69 (2003) (holding that owner of mortgage who had never been holder [*14] of note lacked standing to foreclose mortgage).

This matter may instead be distinguished from *Miller* because the plaintiff in *Miller* did not hold the note as a trustee, nor did the court make a holding as to whether a trustee can have standing to bring a foreclosure action. It is not clear that a trustee could not be an owner of a note under *Miller.* In her December 5, 2011 letter to the court regarding *Miller,* the defendant states: "Since the plaintiff admitted in discovery attached to my response to the motion for summary judgment that it is the holder but not the owner of the note, it lacks standing to bring this action." The interrogatory response to which the defendant refers states: "Plaintiff objects to this interrogatory on the grounds that that [sic.] a foreclosing

plaintiff does not 'own' *all* interest in a property but may hold the note secured by the mortgage. Without waiving its objections, plaintiff states that it is not the owner of the note but that it holds the original note endorsed in blank, a true and correct copy of which is attached as Exhibit A."[6] (Emphasis added.) While the meaning of the plaintiff's objection is not completely clear, it appears that the plaintiff [*15] is explaining that, as a trustee, it cannot own all interest in the note. In this context, the plaintiff's statement that "it is not the owner of the note but that it holds the original note endorsed in blank," does not, for instance, relate to the validity of the note's assignment. Even if the court were to consider this unauthenticated exhibit as evidence, construing the plaintiff's interrogatory response as an explanation that a trustee does not have both legal and equitable ownership of a note, the court finds that the defendant has not met its burden under *Miller* of rebutting the presumed ownership of a note by the note holder.

6    The defendant's memorandum in support of her previously adjudicated motion to dismiss, to which she had attached the same interrogatory response as an exhibit, explains her understanding of the plaintiff's words. In her memorandum, regarding the concept of mortgage-backed securities, the defendant states: "The result of this arrangement is that no one 'owns' any mortgage note in the sense of being entitled to the principal and interest payments from that specific note. Plaintiff admits the arrangement when it says it 'holds' the note, but does not 'own' [*16] it. (Exhibit A) Plaintiff's interest in the mortgage note is indirect. It does not have standing to bring this lawsuit."

In *Chase Home Finance, LLC v. Fequiere,* 119 Conn.App. 570, 580, 989 A.2d 606, cert. denied, 295 Conn. 922, 991 A.2d 564 (2010), prior to the holding in *Miller,* our Appellate Court affirmed the denial of a motion to dismiss a mortgage foreclosure action brought by the trustee of a mortgage loan that was held in a securitized mortgage pool. The court stated that "[t]he plaintiff's standing to enforce the promissory note is set forth by the provisions of the Uniform Commercial Code as adopted in *General Statutes §42a-1-101 et seq.* Under these statutes, only a 'holder' of an instrument or someone who has the rights of a holder is entitled to enforce the instrument." *Id.,* at 577. Further, the court held that the securitized mortgage loan pool for which the plaintiff was trustee was an express trust for the purposes of *General Statutes §52-106.*[7] *Id.,* at 579. See also *Investors Mortgage Co. v. Rodia,* 31 Conn.App. 476, 479-80, 625 A.2d 833 (1993) ("Pursuant to *General Statutes §52-106,* The Investors Mortgage Company, as trustee, had the right to sue for a deficiency judgment without joining

[*17] those beneficially interested in the action"). In finding that holding a note is adequate to provide standing, the court in *Chase Home Finance, LLC,* did not analyze whether the trustee holder of a note may be considered to be the owner of the note for the purposes of a foreclosure action, nor is this court aware of other case law in Connecticut that resolves the issue. Given the *Miller* court's support for the proposition "that the holder of the note's power to enforce is merely at law (i.e., the right to enforce personal liability), and that a note holder must demonstrate ownership of the underlying debt to exercise the equitable power of foreclosure," it is not clear that the Uniform Commercial Code would be sufficient to enable a trustee that holds only legal title to a note to bring the equitable action of foreclosure. *RMS Residential Properties, LLC v. Miller, supra, 303 Conn. 231-32.* Unless *Chase Home Finance, LLC,* is considered to have been overruled by *Miller,* however, a trustee has standing to foreclose a mortgage note.

> 7    *General Statutes §52-106* provides that "[a]n executor, administrator, or trustee of an express trust may sue or be sued without joining the persons represented [*18] by him and beneficially interested in the action."

In support of its second motion for summary judgment, the plaintiff attached an affidavit of Gina Gray. In her affidavit, Gray identified herself as the vice president of Litton Loan Servicing, L.P., and claimed that she had reviewed Litton's business records that relate to the note and to the servicing of the loan evidenced by the note. Gray stated that "[t]he original of the Note was endorsed in blank, negotiated and delivered to Plaintiff on or before April 13, 2009." The Plaintiff also submitted a copy of the note with its motion. In her memorandum in opposition to the plaintiff's second motion for summary judgment, the defendant quotes Gray's assertion that the note was delivered "on or before April 13, 2009," and argues: "That time frame is so broad as to be meaningless." The defendant states further that the plaintiff's "moving documents do not demonstrate it had title to the note at the time it brought this action."

In *Park National Bank v. 3333 Main, LLC, 127 Conn.App. 774, 15 A.3d 1150 (2011),* our [*19] Appellate Court held that an evidentiary hearing was required to resolve a disputed question of fact as to when the note was acquired.[8] In *Park National Bank,* the plaintiff filed a foreclosure action on October 31, 2008, and the defendant filed an answer and special defenses challenging subject matter jurisdiction. *Park National Bank v. 3333 Main, LLC, supra, 127 Conn.App. 776.* The plaintiff filed a motion for summary judgment as to liability, and attached an affidavit stating that the plaintiff had been assigned its interest in the note and mortgage by an as-

signment of the mortgage dated May 4, 2008, and recorded in the Stratford land records on June 23, 2008, and by a "corrective assignment" recorded on March 2, 2009. *Id.* Only the corrective assignment was attached to the affidavit, which stated that it was "effective dated February 29, 2008," yet recorded on March 2, 2009. *Id.* The defendant objected to the motion for summary judgment, arguing that the only evidence provided to the court was that the assignment of the note to the plaintiff had been recorded on March 2, 2009. *Id.* The defendant argued that the plaintiff provided no evidence that would allow the court to determine that [*20] it was the holder of the note when the action was commenced. *Id., at 776-77.* The plaintiff filed a supplemental memorandum in support of the motion for summary judgment and a supplemental affidavit. *Id., at 777.* The affidavit asserted that the plaintiff had purchased the note on March 17, 2008, and a copy of the note was attached, yet the endorsement was undated. *Id.* The original assignment of the mortgage was attached, and reflected that it had been executed on February 29, 2008, notarized on May 4, 2007 and recorded on June 23, 2008. *Id.* The plaintiff claimed that the corrective assignment had been filed to remedy a scrivener's error in the notarization date of the original assignment. *Id.*

> 8    *Park National Bank v. 3333 Main, LLC, supra, 127 Conn.App. 774* was decided in 2011, subsequent to this court's denial of the defendant's motion to dismiss in *HSBC Bank USA v. Fequiere, supra,* Superior Court, Docket No. CV 09 5024230. Therefore, this court's prior holding regarding standing does not preclude consideration of the issue addressed in *Park National Bank.* "Where a matter has previously been ruled upon interlocutorily, the court in a subsequent proceeding in the case may treat that decision [*21] as the law of the case, if it is of the opinion that the issue was correctly decided, in the absence of some new or overriding circumstance . . ." (Internal quotation marks omitted.) *Brown & Brown, Inc. v. Blumenthal, supra, 288 Conn. 656.* "A change or new development in the law is an overriding circumstance which warrants reconsideration of the decision on the [prior motion]." *Robishaw v. Murphy,* Superior Court, complex litigation docket at Tolland, Docket No. X07 CV 00 0073137, 2001 Conn. Super. LEXIS 2799 (September 20, 2001, Bishop, J.).

The Appellate Court reversed the trial court's granting of summary judgment and remanded the matter to the trial court "for a hearing to ascertain the plaintiff's status as the owner or holder of the subject note at the time the action was commenced . . ." *Park National Bank v. 3333 Main, LLC, supra, 127 Conn.App. 780.* The court held

2012 Conn. Super. LEXIS 1169, *

that "[i]n light of the documents before the court, showing discrepancies as to the date of the transfer of the note, as well as the defendant's argument that the plaintiff had not demonstrated that it was the holder of the note when this complaint was filed, the court improperly formed a legal conclusion without establishing the factual predicate [*22] for the court's subject matter jurisdiction." *Id.* "In determining whether a court lacks subject matter jurisdiction, the inquiry usually does not extend to the merits of the case . . . Because the elements of subject matter jurisdiction are dependent upon both law and fact . . . in some cases it may be necessary to examine the facts of the case to determine if it is within a general class the court has power to hear . . . Further, [w]hen issues of fact are necessary to the determination of a court's jurisdiction, due process requires that a trial-like hearing be held, in which an opportunity is provided to present evidence and to cross-examine adverse witnesses." (Internal quotation marks omitted.) *Id., at* 779.

Our Appellate Court's holding in *HSBC Bank USA, N.A. v. Navin, 129 Conn.App. 707, 22 A.3d 647,* cert. denied, *302 Conn. 948, 31 A.3d 384 (2011),* however, "is noteworthy because it affirms the entry of summary judgment on the issue of standing without an evidentiary hearing." 1 D. Caron & G. Milne, Connecticut Foreclosures: An Attorney's Manual of Practice and Procedure (5th Ed. 2011) §1-1:1.1b1, p. 15. In *HSBC Bank USA, N.A. v. Navin, supra, 129 Conn.App. 711-12,* the plaintiff [*23] submitted an affidavit with its motion for summary judgment that alleged that "[t]he [n]ote was endorsed in blank and was delivered to the [p]laintiff prior to the commencement of this foreclosure action." (Internal quotation marks omitted.) The only evidence the defendant offered was an affidavit that "baldly asserted" that the plaintiff was not in possession of the note at the time it served the complaint. *Id., at* 712. The court held that "because the defendant offered no evidence to contest the plaintiff's assertion that it possessed the note at the time that it commenced the present action, we conclude that the plaintiff had standing to commence this foreclosure action." *Id.* See also *RMS Residential Properties, LLC v. Miller, supra, 303 Conn.* 234 ("RMS offered a sworn affidavit stating that it was the holder of the promissory note at the time it commenced this foreclosure action. No evidence was offered by the defendant to counter that evidence or the presumption that arises from it. As previously stated, RMS need only prove that it was the holder of the note when it initiated the foreclosure action, and that the note was secured by a mortgage").

In the present matter, the plaintiff's [*24] statement that it was in possession of the note "on or before April 13, 2009" has the same effect as the plaintiff's testimony in *Navin* that it was the holder of the note at the time it commenced the suit.[9] Although the defendant asserts that

"on or before April 13, 2009" is a time frame "so broad as to be meaningless," even if the plaintiff's language were to be construed as uncertain, the numerous discrepancies in the plaintiff's evidence in *Park National Bank v. 3333 Main, LLC,* are lacking in the present matter. The court's holding in *Navin* indicates that the plaintiff's evidence in the present matter is sufficient to shift the evidentiary burden to the defendant, yet the defendant does not present any evidence to counter the plaintiff's evidence. Accordingly, the plaintiff has standing to bring this foreclosure action.

> 9   The marshal's return of service states that the writ, summons and complaint were served upon Fequiere on April 16, 2009.

B

Summary Judgment

"In any action, except administrative appeals . . . any party may move for a summary judgment at any time . . ." *Practice Book §17-44.* "*Practice Book §17-49* provides that summary judgment shall be rendered forthwith if the pleadings, [*25] affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) *Brooks v. Sweeney, 299 Conn. 196, 210, 9 A.3d 347 (2010).* "As the party moving for summary judgment, the [movant] is required to support its motion with supporting documentation, including affidavits." *Heyman Associates No. 1 v. Insurance Co. of Pennsylvania, 231 Conn. 756, 796, 653 A.2d 122 (1995).* "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact . . . but rather to determine whether any such issues exist . . . The courts hold the movant to a strict standard. To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact . . . Once the moving party has met its burden [of production] the opposing party must present evidence that demonstrates the existence of some disputed [*26] factual issue." (Internal quotation marks omitted.) *RMS Residential Properties, LLC v. Miller, supra, 303 Conn.* 233. "[A] summary judgment rendered upon the issue of liability only, without deciding damages, is not a final judgment from which an appeal lies." *Balf Co. v. Spera Construction Co., 222 Conn. 211, 212, 608 A.2d 682 (1992).* "[J]udgment is not completed until damages have been assessed." *Tureck v. George, 44 Conn.App. 154, 157,*

*687 A.2d 1309*, cert. denied, *240 Conn. 914, 691 A.2d 1080 (1997)*.

The plaintiff argues that it is entitled to summary judgment because all essential elements of its prima facie case are proven by competent evidence or admission. The plaintiff argues that the defendant admits the allegations of the original debt. The plaintiff also argues that Gray's affidavit establishes that the plaintiff is the holder of the note, the defendant's delinquency and default under the note, that the indebtedness due under the note has been accelerated, that the unpaid balance of the note is $283,482.64 plus interest from December 1, 2008, and that late charges and collection costs have not been paid although due and payable. The plaintiff argues that there is no genuine [*27] issue of material fact remaining between the parties regarding the defendant's liability on the note and mortgage. The defendant argues that summary judgment should be denied because the plaintiff has not demonstrated that it had title to the note at the time it brought the action.

In a mortgage foreclosure action, "[t]o make out its prima facie case, [the mortgagee] had to prove by a preponderance of the evidence that it was the owner of the note and mortgage and that [the mortgagor] had defaulted on the note." (Internal quotation marks omitted.) *Ocwen Federal Bank, FSB v. Charles, 95 Conn.App.*

*315, 319 n.5, 898 A.2d 197*, cert. denied, *279 Conn. 909, 902 A.2d 1069 (2006)*. "'Furthermore, the foreclosing party must demonstrate that all conditions precedent to foreclosure, as mandated by the note and mortgage, have been satisfied.' *HSBC Bank USA v. Palacios, Superior Court, judicial district of Windham at Putnam, Docket No. CV 08 5002566, 2010 Conn. Super. LEXIS 1907 (July 16, 2010, Potter, J.T.R.)*; *U.S. National Bank Ass'n. v. Hahnel, Superior Court, judicial district of New London, Docket No. CV 09 5012757, 2010 Conn. Super. LEXIS 1470 (June 9, 2010, Devine, J.)*.

Here, all conditions precedent were met and the plaintiff has proven all essential [*28] elements of its prima facie case. There is no genuine issue of material fact as to whether the plaintiff was the owner and holder of the note at the time of the commencement of the instant foreclosure action. See *Equity One, Inc. v. Shivers, 125 Conn.App. 201, 206, 9 A.3d 379 (2010)*; *RMS Residential Properties, LLC v. Miller, supra, 303 Conn. 224*.

CONCLUSION

Based on all of the foregoing, the plaintiff's motion for summary judgment is granted.

HARTMERE, J.

EXHIBIT 5



FOCUS - 3 of 4 DOCUMENTS

**US Bank National Association as Trustees v. Ana Gregory aka et al.**

**TTDCV085003721S**

**SUPERIOR COURT OF CONNECTICUT, JUDICIAL DISTRICT OF TOLLAND AT ROCKVILLE**

*2009 Conn. Super. LEXIS 927*

**April 6, 2009, Decided**
**April 6, 2009, Filed**

**NOTICE:** THIS DECISION IS UNREPORTED AND MAY BE SUBJECT TO FURTHER APPELLATE REVIEW. COUNSEL IS CAUTIONED TO MAKE AN INDEPENDENT DETERMINATION OF THE STATUS OF THIS CASE.

**JUDGES:** [*1] Samuel J. Sferrazza, J.

**OPINION BY:** Samuel J. Sferrazza

**OPINION**

*MEMORANDUM OF DECISION*

The plaintiff, U.S. Bank National Association, Trustee, moves for summary judgment, as to liability only, in this foreclosure action. The owners of the equity of redemption, Ana Gregory and Ciro Chavez, object to this motion on the grounds that the mortgage note lacks proper endorsements and that a genuine factual dispute exists as to whether the mortgage deed was properly assigned to the plaintiff.

Summary judgment shall be granted if the pleadings and documentary proof submitted demonstrate that no genuine dispute as to material facts exists and that the movant is entitled to judgment as a matter of law, *Practice Book §17-49*.

In support of its motion, the plaintiff filed (1) a copy of the defendants' answer; (2) a signed and sworn affidavit of Helen Belton, the vice president of loan documentation of Americas Servicing Company for Norwest Home Improvement (Americas), the plaintiff's loan servicing agent; (3) a verified copy of the note; (4) a veri-

fied copy of the mortgage deed; (5) a verified copy of the assignment of the mortgage from MERS to the plaintiff dated February 12, 2009; (6) a copy of a letter and a check both [*2] dated February 13, 2009, that the plaintiff sent to the town clerk of Vernon for recording of the assignment of mortgage in the Vernon land records; and (6) a verified copy of the default letter sent to the defendants on May 18, 2008, by Americas. The defendants filed no documentary evidence to support their objection.

In a mortgage foreclosure action, the plaintiff must "prove by a preponderance of the evidence that it [is] the owner of the note and mortgage and that [the mortgagee has] defaulted on the note." (Internal quotation marks omitted.) *Franklin Credit Management Corp. v. Nicholas, 73 Conn.App. 830, 838, 812 A.2d 51 (2002)*, cert. denied, *262 Conn. 937, 815 A.2d 136 (2003)*. In the present case, the plaintiff has submitted copies of the note, the mortgage deed, the assignment of the mortgage to it, and a copy of the default sent to the defendants by its servicing agent. It has also proffered the affidavit of Belton attesting to the note, the mortgage deed, the assignment of the mortgage to the plaintiff, the plaintiff's ownership of the note, and the defendants' default on the note commencing on April 1, 2008.

The note consists of three endorsements. The first endorsement appears on a blank page attached [*3] to the note and states, "Pay to the order of: Emax Financial Group, LLC without recourse By: Mortgage Lenders Network USA, Inc." It is signed by Sharon Stills, funding supervisor. The second endorsement is attached as an allonge to the note. It references the note and states in pertinent part, "Pay to the order of: Residential Funding Corporation without recourse By: Emax Financial

2009 Conn. Super. LEXIS 927, *

Group, LLC." It is signed by Michele Morales, manager of sales and acquisitions. The third endorsement is on the allonge to the note, and it states, "Pay to the Order of: U.S. Bank National Association as Trustee without recourse By: Residential Funding Corporation." It bears the signature of Judy Faber, vice president.

The defendants challenge the plaintiff's status as the holder of the note by attempting to raise doubts as to the chain of title of the note. They specifically argue that the first and third endorsements cannot be enforced because they are mere stamps that do not reference the original note and, in addition, in the case of the first endorsement, it is on a blank page that is merely attached to the original note. The defendants also argue that the first and second endorsements cannot be enforced [*4] because the signatories lack authority to endorse the documents. The defendants assert that only a corporate officer and/or a member of the limited liability company can validly endorse the note. The court rejects these assertions.

*General Statutes §42a-3-204(a)* provides in relevant part, "'Endorsement' means a signature, other than that of a signer as maker, drawer, or acceptor, that alone or accompanied by other words is made on an instrument for the purpose of (i) negotiating the instrument . . . but regardless of the intent of the signer, a signature and its accompanying words is an endorsement unless the accompanying words, terms of the instrument, place of the signature, or other circumstances unambiguously indicate that the signature was made for a purpose other than endorsement. For the purpose of determining whether a signature is made on an instrument, a paper affixed to the instrument is part of the instrument." Thus, by statute, a mere signature made on an instrument for purposes of negotiating it constitutes an endorsement. There is no requirement that the endorsement itself specifically reference the instrument. Moreover, the statute expressly permits an endorsement to [*5] be made on a separate piece of paper and treats a paper affixed to the instrument, as was undisputedly done in this case, as part of the instrument. Consequently, there was no legal impropriety as to the contents and the placement of the endorsements on the note in the present case.

As for the defendants' argument that two of the endorsements are unenforceable because they were not signed by the appropriate agent, *General Statutes §42a-3-308* provides in relevant part, "In an action with respect to an instrument, the authenticity of, and authority to make, each signature on the instrument is admitted unless specifically denied in the pleadings."

The defendants' answer lacks any *specific* denial of the authority of these putative endorsers to act. Therefore, the plaintiff enjoys the presumption that such authority was conferred upon them.

Even if the defendants had specifically attacked the authority of these endorsers to act in that capacity in their answer, *§42a-3-308(a)* retains this presumption of authority to endorse unless the litigation is one "to enforce the instrument . . . *against* a person as the undisclosed principal of a person who signed the instrument . . ." (emphasis added). [*6] The present action is brought *by* the plaintiff not against it. Therefore, in the absence of any evidence submitted to the contrary, these endorsers are presumed to have authority to act in that role on behalf of the plaintiff.

The defendants also assert that only a corporate officer or member of a company can validly endorse a mortgage note. The defendants point to no statutory provision, case law, or contract clause restricting endorsements to corporate officers or members. To the contrary, *General Statutes §42a-3-402*, permits authorized representatives generally to sign instruments on behalf of the party whom they represent. Therefore the court holds that authorized persons other than corporate officers or members of a company may properly endorse mortgage notes. As noted above under *§42a-3-308(a)*, these endorsers are presumed to possess that authority. See, *Cadle Company v. Ginsburg, 51 Conn.App. 392, 406-07, 721 A.2d 1246 (1998)*.

In their remaining ground for objection to summary judgment, the defendants contend that genuine factual issue exists regarding whether the plaintiff was the assignee of the mortgage deed. Any dispute as to that assignment is immaterial because it is uncontroverted that [*7] the plaintiff was the holder of the *note* secured by the mortgage when it commenced this foreclosure action. "*General Statutes §49-17* permits the holder of a negotiable instrument that is secured by a mortgage to foreclose on the mortgage even when the mortgage has not yet been assigned to him." *Bankers Trust Co. of California, N.A. v. Vaneck, 95 Conn.App. 390, 391, 899 A.2d 41 (2006)*; cert. denied, *279 Conn. 908, 901 A.2d 1225 (2006)*. Consequently, it is unnecessary for the plaintiff to remove evidentiary doubt as to whether it is the record owner of the mortgage deed in order to establish its right to enforce the note through foreclosure. *Id.*

For those reasons, the motion for summary judgment, as to liability only, is granted as to the owners of the equity of redemption.

Sferrazza, J.

EXHIBIT 6

# Delaware

PAGE 1

### The First State

I, HARRIET SMITH WINDSOR, SECRETARY OF STATE OF THE STATE OF DELAWARE DO HEREBY CERTIFY THAT THE ATTACHED IS A TRUE AND CORRECT COPY OF THE CERTIFICATE OF CONVERSION OF A DELAWARE CORPORATION UNDER THE NAME OF "RESIDENTIAL FUNDING CORPORATION" TO A DELAWARE LIMITED LIABILITY COMPANY, CHANGING ITS NAME FROM "RESIDENTIAL FUNDING CORPORATION" TO "RESIDENTIAL FUNDING COMPANY, LLC", FILED IN THIS OFFICE ON THE SIXTH DAY OF OCTOBER, A.D. 2006, AT 9:17 O'CLOCK A.M.

A FILED COPY OF THIS CERTIFICATE HAS BEEN FORWARDED TO THE NEW CASTLE COUNTY RECORDER OF DEEDS.



Harriet Smith Windsor, Secretary of State

2059477   8100V

060920384

AUTHENTICATION: 5096215

DATE: 10-06-06

**CERTIFICATE OF CONVERSION TO LIMITED LIABILITY COMPANY**
**OF**
**RESIDENTIAL FUNDING CORPORATION**
**TO**
**RESIDENTIAL FUNDING COMPANY, LLC**

This certificate of Conversion to Limited Liability Company dated as of *October 6*, 2006, has been duly executed and is being filed by Residential Funding Corporation, a Delaware corporation (the "Company"), and the second undersigned, as an authorized person of Residential Funding Company, LLC, a Delaware limited liability company (the "LLC"), to convert the Company to the LLC, under the Delaware Limited Liability Company Act (6 Del.C. § 18-101, et seq.) and the General Corporation Law of the State of Delaware (8 Del.C. § 101, et seq.) (the "GCL").

1.    The Company's name immediately prior to the filing of this certificate of Conversion to Limited Liability Company was Residential Funding Corporation.

2.    The Company filed its original certificate of incorporation with the Secretary of State of the State of Delaware and was first incorporated on April 16, 1985 in the State of Delaware, and was incorporated in the State of Delaware immediately prior to the filing of this Certificate of Conversion to Limited Liability Company.

3.    The name of the LLC into which the Company shall be converted as set forth in its certificate of formation is Residential Funding Company, LLC.

4.    The conversion of the Company to the LLC has been approved in accordance with the provisions of Sections 228 and 266 of the GCL, and Section 18-214 of the Limited Liability Company Act.

5.    The conversion of the Company to the LLC shall be effective upon the filing of this Certificate of Conversion to Limited Liability Company and a certificate of formation with the Secretary of State of the State of Delaware.

[Remainder of Page Intentionally Blank]

State of Delaware
Secretary of State
Division of Corporations
Delivered 09:17 AM 10/06/2006
FILED 09:17 AM 10/06/2006
SRV 060920384 - 2059477 FILE

IN WITNESS WHEREOF, the undersigned have executed this Certificate of Conversion to Limited Liability Company as of the date first-written.

RESIDENTIAL FUNDING CORPORATION

By: _____

Name: Bruce J. Paradis
Title: President

RESIDENTIAL FUNDING COMPANY, LLC

By: _____

Name: Bruce J. Paradis
Authorized Person

EXHIBIT 7

B 1 (Official Form 1) (12/11)

| United States Bankruptcy Court<br>Southern District of New York | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>Residential Funding Company, LLC | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>Residential Funding Corporation | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all): 93-0891336 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all): |

| Street Address of Debtor (No. and Street, City, and State):<br>8400 Normandale Lake Blvd.<br>Suite 350<br>Minneapolis, MN          ZIP CODE 55437 | Street Address of Joint Debtor (No. and Street, City, and State):<br><br><br>          ZIP CODE |
|---|---|
| County of Residence or of the Principal Place of Business:<br>Hennepin | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br><br>          ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br><br>          ZIP CODE |

| Location of Principal Assets of Business Debtor (if different from street address above):<br>...          ZIP CODE |
|---|

| Type of Debtor<br>(Form of Organization)<br>(Check one box.) | Nature of Business<br>(Check one box.) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box.) |
|---|---|---|
| ☐ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☒ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities,<br>check this box and state type of entity below.)<br><br>_____ | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in<br>   11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☒ Other | ☐ Chapter 7      ☐ Chapter 15 Petition for<br>☐ Chapter 9          Recognition of a Foreign<br>☒ Chapter 11         Main Proceeding<br>☐ Chapter 12      ☐ Chapter 15 Petition for<br>☐ Chapter 13         Recognition of a Foreign<br>                              Nonmain Proceeding |

| | Tax-Exempt Entity<br>(Check box, if applicable.)<br>☐ Debtor is a tax-exempt organization<br>under Title 26 of the United States<br>Code (the Internal Revenue Code). | Nature of Debts<br>(Check one box.)<br>☐ Debts are primarily consumer,      ☒ Debts are primarily<br>debts defined in 11 U.S.C.              business debts<br>§ 101(8) as "incurred by an<br>individual primarily for a<br>personal, family, or house-hold<br>purpose." |
|---|---|---|

| Filing Fee (Check one box.) | Chapter 11 Debtors |
|---|---|
| ☒ Full Filing Fee attached.<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach<br>signed application for the court's consideration certifying that the debtor is<br>unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must<br>attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☒ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to<br>insiders or affiliates) are less than $ 2,343,300.<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes<br>of creditors, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS FOR<br>COURT USE ONLY |
|---|---|
| ☒ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for<br>distribution to unsecured creditors. | |

Estimated Number of Creditors

| ☐ 1-49 | ☐ 50-99 | ☐ 100-199 | ☒ 200-999 | ☐ 1,000-<br>5,000 | ☐ 5,001-<br>10,000 | ☐ 10,001-<br>25,000 | ☐ 25,001-<br>50,000 | ☐ 50,001-<br>100,000 | ☐ Over<br>100,000 |
|---|---|---|---|---|---|---|---|---|---|

Estimated Assets

| ☐ $0 to<br>$50,000 | ☐ $50,001 to<br>$100,000 | ☐ $100,001 to<br>$500,000 | ☐ $500,001<br>to $1<br>million | ☐ $1,000,001<br>to $10<br>million | ☐ $10,000,001<br>to $50<br>million | ☐ $50,000,001<br>to $100<br>million | ☐ $100,000,001<br>to $500<br>million | ☐ $500,000,001<br>to $1 billion | ☒ More than<br>$1 billion |
|---|---|---|---|---|---|---|---|---|---|

Estimated Liabilities

| ☐ $0 to<br>$50,000 | ☐ $50,001 to<br>$100,000 | ☐ $100,001 to<br>$500,000 | ☐ $500,001<br>to $1<br>million | ☐ $1,000,001<br>to $10<br>million | ☐ $10,000,001<br>to $50<br>million | ☐ $50,000,001<br>to $100<br>million | ☐ $100,000,001<br>to $500<br>million | ☐ $500,000,001<br>to $1 billion | ☒ More than<br>$1 billion |
|---|---|---|---|---|---|---|---|---|---|