# Exhibit 21

```
NO:  FST-CV08-5008432-S            :  SUPERIOR COURT


U.S. BANK NATIONAL ASSOCIATION     :  JUDICIAL DISTRICT
                                      OF STAMFORD/NORWALK

V.                                 :  AT STAMFORD, CONNECTICUT

CONRAD, ELIZABETH                  :  MAY 7, 2014
```

*EXCERPT, JUDGE'S ORDERS ONLY

BEFORE THE HONORABLE DOUGLAS MINTZ, JUDGE

A P P E A R A N C E S:

Representing the Plaintiff:

ATTORNEY CHRISTOPHER PICARD
Hunt Leibert Jacobson, P.C.
50 Weston Street
Hartford, CT 06120

Representing the Defendant:

ATTORNEY CHRISTOPHER BROWN
Begos Brown and Green, LLP
2425 Post Road Suite 205
Southport, CT 06890

Recorded By:
Karen Serena

Transcribed By:
Karen Serena
Court Recording Monitor
123 Hoyt Street
Stamford, Connecticut 06905

195.00

```
                *EXCERPT, JUDGE'S ORDERS ONLY
            (Begin 11:38:42)
            ATTY. PICARD:  So you want me to go over the
     terms of the judgment so you can order it, Your
     Honor?
            THE COURT:  Well, let me -- I'm opening your
     foreclosure worksheet, the affidavit of debt, the
     appraisal and the attorney's fees.
            Okay.  Sure, go ahead.
            ATTY. PICARD:  Your Honor, we are going to
     agree to the judgment of foreclosure by sale
     entering today with the setting a sale date of
     October 4th.  The parties will agree to a referral to
     mediation.  The plaintiff will waive any deficiency.
     The defendants waive any right to appeal.
            The parties will agree to open and extend the
     sale date if the mediator reports that the parties
     will benefit from further mediation.  And that, in
     the event of a successful modification or other
     foreclosure prevention is reached and agreed to by
     the parties, the judgment can be opened and vacated.
            THE COURT:  Okay.  Is that right, sir?
            ATTY. BROWN:  So stipulated.
            THE COURT:  Okay.  So let me go through -- is
     there any objection to the -- I'm looking at -- I'm
     determining the debt now.  Any objection to the
     property inspection/preservation of $932.50?
```

1   ATTY. BROWN:  No, Your Honor.
2   THE COURT:  Okay.  Any objection to the total
3   debt -- there's no updates so this is -- I'm just
4   finding the debt pursuant to your affidavit of debt
5   now.  Any objection to the debt being $732,148.45?
6   ATTY. BROWN:  No, Your Honor.
7   THE COURT:  So ordered.
8   Any objection to the fair market value of the
9   property being $405,000?
10  ATTY. BROWN:  No, Your Honor.
11  THE COURT:  So ordered.
12  MS. CONRAD:  And can I -- can I ask (inaudible)
13  --
14  THE COURT:  You can talk to your lawyer.
15  MS. CONRAD:  Oh, okay.
16  THE COURT:  If you want to talk to your lawyer,
17  I'll stop and you can --
18  ATTY. BROWN:  Do you want to step out and talk
19  about it?
20  MS. CONRAD:  Yeah.
21  ATTY. BROWN:  Okay.
22  (PAUSE)
23  THE COURT:  We're okay?
24  ATTY. BROWN:  Yes, Judge.
25  THE COURT:  So any objection to the fair market
26  value for today's purposes of $405,000?
27  ATTY. BROWN:  No, Your Honor.

```
 1              THE COURT:  So ordered.  Any objection to the
 2    -- you're not asking for an appraiser's fee.
 3              ATTY. PICARD:  No, Your Honor.
 4              THE COURT:  Any objection to the title search
 5    fee of $225?
 6              ATTY. BROWN:  No, Your Honor.
 7              THE COURT:  So ordered.  Any objection to the
 8    attorney's fees of $5,550?
 9              ATTY. BROWN:  No, Your Honor.
10              THE COURT:  So ordered.
11              Okay.  Why don't -- Attorney -- give me the --
12              ATTY. PICARD:  The sale date, Your Honor --
13              THE COURT:  Yes.
14              ATTY. PICARD:  -- is October 4th, 2014.  It has
15    to go by sale because there's an IRS lien on the
16    property.
17              THE COURT:  I see that.  Okay.  Why don't you
18    have your client representative identify himself for
19    the record?
20              MR. DAYE:  Good morning.  My name is Kim Daye,
21    D-A-Y-E, with Wells Fargo Bank doing (indiscernible)
22    service, service for the plaintiff.
23              THE COURT:  Good morning.  Is that your
24    understanding of the agreement that Attorney Picard
25    read on the record?
26              MR. DAYE:  Yes.
27              THE COURT:  Have you had enough time to talk to
```

```
 1    him about it?
 2         MR. DAYE:  I have.
 3         THE COURT:  Are you currently under the
 4    influence of any alcohol, drugs, or medication of
 5    any kind that would prevent you from fully
 6    understanding what is happening in Court today?
 7         MR. DAYE:  No, Your Honor.
 8         THE COURT:  Anybody forcing you or threatening
 9    you to enter this agreement?
10         MR. DAYE:  No.
11         THE COURT:  Do you find the agreement to be
12    fair and equitable under all the circumstances?
13         MR. DAYE:  I do.
14         THE COURT:  And are you satisfied with your
15    attorney's representation of you in this matter?
16         MR. DAYE:  Absolutely.
17         THE COURT:  Okay.  Thank you.
18         Attorney Brown, if you could have your clients
19    identify themselves for the record?
20         ATTY. BROWN:  Sure.
21         THE COURT:  Okay.
22         ATTY. BROWN:  One at a time.
23         MS. CONRAD:  Elizabeth P. Conrad.
24         MR. CONRAD:  John W. Conrad.
25         THE COURT:  Okay.  And if you want to sit in
26    the more comfortable seats, if you're more
27    comfortable sitting while I do this canvass, you
```

```
 1   can.
 2          MR. CONRAD:  Thank you.
 3          THE COURT:  We'll make Attorney Brown stand.
 4          ATTY. BROWN:  Oh, that's fine.  I stand all the
 5   time anyway, Judge.
 6          THE COURT:  Okay.  Is that your understanding
 7   of the agreement that was read onto the record by
 8   Attorney Picard?
 9          MR. CONRAD:  Yes.
10          MS. CONRAD:  I just want -- well, that we're in
11   the mediation process with everything -- all the
12   protections that that entails.
13          THE COURT:  Well, you're --
14          MS. CONRAD:  Whatever that --
15          THE COURT:  Yes, you're in the mediation
16   process.  My understanding would be judgment's going
17   to enter with a sale date of October 4th so I'm going
18   to refer this matter to mediation.
19          MS. CONRAD:  Uh-huh.
20          THE COURT:  You'll have whatever mediations the
21   -- are we going to do a pre-mediation or is --
22          ATTY. PICARD:  That would be wonderful, Your
23   Honor, so that they can get a package out.
24          THE COURT:  Okay.  That -- we'll do the whole
25   pre-mediation and then set up the mediations and,
26   pursuant to whatever the agreement is, pursuant to
27   the stipulation, if the mediator's report thinks
```

```
 1    that additional mediations are appropriate, the
 2    judgment will be reopened and extended pursuant to
 3    that.
 4         ATTY. PICARD:  By agreement.
 5         THE COURT:  By agreement.  Okay?
 6         MS. CONRAD:  Okay.
 7         THE COURT:  Okay.  So is it your understanding
 8    what was read --
 9         MS. CONRAD:  Yes.
10         THE COURT:  Okay.  Have you had enough time to
11    talk to your attorney about it?
12         MS. CONRAD:  Yes.
13         MR. CONRAD:  Yes.
14         THE COURT:  Okay.  And do me a favor.  I know
15    I'm asking both of you at the same time, but the
16    monitor's going to get mad at me if you say it both
17    at the same time.  So if you --
18         MR. CONRAD:  Yes, I agree.
19         THE COURT:  One at a time.
20         MS. CONRAD:  Yes, I agree.
21         THE COURT:  Perfect.  Thank you.
22         MS. CONRAD:  You can tell the difference.
23         THE COURT:  Yes.  And have you had enough time
24    to talk to -- did I just ask if you had enough time?
25    No, but I'll ask it again if I didn't.  Have you had
26    enough time to talk to your attorney about it?
27         MS. CONRAD:  I believe so.
```

1  MR. CONRAD: Yes.

2  THE COURT: Okay. When you say I believe so,
3  that concerns me.

4  MS. CONRAD: Well, we were -- supposedly the --
5  we had dealt with Wells Fargo before and supposedly
6  Aquin (phonetic) was the -- who we're going to be
7  dealing with now. But Aquin's a subservicer rather
8  than --

9  MR. CONRAD: Wells Fargo is the bank that we've
10 been dealing with and it's been unsatisfactory. And
11 now we were told that Aquin is the subserver that --
12 is a subserver. We were told that they were the
13 server.

14 Attorney Picard said they have a whole --
15 there's an array of programs that are different from
16 what they had before. So all I can -- we don't want
17 more of the same is what we're -- me and my sister
18 were talking about.

19 THE COURT: Okay.

20 MR. CONRAD: And Mr. -- Attorney Picard said
21 it's not more of the same, there's a lot of
22 different new programs that they're offering. So I
23 guess we'll find out.

24 THE COURT: Okay. But do you need more time to
25 talk to your attorney about it, about this
26 agreement?

27 MS. CONRAD: I would say no.

```
 1              MR. CONRAD:  No.
 2              THE COURT:  Okay.  Are you currently under the
 3    influence of any alcohol, drugs, or medication of
 4    any kind that would prevent you from fully
 5    understanding what is happening here in Court today?
 6              MR. CONRAD:  No.
 7              MS. CONRAD:  No.
 8              THE COURT:  Is anybody forcing you or
 9    threatening you to enter this agreement?
10              MS. CONRAD:  No.
11              MR. CONRAD:  No.
12              THE COURT:  Do you understand that part of the
13    agreement is you're waiving your appellate rights?
14    And you're knowingly and voluntarily doing that, is
15    that correct?
16              MR. CONRAD:  Yes.
17              MS. CONRAD:  Yes.
18              THE COURT:  Okay.  Do you find the agreement to
19    be fair and equitable under all the circumstances?
20              MR. CONRAD:  Yes.
21              MS. CONRAD:  What do you mean by all
22    circumstances?
23              THE COURT:  That fact that --
24              MS. CONRAD:  All circumstances presented?
25              THE COURT:  Yes; that you've got a hearing
26    going on --
27              MS. CONRAD:  Yeah.
```

```
 1          THE COURT:  -- that you could win, you could
 2    lose.  You know, appeals that could be taken, all
 3    sorts of things that, you know --
 4          MS. CONRAD:  We'd say yes.
 5          THE COURT:  Okay.
 6          MR. CONRAD:  Yes.
 7          THE COURT:  And are you satisfied with your
 8    attorney's representation of you in this matter?
 9          MS. CONRAD:  Yes.
10          MR. CONRAD:  Yes.
11          THE COURT:  Okay.  Thank you.  Any other
12    questions you want to ask me?
13          MR. CONRAD:  No, not in my part.  Beth?
14          MS. CONRAD:  No.
15          THE COURT:  Okay.  Thank you.  Do the attorneys
16    know of any reason why this agreement can't be
17    accepted?
18          ATTY. BROWN:  No, Your Honor.
19          ATTY. PICARD:  No, Your Honor.
20          THE COURT:  All right.  So the Court will find
21    that the agreement is fair and equitable under all
22    the circumstances.  The Court will accept the
23    stipulation.  The Court will enter judgment pursuant
24    to the stipulation.
25          The Court will enter a judgment of foreclosure
26    by sale with a sale date of October 4th, 2014, with
27    our standard orders.  And I think -- and the
```

```
 1    agreement that's read onto the record is becoming an
 2    order of the Court so I'm going to order that a copy
 3    of the transcript be ordered by the parties to be
 4    made a part of the file.  Okay?
 5         ATTY. PICARD:  Thank you, Your Honor.
 6         ATTY. BROWN:  All right.  Your Honor, the only
 7    question I have is the mediation aspect of this.
 8    Were this -- were they noticed?
 9         THE COURT:  Oh, I've got to order this -- I'm
10    -- you're right.  I've got to order it.  I'm going
11    to order that this be sent, pursuant to the
12    stipulation, to a -- the mediation program and that
13    a pre-mediation be set up.  How long before you can
14    get all the -- the package?
15         ATTY. PICARD:  I can probably get the package
16    in the next two to three weeks.  And then in the
17    interim if the defendants can get together their --
18    the standard stuff.  Counsel knows what's going to
19    be needed.
20         THE COURT:  How about if we have a pre-
21    mediation on or after May 27$^{th}$, but on or before May
22    30$^{th}$?  Is that okay?  And then --
23         ATTY. PICARD:  What were the dates, Your Honor?
24         THE COURT:  May 27$^{th}$ -- on or after May 27$^{th}$,
25    but on or before May 30$^{th}$.
26         ATTY. PICARD:  For the pre-mediation?
27         THE COURT:  Right.
```

```
 1         ATTY. PICARD:  So that means I have to get my
 2   package out by --
 3         THE COURT:  Is that enough time?  Because if
 4   you need more time, I'll give you more time, but --
 5         ATTY. PICARD:  I would prefer maybe an extra
 6   two weeks because I have to get --
 7         THE COURT:  Okay.  Then --
 8         ATTY. PICARD:  There's a litany of documents
 9   that I have to get mailed out to counsel.
10         THE COURT:  Any objection to the pre-mediation
11   taking place on or after June 9th, but on or before
12   June 13th?
13         ATTY. BROWN:  No, Your Honor.
14         THE COURT:  Attorney Picard?
15         ATTY. PICARD:  No, Your Honor.  That would give
16   me -- I think the stuff has to be two weeks prior?
17         THE COURT:  I'm not --
18         ATTY. PICARD:  I've got to -- I'd have to look
19   at it.
20         THE COURT:  You'd have to check with Lauren
21   Green on that one.
22         ATTY. PICARD:  Okay.
23         THE COURT:  I don't remember.  Okay.  So
24   ordered.
25         ATTY. PICARD:  Thank you, Your Honor.
26         ATTY. BROWN:  I want to -- that's all going to
27   be handled through mediation so I'll just get a
```

```
 1    notice.
 2         THE COURT:  Right.  You can both go upstairs
 3    right now and get a pre-mediation date from Lauren
 4    Green.
 5         ATTY. PICARD:  Okay.
 6         ATTY. BROWN:  Okay.
 7         THE COURT:  Okay?
 8         ATTY. PICARD:  Well, unfortunately Attorney
 9    Green is not here today.
10         THE COURT:  Oh, she's in -- okay.
11         ATTY. PICARD:  She's in Danbury.
12         ATTY. BROWN:  We can wait.
13         ATTY. PICARD:  We can -- that -- between those
14    dates is fine.  It gives me the window.  I can tell
15    my mediation group to have a package sent out ASAP.
16         THE COURT:  This is what I want you to do.  I
17    want you to -- she's in Danbury.
18         ATTY. PICARD:  Correct, Your Honor.
19         THE COURT:  And she has -- she can give you
20    these dates right now.  Just call her in the Danbury
21    clerk's office and she'll -- I don't --
22    unfortunately I don't know the number off the top of
23    my head.
24         ATTY. BROWN:  That's all right.  We can find
25    it.
26         ATTY. PICARD:  We can find it, Your Honor.
27         THE COURT:  Just call her right now and she'll
```

```
 1    give you the date.  I wanted, you know -- nothing
 2    falling through the cracks.
 3            ATTY. BROWN:  Set up -- (inaudible).
 4            ATTY. PICARD:  Thank you, Your Honor.
 5            THE COURT:  Okay?  Anything else to come before
 6    the Court at this time?
 7            ATTY. BROWN:  No, Your Honor.
 8            ATTY. PICARD:  No, Your Honor.
 9            THE COURT:  Okay.  I wish to congratulate
10    everybody on being able to work this out.  I wish
11    everybody good luck.
12                          *   *   *
```

```
NO: FST-CV08-5008432-S          :   SUPERIOR COURT

U.S. BANK NATIONAL ASSOCIATION  :   JUDICIAL DISTRICT
                                    OF STAMFORD/NORWALK

V.                              :   AT STAMFORD, CONNECTICUT

CONRAD, ELIZABETH               :   MAY 7, 2014
```

C E R T I F I C A T I O N

I hereby certify the foregoing pages are a true and correct transcription of the audio recording of the above-referenced case, heard in Superior Court, Judicial District of Stamford/Norwalk at Stamford, Connecticut, before the Honorable Douglas Mintz, Judge, on May 7, 2014.

Dated September 19, 2014 in Stamford, Connecticut.

_____
Karen Serena
Court Recording Monitor