Exhibit 25

# Exhibit 25

| | | |
|---|---|---|
| **DOCKET NO. FST-CV-08-5008432-S** | : | **SUPERIOR COURT** |
| **US BANK NATIONAL ASSOCIATION AS TRUSTEE** | : | **JUDICIAL DISTRICT OF STAMFORD/NORWALK** |
| **V.** | : | **AT STAMFORD** |
| **ELIZABETH P. CONRAD, ET AL.** | : | **MAY 19, 2015** |

## Motion to Terminate Mediation

US Bank National Association, as Trustee, (the "Plaintiff") hereby moves for termination of mediation pursuant to Con. Gen. Stat. 49-31 (the "Mediation Statute"). Defendants Elizabeth P. Conrad and John W. Conrad have been denied for loss mitigation assistance and subsequently established a pattern of conduct that is contrary to the objectives of the mediation program.

**Statement of Facts:**

1.  Plaintiff commenced the present civil action by Writ, Summons and Complaint dated August 12, 2008, as a result of failure to repay a Note (the "Note") dated July 21, 2006, in the original principal amount of $460,000.00. The Note is secured by a Mortgage ("the Mortgage") dated July 21, 2006, and all riders thereto, if any, on that certain piece or parcel of real property known as 58 Weed Hill Avenue, Stamford, Connecticut (the "Property"). The Defendants have failed to make monthly mortgage payments as required by the loan documents.

2.  Defendants requested participation in the Foreclosure Mediation Program on September 19, 2008, which was granted. Two mediations were scheduled before the mediation process ended on November 1, 2009 due to Defendants' failure to appear for their October 31, 2008 mediation.

ORAL ARGUMENT REQUESTED
TESTIMONY NOT REQUIRED

THIS LAW FIRM IS A DEBT COLLECTOR. ANY
INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

3. The matter proceeded to judgment on the basis of a Default for Failure to Plead, with judgment entered by the Court, Mintz, J., on January 12, 2009.

4. Defendants sought admittance to the court's Foreclosure Mediation Program on March 16, 2009, which was denied by the Court, Mintz, J., on that date.

5. The judgment was subsequently opened and extended multiple times at the request of both parties (March 19, 2009, Defendants, June 15, 2009, Plaintiff, September 23, 2009, Defendants, November 17, 2009, Defendants) and eventually vacated by the court, Mintz, J., on March 1, 2010.

6. On December 22, 2009, the court sent notice of a January 12, 2010 mediation. At that mediation, Defendants were presented with a Forbearance Agreement, which they subsequently failed to perform on.

7. On July 30, 2010, Mediator Ed O'Garro filed a Final Report, terminating mediation and representing that "Borrower offered loan modification. Show a surplus income to debt after modification of almost $700.00."

8. On October 12, 2010, the court, Mintz, J., marked off Plaintiff's Motion for Judgment and ordered the matter "referred to one mediation session which is to occur on or before October 29, 2010. Judgment can not go forward until the mediation session has occurred." Pleading 132.86. That session was held on October 22, 2010.

9. On November 3, 2010, Defendants moved for a modification of the mediation period, to which Plaintiff objected. After argument, the Court, Mintz, J., denied the Defendants' Motion and

sustained Plaintiff's Objection, but ordered that the matter was "referred to one mediation session which is to occur on or before December 30, 2010." That session was held on December 28, 2010.

10. On December 29, 2010, the Defendants again brought a Motion for Modification, to which Plaintiff objected. The court, Mintz, J., again denied the Defendants' Motion and sustained Plaintiff's Objection, but ordered that the matter was "referred to one mediation session which is to occur on or before January 28, 2011." That session was held on January 27, 2011.

11. Defendants did not request additional mediation after that session and Plaintiff, in an abundance of caution, filed an Objection to further mediation, which was sustained by the Court, Mintz, J., on March 1, 2011.

12. The matter again proceeded back towards judgment, but became litigated by an Objection to Motion for Judgment filed by the Defendants on July 20, 2012. The parties extensively briefed a number of issues and were scheduled for several hearing dates, both on and off the short calendar.

13. The litigation issues in the matter were resolved through an agreement placed into the record and approved by the court, Mintz, J., on May 7, 2014. The transcript of that agreement and orders is Pleading 195, but the operative portions are: stipulation to judgment with an agreed upon sale date of October 4, 2014, waiver of appeal and deficiency, and admission to the mediation program for both premediation and mediation. Moreover, the agreement indicated that, should the mediator determine the parties would benefit from further mediation, the sale date could be moved to so accommodate. The court, Mintz, J., extensively canvassed both the Defendants and the representative of the Plaintiff that was present.

14. Pursuant to the agreement, Plaintiff promptly provided a premediation compliance package and the matter was scheduled for a June 10, 2014 premediation.

15. On that date, Mediator Giovannii Salkey determined that mediation with the mortgagee would be scheduled, which was scheduled for July 25, 2014.

16. On July 24, 2014, the parties agreed to continue the matter due to recently provided documents and the schedule of Defense counsel. That continuance was granted by the court, Mintz, J., on July 25, 2015.

17. Plaintiff's review of those documents concluded with a denial for loss mitigation on August 22, 2014. A copy of that denial letter is attached as Exhibit 1 (the copy attached is redacted due to the substantial amount of private financial information contained therein- an unredacted copy can be made available if desired) and was discussed at the August 22, 2014 mediation. To date, no Report of that session has been filed, but on information and belief, the numbers used in the denial were accurate based on the Defendants' provided financial information.

18. Notwithstanding the prior agreement and denial, Defendant moved to open the stipulated judgment on September 18, 2014. After a hearing, the Court, Mintz, J., denied the Motion (meaning the scheduled October 4, 2014 sale would proceed) but ordered that "using the court's equitable powers the parties are ordered to participate in a mediation on after 10/20/2014 and or before 10/24/2014."

19.  On October 3, 2014, Defendant John W. Conrad filed a petition for relief under

Chapter 7 of the Bankruptcy Code, staying the October 4, 2014 sale.  That bankruptcy was

dismissed on February 4, 2015.

20.  On May 7, 2015, some five months after the sale was to occur per the stipulation,

the court sent notice of a May 28, 2015 mediation.

**Statement of Law**

Conn. Gen. Stat. 49-31*l*7 codifies the statutory Objectives of mediation:

(7) "Objectives of the mediation program" (A) means a determination as to whether or not the parties can reach an agreement that will (i) avoid foreclosure by means that may include consideration of any loss mitigation options available through the mortgagee, or (ii) expedite or facilitate the foreclosure in a manner acceptable to the parties, and (B) **includes an expectation that all parties shall endeavor to reach such determination with reasonable speed and efficiency by participating in the mediation process in good faith, but without unreasonable and unnecessary delays**.  Conn. Gen. Stat. 49-31*l*7. (emphasis added).

Here, there has been a determination as to whether the parties can or cannot reach an agreement,

specifically that there are no loss mitigation options available through the mortgagee with the

Defendants' current financial situation.  Moreover, there **was** an agreement to facilitate the foreclosure in

a manner acceptable to the parties, which Defendants subsequently breached and invalidated.  Defendant

has been reviewed for home retention options multiple times and, in addition to being offered an option

that the mediator at the time clearly felt was affordable, has been most recently denied due to insufficient

income.  Rather than accept the reality of the denial and the financial situation, Defendant has chosen to

blame her former counsel, after a thorough canvas by the court where she indicated she was satisfied with her former attorney's representation.

Violation of the objectives of mediation has a specific remedy. "The court may impose sanctions on any party or on counsel to a party if such party or such counsel engages in intentional or a pattern or practice of conduct during the mediation process that is contrary to the objectives of the mediation program." Conn. Gen. Stat. 49-31$nC$2. The statute goes on to clarify that termination of mediation is an appropriate sanction- "Available sanctions shall include, but not be limited to, terminating mediation." *Id.* Here, should this matter be treated as being within the remit of the mediation statute, termination would therefore be warranted.

Moreover, the extension of mediation by the court has repeatedly invoked the court's equitable powers. "An action of foreclosure is peculiarly an equitable action. Hence, the court may consider all relevant circumstances to ensure that complete justice is done." *McKeever v. Fiore*, 78 Conn.App. 783, 788, 829 A.2d 846 (2003). (Citations omitted.)

> The determination of what equity requires in a particular case, the balancing of the equities, is a matter for the discretion of the trial court. Discretion means a legal discretion, to be exercised in conformity with the spirit of the law and in a manner to subserve and not to impede or defeat the ends of substantial justice. Our Supreme Court has insisted that **equity must look to substance and not mere form.** *McKeever v. Fiore*, *supra*, at 788-89. (Internal quotation marks omitted; internal citations omitted; emphasis added.)

Perhaps the most applicable axiom of equity is that it must be mutual: "one who seeks equity must also do equity and expect that equity will be done for all" [internal quotation marks omitted]). Gelinas v. West Hartford, 225 Conn. 575, 587, 626 A.2d 259 (1993).

Here, the Court ordered a single equitable mediation under a very specific set of facts- the October 4, 2014 sale would have occurred, the agreement reached between the parties would have been intact, and the sole issue to discuss would be how to proceed from that point. Defendant's bankruptcy filing invalidated that as it stayed the agreed upon sale date. Moreover, Defendant's bankruptcy was dismissed in February, and neither Defendant nor counsel sought to be readmitted or rescheduled for mediation. Simply put, were mediation to be anything but a stall tactic, it would have been pursued months ago. It was not, and forcing the Plaintiff to incur the expense and delay of another mediation session when there was an agreement reached and breached, would be inequitable.

WHEREFORE, the plaintiff moves that the Court terminate mediation granted pursuant to its equitable powers and cancel the May 28, 2015 mediation.


Plaintiff


By___/428599_____
    James AR Pocklington, Esq
    Hunt Leibert Jacobson, P.C.
    Its Attorneys
    50 Weston Street
    Hartford, Ct. 06120
    (860) 808-0606
    Juris No. 101589

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed, postage prepaid,

by first class mail on May 19, 2015 to the following:

United States Attorney
District of Connecticut
157 Church Street, 25th Floor
New Haven, CT 06510

David J. Marantz, Committee
60 Long Ridge Road, Suite 200
Stamford, CT 06902

John Conrad
58 Weedhill Ave
Stamford, CT 06902

Cali & Pol
1187 Broad Street
Second Floor
Bridgeport, CT 06604

Elizabeth Conrad
58 Weed Hill Ave
Stamford, CT 06907

_____/428599_____
James Pocklington
Attorney for the Plaintiff

03349-02255

*Exhibit 1*

| Account Information | |
|---|---|
| **Fax:** | 1-866-590-8910 |
| **Telephone:** | 1-800-416-1472 |
| **Correspondence:** | PO Box 10335 |
| | Des Moines, IA 50306 |
| **Hours of operation:** | Mon - Thurs, 7 a.m. - 9 p.m., |
| | Fri, 7 a.m. - 8 p.m., |
| | Sat, 8 a.m. - 4 p.m., CT |
| | |
| **Loan number:** | |
| **Property address:** | 58 WEED HILL AVE |
| | STAMFORD CT, 06907 |

08/22/14

ELIZABETH CONRAD

58 WEED HILL AVENUE

STAMFORD, CT  06907

Subject: Your request for assistance
Note: We service your mortgage on behalf of your investor, U.S. Bank, N.A. as Trustee for RASC 2006-EMX8.

Dear ELIZABETH CONRAD:

We're responding to your request for assistance and the options that may be available to help you. We realize that the process can take some time, and we appreciate your patience while we review your options.

**Decision on the federal government's Home Affordable Modification Program (HAMP)**
We carefully reviewed the information you provided us. At this time, you do not meet the requirements of HAMP because:

Based on the documentation you provided, we are unable to reduce your principal and interest payment by 10% or more. We reached this decision by reviewing your monthly income, which is calculated as $            , along with reviewing the other financial information you provided.

**About the calculation required by the program**
In order for you to have qualified for this program, we were required by the government to calculate the net present value (NPV) for your modification. This calculation is based on a complex formula




HP602 106
01842BJ000213 ACS0GUS1-FF-M1-C001
1061115038670HP602

developed by the Department of the Treasury. We input certain financial information and combine it with information required by the Treasury to determine if the NPV is acceptable to the investor that owns your mortgage.

For your reference, we have enclosed a list of specific NPV input values used in your evaluation. Please understand that the reason we are unable to offer you this program is not related to your NPV evaluation. We are providing this list for your information only, and you cannot dispute the input values used in your evaluation.

**You have the right to appeal this decision**
Carefully read over this letter, which states America's Servicing Company's decision. If you believe the decision is incorrect and want to appeal the decision, you may submit your appeal request in writing or by phone.

If you choose to submit your appeal request in writing, we have enclosed an Appeal Request Form for your convenience. Or you can write a letter of your own that explains the reason you disagree with the decision.

You can initiate an appeal in one of three ways:
1. Fax your appeal request to 1-866-590-8910.

2. Mail your appeal request to:
1000 Blue Gentian Road,
Suite 300 MAC X9999-01N,
Eagan, MN 55121

3. Call 1-877-816-4914 and follow the prompts.

If you choose to submit your appeal request in writing, by fax or mail -- using the enclosed form or a letter of your own -- please specify which of these two options applies to you:

Option A. I want to appeal the decision I received. I have enclosed additional information for your consideration, and/or I have no further information to provide. I understand America's Servicing Company will review the decision immediately based on the additional information I have provided (if applicable), or on the information they currently have.

Option B. I will be appealing the decision I received. I will submit additional information for your consideration at a later time. I understand that if America's Servicing Company does not receive my additional information within 30 calendar days from the date of this letter, America's Servicing Company will immediately move forward with a review of the decision.

Appeal request guidelines:
· If you do not specify your intention for providing additional information, by selecting one of the two options above, we will follow the process described in Option B.
· If you are disputing the value of your property used in the decision, you must indicate the specific value you believe is more accurate.





HP602 106
01642B/000214 AGS0GU S1-FF-M1-C001

· We must receive your appeal request, with any additional information (as applicable) within 30 calendar days from the date of this letter.
· After an appeal is initiated, if you selected Option B and we do not receive your additional information within 30 calendar days from the date of this letter, we will review the decision based on the information we have at that time.
· You may have recently received a separate communication regarding another review we completed. Our decision regarding that review may also be appealable, subject to the timelines and guidelines here.
· Be sure to include your loan number on your appeal request and any additional information.
· If you choose to initiate your request by phone, make sure to have your loan number available and follow the phone prompts carefully.

Please note
After we receive your appeal request, you will receive a letter that confirms receipt of your request and outlines next steps in the appeal process. As your home preservation specialist, I remain available to assist you with any questions you may have about this letter, but you must initiate an appeal request in one of the three ways listed above.

**Talk to me about your other options**
There may be other options available to help you avoid a foreclosure sale, provided you meet the requirements.

If you're interested in staying in your home, you may be eligible for help through a different assistance program. If you are eligible for an alternative assistance option, we will review your information and we will notify you separately of the result of that review.

Other options you may be interested in: If the amount you owe on your mortgage is higher than what you think you can sell your house for, you may want to consider what is known as a "short sale." This option could allow you to list your home for sale, for an amount that is less than you owe.

During the short sale process, you'll need to submit documentation to us that we will evaluate. For example, a short sale requires a purchase contract. Once we receive a purchase contract America's Servicing Company will review the terms of the contract and obtain the appraised value of the property.

If you are interested in a short sale, contact me right away. I can help explain the short sale process, guidelines and your eligibility.

If you are unable to sell your home or find a short sale is not the right alternative to foreclosure for you, another option to consider might be a deed in lieu of foreclosure, sometimes referred to as a Mortgage Release. If you are interested in a deed in lieu of foreclosure, please contact me right away so we can determine your eligibility and coordinate an appraisal and inspection of your property.

Keep in mind, if you accept a deed in lieu of foreclosure, you must agree to vacate the property within an agreed upon time.





**We're here for you**
I am available to help you and can be reached at the phone number listed below or by email at
HAMPNonApprovalInquiry@wellsfargo.com. Please note: sending your documents via email is not a
secure method of transmitting information.

Sincerely,

*Stephen Boek*

Stephen Boek
Home Preservation Specialist
America's Servicing Company
Ph: 1-8778931958 ext. 84108
Fax: 1-866-590-8910

**Contact us**
If you'd like to request information, notify us of an error, or share any concerns you may have about the
servicing of your loan, please contact us at P.O. Box 10335, Des Moines, IA 50306.

---

**Get free counseling to help manage expenses and avoid foreclosure.**
Reach out to a local HUD-approved, non-profit housing counseling agency if you're struggling
to keep up with monthly expenses, or want help to avoid foreclosure. At no cost, a counselor
will work closely with you, providing the information and assistance you need. To find an
agency near you, go to **www.hud.gov/offices/hsg/sfh/hcc/fc.** Or call **1-800-569-4287**. You
can also call the HOPE Hotline at 1-888-995-HOPE (4673).

Be sure you avoid anyone who asks for a fee for counseling or a loan modification, or asks
you to sign over the deed to your home, or to make your mortgage payments to anyone other
than America's Servicing Company.

---

America's Servicing Company is required by the Fair Debt Collection Practices Act to inform you that, as your account servicer, we are attempting to
collect a debt, and any information obtained will be used for that purpose. However, if you have received a discharge from bankruptcy, and the account
was not reaffirmed in the bankruptcy case, America's Servicing Company will only exercise its rights against the property and is not attempting any act
to collect the discharged debt from you personally.

The Federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national
origin, sex, marital status, age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income
derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act.
The federal agency that administers compliance with this law concerning this creditor is Bureau of Consumer Financial Protection, 1700 G Street
NW., Washington DC 20006.

Wells Fargo Home Mortgage, doing business as America's Servicing Company, is a division of Wells Fargo Bank, N.A.
© 2014 Wells Fargo Bank, N.A. All rights reserved. NMLSR ID 399801





HP602 106

# Appeal Request Form

Carefully read over the letter that came with this form, which states America's Servicing Company's decision. If you believe our decision is incorrect and want to appeal the decision, we recommend you use this form to submit a written appeal.

**Important:**
- We must receive your written request for an appeal or a phone-initiated appeal request within 30 days from the date of this letter, or we will not move forward with a review of the decision. While not required, please provide any additional information (as applicable) that will help us look into your request.
- If you are disputing the value of your property used in the decision, you must indicate the specific value you believe is more accurate in your explanation below.

Please explain the reason you disagree with the decision.

_____
_____
_____
_____
_____
_____
_____

**Select and check the box that best applies to your request:**
( ) Option A. I want to appeal the decision I received. I have enclosed additional information for your consideration, and/or I have no further information to provide. I understand America's Servicing Company will review the decision immediately based on the additional information I have provided (if applicable), or on the information they currently have.

( ) Option B. I will be appealing the decision I received. I will submit additional information for your consideration at a later time. I understand that if America's Servicing Company does not receive my additional information within 30 days from the date of this letter, America's Servicing Company will immediately move forward with a review of the decision.

**Please note:** If you do not specify your intention for providing additional information by selecting one of the two options above, America's Servicing Company will follow the process described in Option B.

Be sure to include your loan number on any supporting documents.

ELIZABETH CONRAD

Primary contact phone number: _____
Other contact phone numbers: _____
                              _____
Best day and time to call: _____

**Mail your appeal request to:**          **Or fax your appeal request to:**
1000 Blue Gentian Road                    1-866-590-8910
Suite 300 MAC X9999-01N
Eagan, MN 55121





HP602 106

# Net Present Value (NPV) Input Data Fields and Values

| Input Data Fields | Explanation |
|---|---|
| **I. Borrower Information** | |
| 1. Current Borrower Credit Score | This is your credit score as provided by one or more of the three national credit reporting agencies.* |
| 2. Current Co-borrower Credit Score | If a co-borrower is listed on your mortgage, this is the co-borrower's credit score as provided by one or more of the three national credit reporting agencies.* |
| 3. Monthly Gross Income | This is the total monthly income of all borrowers on your mortgage before any payroll deductions or taxes are taken out. |
| 4. Principal Residence Total Housing Expense | This is the total monthly housing expense (i.e., mortgage principal, interest, real estate taxes, insurance, and homeowners association fees, if any) for your principal residence and the principal residence(s) of any co-borrower(s). Note: This field only applies if your application for a HAMP modification is for a property that is not your principal residence. |
| *Note: A proxy score of 557 may be used if a credit bureau score is unavailable. A minimum score of 250 will be used if the credit bureau score received from the credit bureau agency is below 250. | |
| **II. Property Information** | |
| 5. Property - State | This is the two-letter state code of the property securing the mortgage you are requesting to modify under HAMP. |
| 6. Property - Zip Code | This is the zip code of the property securing the mortgage you are requesting to modify under HAMP. |
| 7. Property Value | This is the estimated fair market value of the property securing the mortgage you are requesting to modify under HAMP. |
| 8. Property Valuation Type | This identifies the method by which the property securing the mortgage you are requesting to modify under HAMP was valued based on the Property Value (Field 7). <br> 1 – Automated Valuation Model (AVM) <br> 2 – Exterior Broker Price Opinion (BPO) / Appraisal (as is value) <br> 3 – Interior BPO / Appraisal (as is value) |
| 9. Occupancy | This code identifies the occupancy status of the property securing the mortgage you are requesting to modify under HAMP. A code **1**, **3** or **4** is used for owner-occupied properties and a code **2** is used for properties that are not owner occupied. |
| 10. Property - Monthly Gross Rental Income | This is the monthly gross rental income (before taxes and deductions) from the property secured by the mortgage you are requesting to modify under HAMP. Note: This field only applies if your application for a HAMP modification is for a property that is not your principal residence. |
| **III. Mortgage Information** | |



1061115038670HP602

| Input Data Fields | Explanation |
|---|---|
| 11. Data Collection Date | This is the date we collected the unpaid principal balance and other data used in this NPV analysis. |
| 12. Imminent Default Flag | This is your default status as of the date you were evaluated (i.e., underwritten) for HAMP. At the time of evaluation:<br>• If you did not miss any payments, or less than two payments were due and unpaid by the end of the month in which they were due, and you suffered a verified financial hardship, you were considered to be in "imminent default." In this situation, the value in this field is **Y**.<br>• If two or more payments were due and unpaid by the end of the month in which they were due, the value in this field is **N** and imminent default does not apply. |
| 13. Investor Code | This code identifies the owner of the mortgage you are requesting to modify under HAMP.<br>1. Fannie Mae<br>2. Freddie Mac<br>3. Owned by a private investor other than Wells Fargo<br>4. Owned by Wells Fargo or an affiliated company<br>5. Ginnie Mae |
| 14. Unpaid Principal Balance at Origination | This is the amount of the mortgage you are requesting to modify under HAMP at the time it was originated (i.e., the amount you borrowed). |
| 15. First Payment Date at Origination | This is the date the first payment on the mortgage you are requesting to modify under HAMP was due after it was originated. |
| 16. Product Before Modification | This identifies the type of mortgage you held prior to your most recent application for a HAMP modification:<br><br>1. Adjustable Rate Mortgage (ARM) and/or Interest Only mortgage loan<br>2. Fixed Rate<br>3. Step Rate<br>4. One Step Variable<br>5. Two Step Variable<br>6. Three Step Variable<br>7. Four Step Variable<br>8. Five Step Variable<br>9. Six Step Variable<br>10. Seven Step Variable<br>11. Eight Step Variable<br>12. Nine Step Variable<br>13. Ten Step Variable<br>14. Eleven Step Variable<br>15. Twelve Step Variable<br>16. Thirteen Step Variable<br>17. Fourteen Step Variable |
| 17. Adjustable Rate Mortgage (ARM) Reset Date | This is the date the next Adjustable Rate Mortgage (ARM) reset was due to occur, as of the Data Collection Date (Field 11). This field applies only if the type of mortgage you held prior to your most recent application for a HAMP modification was an ARM loan. If you |





HP602 106

1061115038870HP602

| Input Data Fields | Explanation |
|---|---|
| | did not have an ARM loan, this field will be blank. |
| 18. Next Adjustable Rate Mortgage (ARM) Reset Rate | This is the interest rate your mortgage was expected to change to, based on the next ARM reset date (Field 17). Please see your mortgage loan documentation for information on how your mortgage rate is recalculated at its reset date.

Note: If the reset date on your ARM loan is within 120 days of the Data Collection Date (Field 11), the value in this field is the expected interest rate on your mortgage at the next reset date. If the reset date on your ARM loan is more than 120 days from the Data Collection Date, the value in this field is the interest rate at the time of the NPV evaluation. |
| 19. Unpaid Principal Balance Before Modification | This is the unpaid amount of principal (money you borrowed) on the mortgage you are requesting to modify under HAMP, as of the Data Collection Date (Field 11). It does not include any unpaid interest or other amounts that you may owe. |
| 20. Interest Rate Before Modification | This is the interest rate on the mortgage you are requesting to modify under HAMP, as of the Data Collection Date (Field 11). Please review your mortgage loan documentation (including any modification documentation, if previously modified) for information on the interest rate of your mortgage. |
| 21. Remaining Term (# of Payment Months Remaining) | This is the remaining number of months you have left to pay under the original term of the mortgage you are requesting to modify under HAMP, as of the Data Collection Date (Field 11). Please review your mortgage loan documentation (including any modification documentation, if previously modified) for information the term of your mortgage. |
| 22. Principal and Interest Payment Before Modification | This is the amount of principal and interest you were scheduled to pay each month as of the Data Collection Date (Field 11). |
| 23. Monthly Real Estate Taxes | This is the monthly cost of your real estate taxes. If your taxes are paid annually, this amount will be 1/12th of the annual cost. |
| 24. Monthly Hazard and Flood Insurance | This is the monthly cost of your hazard and flood insurance coverage. If your insurance is paid annually, this amount will be 1/12th of the annual cost. |
| 25. Homeowners Association Dues/Fees | This is your monthly homeowners' or condominium association fee payments, any future monthly escrow shortages or a rent payment (if you have been displaced and are paying rent on a residence that you don't own, while seeking a modification on your primary residence). If your homeowners' or condominium association fee payments are paid annually, this will be 1/12th of the annual cost. |
| 26. Months Past Due | This is the number of mortgage payments you would have had to make in order to make your mortgage current as of the Data Collection Date (Field 11). |





1061115038670HP602

HP602 106

| Input Data Fields | Explanation |
|---|---|
| 27. Mortgage Insurance Coverage Percent | This is the percentage of private mortgage insurance coverage on the mortgage you are requesting to modify under HAMP. If you do not have private mortgage insurance, this field is blank. |
| 28. Capitalized UPB Amount | This is the capitalized unpaid principal balance amount that includes all outstanding principal, accrued interest, and escrow advances, as of the Data Collection Date (Field 11). |

### IV. Proposed Modification Information

The fields below that describe the proposed HAMP modification that was calculated by your servicer according to the HAMP program guidelines (subject to investor restrictions) that were used in your Net Present Value (NPV) evaluation.

| | |
|---|---|
| 29. NPV Date | This is the initial date that the NPV evaluation was conducted on the mortgage you are requesting to modify under HAMP. |
| 30. Modification Fees | This is the total amount of costs and fees that would have been paid by the investor (owner) of your loan, if you had been approved for a HAMP modification. This includes expenses such as notary fees, property valuation, credit report, and other required fees. |
| 31. Mortgage Insurance Partial Claim Amount of the Proposed HAMP Modification | This identifies any mortgage insurance payout amount as part of the proposed HAMP modified mortgage. This amount is at the discretion of your mortgage insurance company. Note: This field will be zero if you were not approved for a trial period plan or HAMP modification because of a negative NPV result. |
| 32. Unpaid Principal Balance of the Proposed HAMP Modification (Net of Forbearance & Principal Reduction) | This is the beginning principal balance on which you would have been required to pay interest, if you had received a HAMP modification. It is likely to be different than your current principal balance because it includes amounts you owe for missed mortgage payments and unpaid expenses that are allowed to be added (capitalized) to your principal balance. Also, it may be reduced by proposed principal forbearance (Field 36) or proposed principal forgiveness (Field 37). |
| 33. Interest Rate of the Proposed HAMP Modification | This is the starting interest rate of the proposed HAMP modified mortgage. This rate is fixed for at least the first 5 years after the modification. |
| 34. Amortization Term of the Proposed HAMP Modification | This is the number of months left to pay on the proposed HAMP modified mortgage. |
| 35. Principal and Interest Payment of the Proposed HAMP Modification | This is the amount of the monthly principal and interest payment on the proposed HAMP modified mortgage. |
| 36. Principal Forbearance Amount of the Proposed HAMP Modification | This is the amount of principal your investor was willing to forbear on the proposed HAMP modified mortgage. You would have still owed this amount, but you would not have been charged interest on it and no payments would have been due on this amount until you paid off your mortgage. |
| 37. Principal Forgiveness Amount of the Proposed HAMP Modification | This is the amount of principal your investor was willing to forgive under the proposed HAMP modified mortgage. |




| Input Data Fields | Explanation |
|---|---|
| 38. Unpaid Principal Balance of the Proposed HAMP Modification (Net of Forbearance & Principal Reduction) | This is the beginning principal balance, as of the Data Collection Date (Field 11), on which you would have been required to pay interest if you had received a HAMP modification. It is likely to be different than your current principal balance because it includes amounts you owe for missed mortgage payments and unpaid expenses that are allowed to be added (capitalized) to your principal balance. Also, it may be reduced by proposed principal forbearance (Field 42), or the amount calculated by the NPV model under the standard modification or proposed principal forgiveness (Field 39). |
| 39. Principal Forgiveness Amount of the Proposed HAMP Modification | This field identifies the amount of principal your investor was willing to forgive under the proposed HAMP modified mortgage. |
| 40. Interest Rate of the Proposed HAMP Modification | This is the fixed interest rate of the proposed HAMP modified mortgage. Note: This field only applies if the owner of your mortgage provides for a different interest rate than would be provided under the standard HAMP Modification. |
| 41. Amortization Term of the Proposed HAMP Modification | This is the number of months left to pay on the proposed HAMP modified mortgage. Note: This field only applies if the owner of your mortgage provides for a different amortization term than would be provided under the standard HAMP Modification. |
| 42. Principal Forbearance Amount of the Proposed HAMP Modification | This is the amount of principal forborne on the proposed HAMP modified mortgage. You would have still owed this amount, but you would not have been charged interest on it and no payments would have been due on this amount until you paid off your loan. Note: This field only applies if the owner of your mortgage provides for a different forbearance amount than would be provided under the standard HAMP Modification. |
| 43. Investor Override for Modification | This code indicates whether the owner of your mortgage provides for different terms than would be provided under the standard HAMP Modification. If there are terms other than the standard terms, the value in this field is **Y**. If not, the value in this field is **N**. |




# Net Present Value (NPV) Input Data Values

| | Input Data Field | Customer Data |
|---|---|---|
| 1 | Current Borrower Credit Score | |
| 2 | Current Co-borrower Credit Score | |
| 3 | Monthly Gross Income | |
| 4 | Principal Residence Total Housing Expense | |
| 5 | Property - State | CT |
| 6 | Property - Zip Code | 06907 |
| 7 | Property Value | |
| 8 | Property Valuation Type | |
| 9 | Occupancy | |
| 10 | Property - Monthly Gross Rental Income | |
| 11 | Data Collection Date | |
| 12 | Imminent Default Flag | |
| 13 | Investor Code | |
| 14 | Unpaid Principal Balance at Origination | |
| 15 | First Payment Date at Origination | |
| 16 | Product Before Modification | |
| 17 | Adjustable Rate Mortgage (ARM) Reset Date | |
| 18 | Next Adjustable Rate Mortgage (ARM) Reset Rate | |
| 19 | Unpaid Principal Balance Before Modification | |
| 20 | Interest Rate Before Modification | |
| 21 | Remaining Term (# of Payment Months Remaining) | |
| 22 | Principal and Interest Payment Before Modification | |
| 23 | Monthly Real Estate Taxes | |
| 24 | Monthly Hazard and Flood Insurance | |
| 25 | Homeowners Association Dues/Fees | |
| 26 | Months Past Due | |
| 27 | Mortgage Insurance Coverage Percent | |
| 28 | Capitalized UPB Amount | |
| 29 | NPV Date | |
| 30 | Modification Fees | |
| 31 | Mortgage Insurance Partial Claim Amount of the Proposed HAMP Modification | |
| 32 | Unpaid Principal Balance of the Proposed HAMP Modification (Net of Forbearance & Principal Reduction) | |
| 33 | Interest Rate of the Proposed HAMP Modification | |
| 34 | Amortization Term of the Proposed HAMP Modification | |





1061115038670HP602

| 35 | Principal and Interest Payment of the Proposed HAMP Modification | |
| 36 | Principal Forbearance Amount of the Proposed HAMP Modification | |
| 37 | Principal Forgiveness Amount of the Proposed HAMP Modification | |
| 38 | Unpaid Principal Balance of the Proposed HAMP Modification (Net of Forbearance & Principal Reduction) | |
| 39 | Principal Forgiveness Amount of the Proposed HAMP Modification | |
| 40 | Interest Rate of the Proposed HAMP Modification | |
| 41 | Amortization Term of the Proposed HAMP Modification | |
| 42 | Principal Forbearance Amount of the Proposed HAMP Modification | |
| 43 | Investor Override for Modification | |

*NOTE: A proxy score of 557 may be used if a credit bureau score is unavailable. A minimum score of 250 will be used if the credit bureau score received from the credit bureau agency is below 250.





HP602 106

1061115038670HP602

```
                    Account Information

Fax:                     1-866-590-8910
Telephone:               1-800-416-1472
Correspondence:          PO Box 10335
                         Des Moines, IA 50306
Hours of operation:      Mon - Thurs, 7 a.m. - 9 p.m.,
                         Fri, 7 a.m. - 8 p.m.,
                         Sat, 8 a.m. - 4 p.m., CT


Loan number:
Property address:  58 WEED HILL AVE
                   STAMFORD CT, 06907
```

08/22/14


ELIZABETH CONRAD

58 WEED HILL AVENUE

STAMFORD, CT  06907


Subject: Your request for assistance
Note: We service your mortgage on behalf of your investor, U.S. Bank, N.A. as Trustee for RASC 2006-EMX8.

Dear ELIZABETH CONRAD:

We're responding to your request for assistance and the options that may be available to help you. We realize that the process can take some time, and we appreciate your patience while we review your options.

**Here's what we found**
We carefully reviewed the information you provided us, which includes a process that compares your information to the qualifications for assistance associated with your loan. Here is the result of that review:

Program Name: Loan Modification
Program description: A loan modification is a written agreement that modifies a customer's original loan terms to create more affordable payments. This home preservation option is available to customers whose loan is in default or imminent default (one or more payments are -- or will soon be -- more than 30 days late) and whose debt-to-income ratio meets product qualification guidelines.
At this time, you do not meet the requirements of this program because:





Based on the documentation you provided, we are unable to create an affordable mortgage payment that still meets the requirements of the program. We reached this decision by reviewing your monthly income, which is calculated as _____ along with reviewing the other financial information you provided.

Program Name: Repayment Plan
Program Description: A repayment plan is a home preservation option for a customer who is able to make larger-than-normal monthly mortgage payments but cannot pay the outstanding balance due in a lump sum to bring their delinquency current. The repayment plan allows a financially able customer to bring their delinquency current within an agreed-upon period. At the end of the repayment plan period, the customer goes back to making their normal monthly mortgage payments.
At this time, you do not meet the requirements of this program because:
Based on the documentation you provided, we are unable to create an affordable mortgage payment that still meets the requirements of the program. We reached this decision by reviewing your monthly income, which is calculated as _____ , along with reviewing the other financial information you provided.

Once we determined that you did not meet the requirements for a particular program, we did not continue to evaluate that program based on other criteria related to your loan type or information you may have supplied. Instead we moved to evaluate you for the next available program based on your information and the qualifications associated with your loan.

**You have the right to appeal this decision**
Carefully read over this letter, which states America's Servicing Company's decision. If you believe the decision is incorrect and want to appeal the decision, you may submit your appeal request in writing or by phone.

If you choose to submit your appeal request in writing, we have enclosed an Appeal Request Form for your convenience. Or you can write a letter of your own that explains the reason you disagree with the decision.

You can initiate an appeal in one of three ways:
1. Fax your appeal request to 1-866-590-8910.

2. Mail your appeal request to:
1000 Blue Gentian Road,
Suite 300 MAC X9999-01N,
Eagan, MN 55121

3. Call 1-877-816-4914 and follow the prompts.

If you choose to submit your appeal request in writing, by fax or mail -- using the enclosed form or a letter of your own -- please specify which of these two options applies to you:

Option A. I want to appeal the decision I received. I have enclosed additional information for your consideration, and/or I have no further information to provide. I understand America's Servicing




HP601 106

Company will review the decision immediately based on the additional information I have provided (if applicable), or on the information they currently have.

Option B. I will be appealing the decision I received. I will submit additional information for your consideration at a later time. I understand that if America's Servicing Company does not receive my additional information within 30 calendar days from the date of this letter, America's Servicing Company will immediately move forward with a review of the decision.

Appeal request guidelines:
· If you do not specify your intention for providing additional information, by selecting one of the two options above, we will follow the process described in Option B.
· If you are disputing the value of your property used in the decision, you must indicate the specific value you believe is more accurate.
· We must receive your appeal request, with any additional information (as applicable) within 30 calendar days from the date of this letter.
· After an appeal is initiated, if you selected Option B and we do not receive your additional information within 30 calendar days from the date of this letter, we will review the decision based on the information we have at that time.
· You may have recently received a separate communication regarding another review we completed. Our decision regarding that review may also be appealable, subject to the timelines and guidelines here.
· Be sure to include your loan number on your appeal request and any additional information.
· If you choose to initiate your request by phone, make sure to have your loan number available and follow the phone prompts carefully.

Please note
After we receive your appeal request, you will receive a letter that confirms receipt of your request and outlines next steps in the appeal process. As your home preservation specialist, I remain available to assist you with any questions you may have about this letter, but you must initiate an appeal request in one of the three ways listed above.

**Talk to me about your other options**
There may be other options available to help you avoid a foreclosure sale, provided you meet the requirements.

If the amount you owe on your mortgage is higher than what you think you can sell your house for, you may want to consider what is known as a "short sale." This option could allow you to list your home for sale, for an amount that is less than you owe.

During the short sale process, you'll need to submit documentation to us that we will evaluate. For example, a short sale requires a purchase contract. Once we receive a purchase contract America's Servicing Company will review the terms of the contract and obtain the appraised value of the property.

If you are interested in a short sale, contact me right away. I can help explain the short sale process, guidelines and your eligibility.





1061115038670HP601

If you are unable to sell your home or find a short sale is not the right alternative to foreclosure for you, another option to consider might be a deed in lieu of foreclosure, sometimes referred to as a Mortgage Release. If you are interested in a deed in lieu of foreclosure, please contact me right away so we can determine your eligibility and coordinate an appraisal and inspection of your property.

Keep in mind, if you accept a deed in lieu of foreclosure, you must agree to vacate the property within an agreed upon time.

**We're here for you**
If you have any questions about the information in this letter please call me at the phone number listed below.

Sincerely,

*Stephen Boek*

Stephen Boek
Home Preservation Specialist
America's Servicing Company
Ph: 1-8778931958 ext. 84108
Fax: 1-866-590-8910

**Contact us**
If you'd like to request information, notify us of an error, or share any concerns you may have about the servicing of your loan, please contact us at P.O. Box 10335, Des Moines, IA 50306.

---

**Get free counseling to help manage expenses and avoid foreclosure.**
Reach out to a local HUD-approved, non-profit housing counseling agency if you're struggling to keep up with monthly expenses, or want help to avoid foreclosure. At no cost, a counselor will work closely with you, providing the information and assistance you need. To find an agency near you, go to **www.hud.gov/offices/hsg/sfh/hcc/fc**. Or call **1-800-569-4287**. You can also call the HOPE Hotline at 1-888-995-HOPE (4673).

Be sure you avoid anyone who asks for a fee for counseling or a loan modification, or asks you to sign over the deed to your home, or to make your mortgage payments to anyone other than America's Servicing Company.

---

America's Servicing Company is required by the Fair Debt Collection Practices Act to inform you that, as your account servicer, we are attempting to collect a debt, and any information obtained will be used for that purpose. However, if you have received a discharge from bankruptcy, and the account was not reaffirmed in the bankruptcy case, America's Servicing Company will only exercise its rights against the property and is not attempting any act to collect the discharged debt from you personally.

The Federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The federal agency that administers compliance with this law concerning this creditor is Bureau of Consumer Financial Protection, 1700 G Street





NW., Washington DC 20006.

Wells Fargo Home Mortgage, doing business as America's Servicing Company, is a division of Wells Fargo Bank, N.A.
© 2014 Wells Fargo Bank, N.A. All rights reserved. NMLSR ID 399801





# Appeal Request Form

Carefully read over the letter that came with this form, which states America's Servicing Company's decision. If you believe our decision is incorrect and want to appeal the decision, we recommend you use this form to submit a written appeal.

**Important:**
- We must receive your written request for an appeal or a phone-initiated appeal request within 30 days from the date of this letter, or we will not move forward with a review of the decision. While not required, please provide any additional information (as applicable) that will help us look into your request.
- If you are disputing the value of your property used in the decision, you must indicate the specific value you believe is more accurate in your explanation below.

Please explain the reason you disagree with the decision.

_____
_____
_____
_____
_____
_____
_____

**Select and check the box that best applies to your request:**
( ) Option A. I want to appeal the decision I received. I have enclosed additional information for your consideration, and/or I have no further information to provide. I understand America's Servicing Company will review the decision immediately based on the additional information I have provided (if applicable), or on the information they currently have.

( ) Option B. I will be appealing the decision I received. I will submit additional information for your consideration at a later time. I understand that if America's Servicing Company does not receive my additional information within 30 days from the date of this letter, America's Servicing Company will immediately move forward with a review of the decision.

**Please note:** If you do not specify your intention for providing additional information by selecting one of the two options above, America's Servicing Company will follow the process described in Option B.

Be sure to include your loan number on any supporting documents.

ELIZABETH CONRAD
1115038670
Primary contact phone number: _____
Other contact phone numbers: _____
_____
Best day and time to call: _____

**Mail your appeal request to:**          **Or fax your appeal request to:**
1000 Blue Gentian Road                   1-866-590-8910
Suite 300 MAC X9999-01N
Eagan, MN 55121





1061115038670HP601

HP601 106