**Exhibit 32**

# Exhibit 32

| | | |
|---|---|---|
| DOCKET NO. FST-CV08-5008432-S | : | SUPERIOR COURT |
| US BANK NATIONAL ASSOCIATION | : | JUDICIAL DISTRICT OF STAMFORD/NORWALK |
| V. | : | AT STAMFORD |
| ELIZABETH P CONRAD, ET AL | : | SEPTEMBER 11, 2015 |

## MOTION TO DISMISS

The Defendants, ELIZABETH P. CONRAD AND JOHN W. CONRAD, hereby move the Court for an order dismissing the Complaint for lack of subject-matter jurisdiction pursuant to Practice Book §10-30. The Plaintiff lacks standing to prosecute the Complaint because it failed to give notice to the Defendants as required by CGS §8-265dd and §8-265ee of their rights under said sections by registered, or certified mail, postage prepaid at the address of the property which is secured by the mortgage.

WHEREFORE, Defendants respectfully request that the Court dismiss this action.

THE DEFENDANTS

BY:____302617_____
Mark A. Sank
Their Attorney

MARK SANK & ASSOCIATES, LLC
ATTORNEYS AT LAW
666 Glenbrook Road • Stamford, CT 06906 • Tel: (203) 967-1190 • Juris No. 421741

## **ORDER**

The foregoing Motion to Dismiss for Lack of Subject-Matter Jurisdiction having been considered by the Court, it is hereby Ordered:

**GRANTED / DENIED**

BY THE COURT,

Date: _____

_____

Judge/Clerk

MARK SANK & ASSOCIATES, LLC
ATTORNEYS AT LAW
666 Glenbrook Road • Stamford, CT 06906 • Tel: (203) 967-1190 • Juris No. 421741

**CERTIFICATION**

  I hereby certify that on September 11, 2015 a copy of the foregoing and accompanying Memorandum of Law was hand delivered or mailed to all counsel of record as follows:

HUNT LEIBERT JACOBSON PC
50 WESTON STREET
HARTFORD, CT 06120

DAVID J MARANTZ
60 LONG RIDGE ROAD
SUITE 200
STAMFORD, CT 06902

UNITED STATES ATTORNEY
DISTRICT OF CONNECTICUT
157 CHURCH ST 25TH FL
NEW HAVEN, CT 06510

             BY:___302617_____
             Mark A. Sank
             Mark Sank & Associates, LLC
             666 Glenbrook Road
             Stamford, Connecticut 06906
             Phone: 203-967-1190
             Juris #421741

MARK SANK & ASSOCIATES, LLC
ATTORNEYS AT LAW
666 Glenbrook Road • Stamford, CT 06906 • Tel: (203) 967-1190 • Juris No. 421741

MARK SANK & ASSOCIATES, LLC
ATTORNEYS AT LAW
666 Glenbrook Road • Stamford, CT 06906 • Tel: (203) 967-1190 • Juris No. 421741

| | | |
|---|---|---|
| DOCKET NO. FST-CV08-5008432-S | : | SUPERIOR COURT |
| US BANK NATIONAL ASSOCIATION | : | JUDICIAL DISTRICT OF STAMFORD/NORWALK |
| V. | : | AT STAMFORD |
| ELIZABETH P CONRAD, ET AL | : | SEPTEMBER 11, 2015 |

### MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

The Defendants, ELIZABETH P. CONRAD AND JOHN W. CONRAD, hereby move the Court for an order dismissing the Complaint for lack of subject-matter jurisdiction pursuant to Practice Book §10-30. The Plaintiff lacks standing to prosecute the Complaint because it failed to give notice to the Defendants as required by CGS §8-265dd and §8-265ee of their rights under said sections by registered, or certified mail, postage prepaid at the address of the property which is secured by the mortgage.

**I.     FACTUAL AND PROCEDURAL HISTORY**

The instant action was commenced by way of Summons and Complaint dated August 12, 2008. The Plaintiff seeks to recover possession of 58 Weed Hill Avenue, Stamford, Connecticut, (hereinafter referred to as "the Property"), on the grounds that the Defendants have failed to abide by the terms of the note and mortgage.

## II. LAW AND ARGUEMENT

### A. GENERAL LAW CONCERNING SUBJECT MATTER JURISDICTION.

Plaintiffs generally bear the burden of proving the court has subject-matter jurisdiction. *Fink v. Golenbock,* 238 Conn. 183, 199 n.13 (1996). A motion to dismiss is the proper method to raise lack of subject-matter jurisdiction. *Practice Book* § 10-31(a)(1). A party may not waive a claim for lack of subject-matter jurisdiction. "[W]henever it is found after suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the judicial authority shall dismiss the action." *Id.* at § 10-33. An absence of subject-matter jurisdiction "can be raised at any stage in the proceedings." *Fort Trumbull Conservancy, LLC v. City of New London,* 265 Conn. 423, 429-30 (2003); *Park National Bank v. 3333 Main, LLC,* 127 Conn. App. 774 at 779 (2011).

Once a question of subject-matter jurisdiction is brought to the court's attention, that issue must be resolved "immediately" and "before the court can move on to other matters." *Federal Deposit Ins. Corp. v. Peabody, N.E., Inc.,* 239 Conn. 93, 99 (1996); *Isaac v. Mount Sinai Hospital,* 3 Conn. App. 598, 600, *cert. denied,* 196 Conn. 807 (1985). As the Connecticut and U.S. Supreme Courts have made clear, "'[w]henever the absence of jurisdiction is brought to the notice of the court or tribunal, cognizance of it must be taken and the matter passed upon before it 'can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction.'" *Baldwin Piano & Organ Co. v. Blake,* 186 Conn. 295, 297-98 (1982) (quoting *Rhode Island v. Massachusetts,* 12 Pet. (37 U.S.) 657, 717 (1838) and *Denton v. Danbury,* 48 Conn. 368, 372 (1880)).

### B. THE COURT LACKS SUBJECT MATTER JURISDICTION OVER THIS MATTER AS THE PLAINTIFF FAILED TO GIVE NOTICE TO THE DEFENDANTS AS REQUIRED BY CGS §8-265dd AND §8-265ee.

In passing Public Act ("P.A.") 93-414 on June 9,1993 (signed by the Governor June 29, 1993), the Connecticut legislature enacted the Emergency Mortgage Assistance Program ("EMAP") to provide aid to beleaguered homeowners unable to pay their mortgages. The Connecticut Housing Finance Authority ("CHFA") administers the program. Codified at General Statutes Section 8-265cc-265kk, the EMAP statute has been significantly amended four times, by P.A.94-185, then after 14 years by P.A.08-176 affecting the defendants' mortgage, followed by P.A. 09-209, (P.A.09-219 slightly changed the effective date of P.A. 09-2009), and P.A. 12-1 (effective June 15, 2012).

Public Act 08-176 also enacted the judicial mediation program for homeowners in foreclosure. Packed into one Public Act, 08-176, the Legislature manifestly reflected the deep housing mortgage crisis which again beset Connecticut homeowners and the nation this time in the wake of such financial catastrophes as the Lehman Brothers failure and bankruptcy and the collapse and seizure of Washington Mutual Bank.

After enacting P.A. 08-176 on May 27, 2008 the legislature's subsequent amendments made clear - if it were not already clear before - that the Legislature had established a *jurisdictional* requirement for, or limit on, a lender mortgagee's ability to file and continue prosecution of a foreclosure of a Connecticut residential mortgage. The specific requirements of CGS §8-265dd and §8-265ee are that a mortgagee that wishes to foreclose on a Connecticut homeowner must first give the homeowner specific written information by certified or registered

mail and subsequently file an Affidavit with the court reciting its compliance with the these statutes.

The original Public Act in 1993, and every amended version since then, has declared that

> "No such mortgagee may commence a foreclosure of a mortgage prior to mailing such notice."

*CGS §8-265ee(a)*

This requirement of prior notice is comprised in two sections of the EMAP statute, section 8-265dd and section 8-265ee. Amended in 2008, together they negatively incentivize would-be foreclosing mortgagees so that they will assist in bringing Connecticut homeowners to CHFA's EMAP. Connecticut General Statutes §8-265dd provides, in part, as follows:

> (b) Notwithstanding any provision of the general statutes, or any rule of law to the contrary, on and after July 1, 2008, **no judgment of strict foreclosure nor any judgment ordering a foreclosure sale shall be entered in any action instituted by the mortgagee to foreclose a mortgage commenced on or after said date, for the foreclosure of an eligible mortgage unless (1) notice to the mortgagor has been given by the mortgagee in accordance with section 8-265ee and the time for response has expired, and (2) a determination has been made on the mortgagor's application for emergency mortgage assistance payments in accordance with section 8-265ff or the applicable time periods set forth in sections 8-265cc to 8-265kk, inclusive, have expired, whichever is earlier.**

*§8-265dd(b) (Emphasis Added)*

Connecticut General Statutes §8-265ee provides, in part, as follows:

> (a) On and after July 1, 2008, **a mortgagee who desires to foreclose upon a mortgage** which satisfies the standards contained in subdivisions (1), (3), (10), (11) and (12) of subsection (e) of section 8-265ff, **shall give notice to the mortgagor by registered, or certified mail, postage prepaid at the address of the property which is secured by the mortgage. No such mortgagee may commence a foreclosure of a mortgage prior to mailing such notice.** Such notice shall advise the mortgagor of his delinquency or other default under the mortgage and shall state that the mortgagor has sixty

days from the date of such notice in which to (1) have a face-to-face meeting, telephone or other conference acceptable to the authority with the mortgagee or a face-to-face meeting with a consumer credit counseling agency to attempt to resolve the delinquency or default by restructuring the loan payment schedule or otherwise, and (2) contact the authority, at an address and phone number contained in the notice, to obtain information and apply for emergency mortgage assistance payments if the mortgagor and mortgagee are unable to resolve the delinquency or default.
§8-265ee(a) (Emphasis Added)

(b) Except in cases in which the mortgagee refuses to meet with the mortgagor, if the mortgagor fails to meet with the mortgagee or comply with any of the time limitations specified in the notice as provided in subsection (a) of this section, or if the mortgagor's application is not filed by the date thirty days after the date of any default in payment under an agreement as provided in subsection (c) of this section or if the mortgagor's application for emergency mortgage assistance payments is not approved by the date thirty calendar days after the date of receipt of the mortgagor's application in accordance with the provisions of section 8-265ff, **the foreclosure of the mortgagor's mortgage may**, at any time thereafter, except as provided in subsection (e) of this section, **continue** without any further restriction or requirement under the provisions of sections 8-265cc to 8-265kk, inclusive, **provided the mortgagee files an affidavit with the court stating the notice provisions of subsection (a) of this section have been complied with and that either the mortgagor failed to meet with the mortgagee or failed to comply with all of the time limitations specified in the notice as provided in subsection (a) of this section or that the mortgagor's application for emergency assistance payments was not approved by the date thirty calendar days after the date of receipt of the mortgagor's application, or that a determination of ineligibility was made.**
§8-265ee(b) (Emphasis Added)

In the instant matter, the Plaintiff filed an Affidavit of Compliance with the Emergency Mortgage Assistance Program dated November 19, 2008 stating that the "plaintiff has fully complied with the requirements of subsection (a) of C.G.S. section 8-265ee of the Act by mailing to Elizabeth P. Conrad and John W. Conrad, the mortgagor(s) on July 23, 2008, at 58 Weed Hill Avenue, Stamford CT 06907 by registered or certified mail a notice (the "Notice") containing all

of the information required by that subsection." Attached to the Affidavit is an Exhibit A purporting to be the EMAP notice; however there is no indication that said notice was ever placed in the mail and the Defendants never received said notice. See Exhibit A.

The Connecticut Appellate Court has held that a foreclosing party must demonstrate that all conditions precedent to foreclosure, as mandated by the note and mortgage, have been satisfied. *See Bank of America, FSB v. Hanlon*, 65 Conn.App. 577, 581, 783 A.2d 88 (2001). In a foreclosure action where a special defense was plead alleging the failure of the Plaintiff to provide the notice mandated by CGS §8-265ee, the court held that the plaintiff's Motion for Summary Judgment could be granted where the Plaintiff had filed adequate documentation to establish that they had complied with the statute including the filing of the requisite Affidavit pursuant to §8-265ee(b). *Wachovia Mortgage, FSB v. Johnstone*, Superior Court, judicial district of New Haven, Docket No. CV 08 5021547 (January 13, 2009, Hadden, J.T.R.).

The instant case can be distinguished from *Johnstone*, however, by the simple fact that the Plaintiff herein has failed to provide adequate documentation, such as a signed green card or certified mailing receipt, to establish that the EMAP notice was in fact placed in the mail.

A critical element of a court's power to decide a case depends on whether the legislature has limited that power to hear a particular class of complaints unless prior notice has been given. An example of such a statutory requirement of notice prior to the institution of legal proceedings is the requirement of specific notice prior to the institution of a Summary Process action. The housing courts have unanimously held that a proper Notice to Quit is a jurisdictional necessity as a condition precedent to a Summary Process action. *O'Keefe v. Atlantic Refining Co.*, 132 Conn.

MARK SANK & ASSOCIATES, LLC
ATTORNEYS AT LAW
666 Glenbrook Road • Stamford, CT 06906 • Tel: (203) 967-1190 • Juris No. 421741

613, 62 (1946), *Sandrew v. Pequot Drug, Inc.*, 4 Conn.App. 627, 631, 495 A.2d 1127 (1985). And that a defective Notice to Quit deprives the court of subject matter jurisdiction. *Lampasona v. Jacobs*, 209 Conn. 724, 730, 553 A.2d 175 (1989).

Connecticut General Statutes §47a-23 provides that when an owner desires to obtain possession of certain premises such owner shall give notice to quit possession of the premises in accordance with subsections (a) - (c) of that section. Those sections state, in relevant part,:

> (a) When the owner or lessor, or the owner's or lessor's legal representative,… desires to obtain possession or occupancy of any land or building… such owner or lessor, or such owner's or lessor's legal representative, … **shall give notice to each lessee or occupant** to quit possession or occupancy of such land, building, apartment or dwelling unit, at least three days before the termination of the rental agreement or lease, if any, or before the time specified in the notice for the lessee or occupant to quit possession or occupancy. (Emphasis Added)
> (b) The notice shall be in writing substantially in the following form: "I (or we) hereby give you notice that you are to quit possession or occupancy of the (land, building, apartment or dwelling unit...), now occupied by you at *(*here insert the address, including apartment number or other designation, as applicable*)* ...
> (c) A copy of such notice shall be delivered to each lessee or occupant or left at such lessee's or occupant's place of residence or, if the rental agreement or lease concerns commercial property, at the place of the commercial establishment by a proper officer or indifferent person. Delivery of such notice may be made on any day of the week.

*C.G.S. §47a-23(a) –(c).*

One of the cases cited in *Lampasona, supra, Windsor Properties, Inc. v. Great Atlantic & Pacific Tea Co.,* 35 Conn.Sup. 297 (1979), stated that "[f]ailure to comply with the statutory standards in a summary process action deprives the court of jurisdiction to hear the action." *Id.* 301. Another case cited by the Supreme Court in *Lampasona* held that the untimeliness of a notice to quit was not a mere error that could be cured by amendment, but was a defect which deprived the court of subject matter jurisdiction and authority to proceed altogether and that as "a

jurisdictional defect it cannot be waived and can be raised for the first time on appeal." *Rosen v. Wade*, 418 N.Y.S.2d 258-59 (1979).

The Connecticut housing courts have also consistently held that the failure to describe the premises accurately deprives the court of subject matter jurisdiction. *See Broderick v. Dubois*, 1991 WL 270274 (Conn.Super.); *Rich Taubman Associates v. Hermans Sporting Goods*, SNBR#329, (May 30, 1989); *First City Bank v. Scarritt*, H#1075 (April 30, 1996).

There are also several Superior Court decisions stating that there is a lack of subject matter jurisdiction if the quit date for an eviction based upon Lapse of Time is not the last day of the lease term *See A.P. Parrotta Management Co., Inc. v. Marino Bros., of England Inc.*, No. CV 911894, October 3, 2000 [Clifford, J.] or the first day of the second term, *See Discala v. Zamfino*, SNBR-7, December 2, 1982 [Driscoll, J.], or either the first day of the next term or the last day of the lease term *See Banford v. Maroon*, No. SPN 96 1225531BE # 1114 [Beach, J.].

The statutory notice provisions imposed by the Emergency Mortgage Assistance Program ("EMAP") – Connecticut General Statutes §8-265dd and 8-265ee are a condition precedent to a mortgagee's right to commence a foreclosure action and non-compliance deprives the Plaintiff of standing and the court of subject matter jurisdiction over the foreclosure action.

Thus, as in Summary Process matters, the court in a foreclosure action lacks jurisdiction where there is failure by the Plaintiff to comply with the statutory notice provisions imposed by the Connecticut statutes. "**No such mortgagee may commence foreclosure prior to mailing such notice.**" CGS §8-265ee(a) (Emphasis Added). And, "**the foreclosure of the mortgagor's mortgage may... continue <u>provided</u> the mortgagee files an affidavit with the court stating**"

the requisite information required by CGS §8-265ee(b).

In *People's United Bank v. Wright*, the court found that the failure to send the EMAP notice implicated subject matter jurisdiction and strict compliance with the statute is required. The Plaintiff could not definitely establish that it had provided the EMAP notice to the defendants and the court dismissed the foreclosure action for lack of subject matter jurisdiction. CV10-6004126-S, Judicial District of Stamford/Norwalk, Mottolese, J.T.R., March 30, 2015.

"The issue of standing implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss.... [I]t is the burden of the party who seeks the exercise of jurisdiction in his favor [the plaintiff]... clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute. *Chase Home Finance, LLC v. Germanie Fequiere*, 119 Conn. App. 570, 574, 989 A.2d 606 (2010).

### III. CONCLUSION

For all of the foregoing reasons the Defendants, ask the Court to dismiss this action because Plaintiff has (1) failed to give notice to the Defendants as required by CGS §8-265dd and §8-265ee of their rights under said sections by registered or certified mail, postage prepaid at the address of the property which is secured by the mortgage; and (2) failed to file the requisite Affidavit with the court before continuing the foreclosure action against the Defendants.

THE DEFENDANTS

BY:_____302617_____
Mark A. Sank
Their Attorney

# EXHIBIT A

MARK SANK & ASSOCIATES, LLC
ATTORNEYS AT LAW
666 Glenbrook Road • Stamford, CT 06906 • Tel: (203) 967-1190 • Juris No. 421741

| | | |
|---|---|---|
| DOCKET NO: FST-CV08-5008432-S | : | SUPERIOR COURT |
| US BANK NATIONAL ASSOCIATION | : | J.D. OF STAMFORD/NORWALK |
| V. | : | AT STAMFORD |
| ELIZABETH P CONRAD, ET AL | : | |

### AFFIDAVIT IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

1. I, JOHN W. CONRAD, am over the age of 18 and believe in the obligations of an oath.

2. I am a Defendant in the above-entitled matter and reside at 58 Weed Hill Avenue, Stamford, Connecticut.

3. I never received any notices from the Plaintiff by registered or certified mail regarding the foreclosure of 58 Weed Hill Avenue, Stamford, Connecticut or informing me of the Emergency Mortgage Assistance Program.

4. I also never received any notices from the Plaintiff, registered, certified, or otherwise, stating that I was in default under the mortgage; that I had sixty days to have a face-to-face meeting, telephone or other conference with the Plaintiff or a face-to-face meeting with a credit counseling agency to attempt to resolve the default; and the name, address and phone number of an authority where I could obtain information and apply for the emergency mortgage assistance payments.

_____
JOHN W. CONRAD

Subscribed and sworn before me this 11th day of September, 2015

_____
Commissioner of Superior Court/
Notary Public

| | | |
|---|---|---|
| DOCKET NO: FST-CV08-5008432-S | : | SUPERIOR COURT |
| US BANK NATIONAL ASSOCIATION | : | J.D. OF STAMFORD/NORWALK |
| V. | : | AT STAMFORD |
| ELIZABETH P CONRAD, ET AL | : | |

### AFFIDAVIT IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

1. I, ELIZABETH P. CONRAD, am over the age of 18 and believe in the obligations of an oath.

2. I am a Defendant in the above-entitled matter and reside at 58 Weed Hill Avenue, Stamford, Connecticut.

3. I never received any notices from the Plaintiff by registered or certified mail regarding the foreclosure of 58 Weed Hill Avenue, Stamford, Connecticut or informing me of the Emergency Mortgage Assistance Program.

4. I also never received any notices from the Plaintiff, registered, certified, or otherwise, stating that I was in default under the mortgage; that I had sixty days to have a face-to-face meeting, telephone or other conference with the Plaintiff or a face-to-face meeting with a credit counseling agency to attempt to resolve the default; and the name, address and phone number of an authority where I could obtain information and apply for the emergency mortgage assistance payments.

_____
ELIZABETH P. CONRAD

Subscribed and sworn before me this 11th day of September, 2015

_____
Commissioner of Superior Court/
Notary Public