Exhibit 33

# Exhibit 33

| | |
|---|---|
| **DOCKET NO. FST-CV-08-5008432-S** | **: SUPERIOR COURT** |
| **US BANK NATIONAL ASSOCIATION AS TRUSTEE** | **: JUDICIAL DISTRICT OF STAMFORD/NORWALK** |
| **V.** | **: AT STAMFORD** |
| **ELIZABETH P. CONRAD, ET AL.** | **: NOVEMBER 4, 2015** |

<u>**MOTION FOR ENFORCEMENT OF SETTLEMENT AGREEMENT**</u>

The Plaintiff, US Bank National Association as Trustee, hereby moves to enforce the settlement agreement entered before this court. The matter was scheduled for an evidentiary hearing on May 7, 2014. At that time the parties entered into a stipulated judgment which was placed on the record. <u>See</u>, Exhibit 1. Both defendants were canvassed by this court concerning the entry of judgment and the terms and conditions thereof. Both Defendants acknowledged and judgment entered under the following terms:

> ATTY. PICARD: Your Honor, we are going to agree to the judgment of foreclosure by sale entering today with the setting a sale date of 12 October 4th. The parties will agree to a referral to mediation. The plaintiff will waive any deficiency. The defendants waive any right to appeal. The parties will agree to open and extend the sale date if the mediator reports that the parties will benefit from further mediation. And that, in the event of a successful modification or other foreclosure prevention is reached and agreed to by the parties, the judgment can be opened and vacated.
>
> THE COURT: Okay. Is that right, sir?

ATTY. BROWN: So stipulated.

See, Exhibit 1, p. 1.

Subsequently, the Defendant, Elizabeth Conrad, sought to circumvent the terms of the settlement agreement by filing a Motion to Open which was denied by this court.  See, Docket No.  189. Thereafter, in a further effort to evade the stipulated judgment, the Defendant John Conrad filed bankruptcy.  See, Docket No. 190.00.

Now the Plaintiff seeks to enforce the settlement agreement pursuant to *Audubon Parking Associates Ltd. Partnership* v. *Barclay & Stubbs, Inc*., 225 Conn. 804, 811-12,626 A.2d 729 (1993) and have the sale date reset after the termination of the bankruptcy stay.

> A trial court has the inherent power to enforce summarily a settlement agreement as a matter of law when the terms of the agreement are clear and unambiguous. *Gatz v. Southwest Bank of Omaha,* 836 F.2d 1089, 1095 (8th Cir. 1988); see also J. Fischer, "Enforcement of Settlements: A Survey," 27 Tort & Ins. L.J. 82, 92 (1991). "Agreements that end lawsuits are contracts, sometimes enforceable in a subsequent suit, but in many situations enforceable by entry of a judgment in the original suit. A court's authority to enforce a settlement by entry of judgment in the underlying action is especially clear where the settlement is reported to the court during the course of a trial or other significant courtroom proceedings." *Janus Films, Inc. v. Miller,* 801 F.2d 578, 583 (2d Cir. 1986); see also *Janneh v. GAF Corporation,* 887 F.2d 432, 436-37 (2d Cir.  [1989), cert. denied, 498 U.S. 865, 111 S. Ct. 177, 112 L. Ed. 2d 141 (1990); *Meetings & Expositions, Inc. v. Tandy Corporation,* 490 F.2d 714, 717 (2d Cir. 1974).

...

> Summary enforcement is not only essential to the efficient use of judicial resources, but also preserves the integrity of settlement as a meaningful way to resolve legal disputes. When parties agree to settle a case, they are effectively contracting for the right to *avoid* a trial. "The asserted right not to go to trial can appropriately be based on a contract between the parties." *Janneh v. GAF Corporation,* supra, 436. "The essence of that right [cannot] be vindicated effectively after the trial has occurred." Id. To hold that a jury trial is a necessary predicate to enforcement of a

2

> settlement agreement would undermine the very purpose of the agreement. We hold that a trial court may summarily enforce a settlement agreement within the framework of the original lawsuit as a matter of law when the parties do not dispute the terms of the agreement.

*Id.*

Here the parties, plaintiff and defendant, were present at the hearing, both parties were canvassed by this court, and a stipulated judgment entered.  See generally, Exhibit 1.   The Defendants should not be allowed to circumvent the entry of judgment based on a collateral attack on a judgment entered into by the agreement of the parties. See generally,  *Urban Redevelopment Comm. v. Katsetos,* 86 Conn. App. 236, 860 A.2d 1233 (2004)(denying a motion to open and a motion to dismiss after the judgment entered in accordance with a settlement agreement).

WHEREFORE, The Plaintiff moves this court to enforce the settlement agreement reached by the parties and entered into on the record.

Plaintiff

By___418756_____
      Christopher J. Picard
      Hunt Leibert Jacobson, P.C.
      Its Attorneys
      50 Weston Street
      Hartford, Ct. 06120
      (860) 808-0606
      Juris No. 101589

## **ORDER**

The forgoing Motion having been duly heard is hereby:

GRANTED/DENIED

_____

JUDGE/Clerk/Asst. Clerk

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed, postage prepaid, by first class

mail on November 4, 2015 to the following:

Mark Sank & Associates LLC (421741)
666 Glenbrook Road
Stamford, CT 06906

Elizabeth P. Conrad, Pro Se
58 Weed Hill Avenue
Stamford, CT 06907

John W. Conrad, Pro Se
58 Weed Hill Avenue
Stamford, CT 06907

U. S. Attorney
District of Connecticut
157 Church Street , 23 Floor
New Haven , CT 06510

David J. Marantz, Committee
60 Long Ridge Road, Suite 200
Stamford,  CT 06902

_____418756_____
Christopher J. Picard
Attorney for the Plaintiff

PURSUANT TO FEDERAL LAW, THIS LAW FIRM IS A DEBT COLLECTOR.  WE ARE
ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED
FOR THAT PURPOSE.  HOWEVER, IF YOU ARE IN BANKRUPTCY OR RECEIVED A
BANKRUPTCY DISCHARGE OF THIS DEBT, THIS COMMUNICATION IS NOT AN ATTEMPT
TO COLLECT THE DEBT AGAINST YOU PERSONALLY, BUT IS NOTICE OF A POSSIBLE
ENFORCEMENT OF THE LIEN AGAINST THE COLLATERAL PROPERTY.

EXHIBIT 1

```
NO:  FST-CV08-5008432-S          :  SUPERIOR COURT


U.S. BANK NATIONAL ASSOCIATION   :  JUDICIAL DISTRICT
                                    OF STAMFORD/NORWALK

V.                               :  AT STAMFORD, CONNECTICUT

CONRAD, ELIZABETH                :  MAY 7, 2014
```

                   *EXCERPT, JUDGE'S ORDERS ONLY


              BEFORE THE HONORABLE DOUGLAS MINTZ, JUDGE


A P P E A R A N C E S:

    Representing the Plaintiff:

    ATTORNEY CHRISTOPHER PICARD
     Hunt Leibert Jacobson, P.C.
     50 Weston Street
     Hartford, CT 06120

    Representing the Defendant:

    ATTORNEY CHRISTOPHER BROWN
     Begos Brown and Green, LLP
     2425 Post Road Suite 205
     Southport, CT 06890

                              Recorded By:
                              Karen Serena

                              Transcribed By:
                              Karen Serena
                              Court Recording Monitor
                              123 Hoyt Street
                              Stamford, Connecticut 06905

```
1          *EXCERPT, JUDGE'S ORDERS ONLY

2          (Begin 11:38:42)

3          ATTY. PICARD:  So you want me to go over the

4     terms of the judgment so you can order it, Your

5     Honor?

6          THE COURT:  Well, let me -- I'm opening your

7     foreclosure worksheet, the affidavit of debt, the

8     appraisal and the attorney's fees.

9          Okay.  Sure, go ahead.

10         ATTY. PICARD:  Your Honor, we are going to

11    agree to the judgment of foreclosure by sale

12    entering today with the setting a sale date of

13    October 4th.  The parties will agree to a referral to

14    mediation.  The plaintiff will waive any deficiency.

15    The defendants waive any right to appeal.

16         The parties will agree to open and extend the

17    sale date if the mediator reports that the parties

18    will benefit from further mediation.  And that, in

19    the event of a successful modification or other

20    foreclosure prevention is reached and agreed to by

21    the parties, the judgment can be opened and vacated.

22         THE COURT:  Okay.  Is that right, sir?

23         ATTY. BROWN:  So stipulated.

24         THE COURT:  Okay.  So let me go through -- is

25    there any objection to the -- I'm looking at -- I'm

26    determining the debt now.  Any objection to the

27    property inspection/preservation of $932.50?
```

2

1          ATTY. BROWN:  No, Your Honor.

2          THE COURT:  Okay.  Any objection to the total

3     debt -- there's no updates so this is -- I'm just

4     finding the debt pursuant to your affidavit of debt

5     now.  Any objection to the debt being $732,148.45?

6          ATTY. BROWN:  No, Your Honor.

7          THE COURT:  So ordered.

8          Any objection to the fair market value of the

9     property being $405,000?

10          ATTY. BROWN:  No, Your Honor.

11          THE COURT:  So ordered.

12          MS. CONRAD:  And can I -- can I ask (inaudible)

13     --

14          THE COURT:  You can talk to your lawyer.

15          MS. CONRAD:  Oh, okay.

16          THE COURT:  If you want to talk to your lawyer,

17     I'll stop and you can --

18          ATTY. BROWN:  Do you want to step out and talk

19     about it?

20          MS. CONRAD:  Yeah.

21          ATTY. BROWN:  Okay.

22  (PAUSE)

23          THE COURT:  We're okay?

24          ATTY. BROWN:  Yes, Judge.

25          THE COURT:  So any objection to the fair market

26     value for today's purposes of $405,000?

27          ATTY. BROWN:  No, Your Honor.

```
1          THE COURT:  So ordered.  Any objection to the

2     -- you're not asking for an appraiser's fee.

3          ATTY. PICARD:  No, Your Honor.

4          THE COURT:  Any objection to the title search

5     fee of $225?

6          ATTY. BROWN:  No, Your Honor.

7          THE COURT:  So ordered.  Any objection to the

8     attorney's fees of $5,550?

9          ATTY. BROWN:  No, Your Honor.

10         THE COURT:  So ordered.

11         Okay.  Why don't -- Attorney -- give me the --

12         ATTY. PICARD:  The sale date, Your Honor --

13         THE COURT:  Yes.

14         ATTY. PICARD:  -- is October 4th, 2014.  It has

15    to go by sale because there's an IRS lien on the

16    property.

17         THE COURT:  I see that.  Okay.  Why don't you

18    have your client representative identify himself for

19    the record?

20         MR. DAYE:  Good morning.  My name is Kim Daye,

21    D-A-Y-E, with Wells Fargo Bank doing (indiscernible)

22    service, service for the plaintiff.

23         THE COURT:  Good morning.  Is that your

24    understanding of the agreement that Attorney Picard

25    read on the record?

26         MR. DAYE:  Yes.

27         THE COURT:  Have you had enough time to talk to
```

1      him about it?

2              MR. DAYE:  I have.

3              THE COURT:  Are you currently under the

4      influence of any alcohol, drugs, or medication of

5      any kind that would prevent you from fully

6      understanding what is happening in Court today?

7              MR. DAYE:  No, Your Honor.

8              THE COURT:  Anybody forcing you or threatening

9      you to enter this agreement?

10             MR. DAYE:  No.

11             THE COURT:  Do you find the agreement to be

12     fair and equitable under all the circumstances?

13             MR. DAYE:  I do.

14             THE COURT:  And are you satisfied with your

15     attorney's representation of you in this matter?

16             MR. DAYE:  Absolutely.

17             THE COURT:  Okay.  Thank you.

18             Attorney Brown, if you could have your clients

19     identify themselves for the record?

20             ATTY. BROWN:  Sure.

21             THE COURT:  Okay.

22             ATTY. BROWN:  One at a time.

23             MS. CONRAD:  Elizabeth P. Conrad.

24             MR. CONRAD:  John W. Conrad.

25             THE COURT:  Okay.  And if you want to sit in

26     the more comfortable seats, if you're more

27     comfortable sitting while I do this canvass, you

1    can.

2            MR. CONRAD:  Thank you.

3            THE COURT:  We'll make Attorney Brown stand.

4            ATTY. BROWN:  Oh, that's fine.  I stand all the

5    time anyway, Judge.

6            THE COURT:  Okay.  Is that your understanding

7    of the agreement that was read onto the record by

8    Attorney Picard?

9            MR. CONRAD:  Yes.

10           MS. CONRAD:  I just want -- well, that we're in

11   the mediation process with everything -- all the

12   protections that that entails.

13           THE COURT:  Well, you're --

14           MS. CONRAD:  Whatever that --

15           THE COURT:  Yes, you're in the mediation

16   process.  My understanding would be judgment's going

17   to enter with a sale date of October 4th so I'm going

18   to refer this matter to mediation.

19           MS. CONRAD:  Uh-huh.

20           THE COURT:  You'll have whatever mediations the

21   -- are we going to do a pre-mediation or is --

22           ATTY. PICARD:  That would be wonderful, Your

23   Honor, so that they can get a package out.

24           THE COURT:  Okay.  That -- we'll do the whole

25   pre-mediation and then set up the mediations and,

26   pursuant to whatever the agreement is, pursuant to

27   the stipulation, if the mediator's report thinks

```
1              that additional mediations are appropriate, the
2              judgment will be reopened and extended pursuant to
3              that.
4                   ATTY. PICARD:  By agreement.
5                   THE COURT:  By agreement.  Okay?
6                   MS. CONRAD:  Okay.
7                   THE COURT:  Okay.  So is it your understanding
8              what was read --
9                   MS. CONRAD:  Yes.
10                  THE COURT:  Okay.  Have you had enough time to
11             talk to your attorney about it?
12                  MS. CONRAD:  Yes.
13                  MR. CONRAD:  Yes.
14                  THE COURT:  Okay.  And do me a favor.  I know
15             I'm asking both of you at the same time, but the
16             monitor's going to get mad at me if you say it both
17             at the same time.  So if you --
18                  MR. CONRAD:  Yes, I agree.
19                  THE COURT:  One at a time.
20                  MS. CONRAD:  Yes, I agree.
21                  THE COURT:  Perfect.  Thank you.
22                  MS. CONRAD:  You can tell the difference.
23                  THE COURT:  Yes.  And have you had enough time
24             to talk to -- did I just ask if you had enough time?
25             No, but I'll ask it again if I didn't.  Have you had
26             enough time to talk to your attorney about it?
27                  MS. CONRAD:  I believe so.
```

7

1          MR. CONRAD:  Yes.

2          THE COURT:  Okay.  When you say I believe so,

3      that concerns me.

4          MS. CONRAD:  Well, we were -- supposedly the --

5      we had dealt with Wells Fargo before and supposedly

6      Aquin (phonetic) was the -- who we're going to be

7      dealing with now.  But Aquin's a subservicer rather

8      than --

9          MR. CONRAD:  Wells Fargo is the bank that we've

10     been dealing with and it's been unsatisfactory.  And

11     now we were told that Aquin is the subserver that --

12     is a subserver.  We were told that they were the

13     server.

14         Attorney Picard said they have a whole --

15     there's an array of programs that are different from

16     what they had before.  So all I can -- we don't want

17     more of the same is what we're -- me and my sister

18     were talking about.

19         THE COURT:  Okay.

20         MR. CONRAD:  And Mr. -- Attorney Picard said

21     it's not more of the same, there's a lot of

22     different new programs that they're offering.  So I

23     guess we'll find out.

24         THE COURT:  Okay.  But do you need more time to

25     talk to your attorney about it, about this

26     agreement?

27         MS. CONRAD:  I would say no.

```
1              MR. CONRAD:  No.

2              THE COURT:  Okay.  Are you currently under the

3         influence of any alcohol, drugs, or medication of

4         any kind that would prevent you from fully

5         understanding what is happening here in Court today?

6              MR. CONRAD:  No.

7              MS. CONRAD:  No.

8              THE COURT:  Is anybody forcing you or

9         threatening you to enter this agreement?

10             MS. CONRAD:  No.

11             MR. CONRAD:  No.

12             THE COURT:  Do you understand that part of the

13        agreement is you're waiving your appellate rights?

14        And you're knowingly and voluntarily doing that, is

15        that correct?

16             MR. CONRAD:  Yes.

17             MS. CONRAD:  Yes.

18             THE COURT:  Okay.  Do you find the agreement to

19        be fair and equitable under all the circumstances?

20             MR. CONRAD:  Yes.

21             MS. CONRAD:  What do you mean by all

22        circumstances?

23             THE COURT:  That fact that --

24             MS. CONRAD:  All circumstances presented?

25             THE COURT:  Yes; that you've got a hearing

26        going on --

27             MS. CONRAD:  Yeah.
```

```
1          THE COURT:  -- that you could win, you could
2     lose.  You know, appeals that could be taken, all
3     sorts of things that, you know --
4          MS. CONRAD:  We'd say yes.
5          THE COURT:  Okay.
6          MR. CONRAD:  Yes.
7          THE COURT:  And are you satisfied with your
8     attorney's representation of you in this matter?
9          MS. CONRAD:  Yes.
10         MR. CONRAD:  Yes.
11         THE COURT:  Okay.  Thank you.  Any other
12    questions you want to ask me?
13         MR. CONRAD:  No, not in my part.  Beth?
14         MS. CONRAD:  No.
15         THE COURT:  Okay.  Thank you.  Do the attorneys
16    know of any reason why this agreement can't be
17    accepted?
18         ATTY. BROWN:  No, Your Honor.
19         ATTY. PICARD:  No, Your Honor.
20         THE COURT:  All right.  So the Court will find
21    that the agreement is fair and equitable under all
22    the circumstances.  The Court will accept the
23    stipulation.  The Court will enter judgment pursuant
24    to the stipulation.
25         The Court will enter a judgment of foreclosure
26    by sale with a sale date of October 4$^{th}$, 2014, with
27    our standard orders.  And I think -- and the
```

1       agreement that's read onto the record is becoming an

2       order of the Court so I'm going to order that a copy

3       of the transcript be ordered by the parties to be

4       made a part of the file.  Okay?

5           ATTY. PICARD:  Thank you, Your Honor.

6           ATTY. BROWN:  All right.  Your Honor, the only

7       question I have is the mediation aspect of this.

8       Were this -- were they noticed?

9           THE COURT:  Oh, I've got to order this -- I'm

10      -- you're right.  I've got to order it.  I'm going

11      to order that this be sent, pursuant to the

12      stipulation, to a -- the mediation program and that

13      a pre-mediation be set up.  How long before you can

14      get all the -- the package?

15          ATTY. PICARD:  I can probably get the package

16      in the next two to three weeks.  And then in the

17      interim if the defendants can get together their --

18      the standard stuff.  Counsel knows what's going to

19      be needed.

20          THE COURT:  How about if we have a pre-

21      mediation on or after May 27th, but on or before May

22      30th?  Is that okay?  And then --

23          ATTY. PICARD:  What were the dates, Your Honor?

24          THE COURT:  May 27th -- on or after May 27th,

25      but on or before May 30th.

26          ATTY. PICARD:  For the pre-mediation?

27          THE COURT:  Right.

11

1      ATTY. PICARD:  So that means I have to get my

2 package out by --

3      THE COURT:  Is that enough time?  Because if

4 you need more time, I'll give you more time, but --

5      ATTY. PICARD:  I would prefer maybe an extra

6 two weeks because I have to get --

7      THE COURT:  Okay.  Then --

8      ATTY. PICARD:  There's a litany of documents

9 that I have to get mailed out to counsel.

10      THE COURT:  Any objection to the pre-mediation

11 taking place on or after June 9th, but on or before

12 June 13th?

13      ATTY. BROWN:  No, Your Honor.

14      THE COURT:  Attorney Picard?

15      ATTY. PICARD:  No, Your Honor.  That would give

16 me -- I think the stuff has to be two weeks prior?

17      THE COURT:  I'm not --

18      ATTY. PICARD:  I've got to -- I'd have to look

19 at it.

20      THE COURT:  You'd have to check with Lauren

21 Green on that one.

22      ATTY. PICARD:  Okay.

23      THE COURT:  I don't remember.  Okay.  So

24 ordered.

25      ATTY. PICARD:  Thank you, Your Honor.

26      ATTY. BROWN:  I want to -- that's all going to

27 be handled through mediation so I'll just get a

1  notice.

2  THE COURT:  Right.  You can both go upstairs

3  right now and get a pre-mediation date from Lauren

4  Green.

5  ATTY. PICARD:  Okay.

6  ATTY. BROWN:  Okay.

7  THE COURT:  Okay?

8  ATTY. PICARD:  Well, unfortunately Attorney

9  Green is not here today.

10  THE COURT:  Oh, she's in -- okay.

11  ATTY. PICARD:  She's in Danbury.

12  ATTY. BROWN:  We can wait.

13  ATTY. PICARD:  We can -- that -- between those

14  dates is fine.  It gives me the window.  I can tell

15  my mediation group to have a package sent out ASAP.

16  THE COURT:  This is what I want you to do.  I

17  want you to -- she's in Danbury.

18  ATTY. PICARD:  Correct, Your Honor.

19  THE COURT:  And she has -- she can give you

20  these dates right now.  Just call her in the Danbury

21  clerk's office and she'll -- I don't --

22  unfortunately I don't know the number off the top of

23  my head.

24  ATTY. BROWN:  That's all right.  We can find

25  it.

26  ATTY. PICARD:  We can find it, Your Honor.

27  THE COURT:  Just call her right now and she'll

1    give you the date.  I wanted, you know -- nothing

2    falling through the cracks.

3        ATTY. BROWN:  Set up -- (inaudible).

4        ATTY. PICARD:  Thank you, Your Honor.

5        THE COURT:  Okay?  Anything else to come before

6    the Court at this time?

7        ATTY. BROWN:  No, Your Honor.

8        ATTY. PICARD:  No, Your Honor.

9        THE COURT:  Okay.  I wish to congratulate

10    everybody on being able to work this out.  I wish

11    everybody good luck.

12                        *   *   *

NO:  FST-CV08-5008432-S          :  SUPERIOR COURT

U.S. BANK NATIONAL ASSOCIATION   :  JUDICIAL DISTRICT
                                    OF STAMFORD/NORWALK

V.                               :  AT STAMFORD, CONNECTICUT

CONRAD, ELIZABETH                :  MAY 7, 2014


C E R T I F I C A T I O N


     I hereby certify the foregoing pages are a true and correct
transcription of the audio recording of the above-referenced
case, heard in Superior Court, Judicial District of
Stamford/Norwalk at Stamford, Connecticut, before the Honorable
Douglas Mintz, Judge, on May 7, 2014.


     Dated September 19, 2014 in Stamford, Connecticut.


                              _____
                                        Karen Serena
                              Court Recording Monitor