# Exhibit 49

Exhibit 49

SUPERIOR COURT
STAMFORD-NORWALK
JUDICIAL DISTRICT

2017 JUN 26 P 4: 20

DOCKET NUMBER: FST-CV-08-5008432-S

US BANK NATIONAL ASSOCIATION AS : SUPERIOR COURT
TRUSTEE

                                     : JUDICIAL DISTRICT OF
          Plaintiff,          : STAMFORD-NORWALK

- against –

                                     : AT STAMFORD

ELIZABETH P. CONRAD, ET AL.,          : June 26, 2017
             Defendant.

---

### MOTION TO DISMISS BECAUSE PLAINTIFF CANNOT PRODUCE AN ORIGINAL SIGNATURE COPY OF THE PROMISSORY NOTE SECURING THE MORTGAGE ON THE DEFENDANT'S REALTY

     Comes now the Defendant in the above-entitled cause of action, Elizabeth P. Conrad, Pro Se, and prays this Court to dismiss the cause of action for the reasons set forth hereinafter.

**(1)**     The instant case began as most mortgage foreclosure actions do. At the closing of the sale of the realty, the bank had the homeowner mortgagor sign a lot of documents, one of which was the promissory note providing that the realty would serve as collateral should the homeowner mortgagor default in repaying the mortgage loan. A consensual lien was placed on the realty by the homeowner mortgagor in favor of the lender of money, the mortgagee, to secure the mortgage debt against default. The homeowner made this promissory note and the lending institution was the beneficiary of the promise to repay. "Security follows the debt" is a maxim of common law and statutory law regarding mortgages. This means that, whoever has become the holder of the original promissory note becomes the only party legally entitled to enforce the mortgage lien (the security). This is PETE (the person entitled to enforce.) The mortgage is reified as a mortgage deed which the lender files in the local real property records office so that the mortgage properly binds the property against the mortgagor's default of repaying the loan and also against claims on this realty from the rest of the world that might claim an interest in this property. This is the process of "perfecting the lien". So far, no problem for the bank which made the mortgage loan secured by the promissory note. However, upon information and belief, the original mortgagee bank bundled this instant mortgage with many others and sold these bundled mortgages as a package to an investment banking firm. This investment banking firm put this "bundle of loans that were secured by their realties" into a trust for its investors (the "securitization" of the

loans trust). The banker knew the importance of the mortgage and kept this record. However, for whatever "reasons", the bank was careless about the promissory note, and the promissory note was "lost in the black hole of transfers of these bundled securitized mortgages". Banks, seeking to avoid the filing fees for real property transfers (which could be $35.00, or more, per transfer of title) invented the MERS (the Mortgage Electronic Registration System) Corporation to be a straw-man holding company. However, MERS makes no loans, collects no monthly payments, and does not function as a local bank mortgage department. Instead, MERS is simply a record-keeper that allows its name to be used as the assignee of the mortgage deed from the original lender bank. MERS holds the lien interest on the realty being foreclosed. While MERS has the legal title to the property, MERS does not even pretend to have an equitable interest in that property. MERS is entrusted only with keeping track of the current assignee of the mortgage. If the homeowner defaults on monthly mortgage payments, then MERS informs the current assignee of that mortgage. The current assignee of that mortgage either orders MERS to foreclose or the current assignee will take an assignment of the mortgage interest from MERS so that it can foreclose in its own name. MERS Corporation holds title to approximately half of the home mortgages (60 million) in the United States. Now, in this instant case, the Plaintiff seeks to foreclose on a mortgage loan but cannot produce the original promissory note with its original signature of the Defendant.

NOTE: Defendant has filed a "Subpoena Duces Tecum" to compel the Plaintiff to produce an original signature copy of the promissory note securing the realty as collateral against default of the mortgage loan repayment.

(2)     "Security follows the debt" means the mortgage travels along with the promissory note. The promissory note is the important document, not the mortgage itself. Thus, whoever has possession of the promissory note is the only PETE (person entitled to enforce) the mortgage. This is an axiom of real property law dating to pre-Revolutionary War times. The United States Supreme Court established the basic rule that: The note and mortgage are inseparable; the former as essential, the latter as an incident. An assignment of the note carries the mortgage with it, while an assignment of the mortgage alone is a nullity . . . The mortgage can have no separate existence. When the note is paid, the mortgage expires. It cannot survive for a moment the debt which the note represents. This dependent and incidental relation is the controlling consideration." Carpenter v. Logan, 83 U.S. 271, 274 (1872). When Defendant purchased the real property now the subject of this foreclosure action, the Defendant and the lender bank signed (among other documents) three primary legal documents, to-wit: (1) the promissory note by which the new homeowner promised to pay the bank lender monthly installment payments until the value of the loan is repaid, (2) the mortgage contract which promises the same thing and has a large number of additional obligations and duties, and (3) the mortgage deed which transfers title to the real estate from the homeowner to the lending bank. The lender keeps the

2

note and the mortgage contract and files the mortgage deed in the appropriate real estate property records office so as to create a lien against the property which must be paid in full before the property can be transferred to some other party. If the bank elects to transfer its interests in the mortgaged property, then the mortgage travels with the promissory note and the promissory note is the important document, not the mortgage. "Security follows the debt". Thus, any party seeking to foreclose on a mortgage MUST produce the original signature promissory note to which the mortgage is attached in order to have standing (be PETE) to sue upon the mortgage.

(3) The Golden Rule of Mortgage Foreclosures is that a foreclosure cannot lawfully proceed without the mortgagee producing the original promissory note signed by the mortgagor at the closing. Unless the creditor possesses the properly negotiated original promissory note, the foreclosure must stop.

REASON: (1) Only original signature documents can be evidence in a foreclosure action when the promissory note is the only legal evidence that secures the realty as collateral for the mortgage. If a claimant cannot produce the original signature promissory note, then the presumption of fraud arises. Fraud is presumed if the creditor does not produce the original signature promissory note:
(a) upon the party whose signature has been photocopied,
(b) upon the Court entrusted with the application of law,
(c) upon the true holder of the original signature promissory note who, upon information and belief, is the ONLY *bona fide* person with standing to foreclose the mortgage, that is, a PETE (a person entitled to enforce) the mortgage via this foreclosure action.

(2) There could be 100 copies of the original note, but that would not create a right of foreclosure in 100 plaintiffs. If a bank argues that a copy of the promissory note "ought be legally sufficient for evidence", is that bank willing to accept and pay out on a copy of a check?

CONSIDER: Would the US Bank National Association as Trustee honor a photocopied check with my photocopied signature if I presented such a photocopied check for converting to cash? Of course, the Plaintiff would not honor a photocopied signature on a check. And that is the reason for the Golden Rule of Mortgage Foreclosures. There could be five hundred photocopied signatures but only an original signature document can be enforced by a court of law. Five hundred plaintiffs could bring an action of foreclosure if a Court were to "honor" photocopied signatures. The Court is fully cognizant of this ruse and the Court ought honor only the original

signature promissory note securing the realty against mortgage payment default. The holder of this original signature promissory noteholder is PETE (a person entitled to enforce) the foreclosure provisions of the mortgage.

(4) The Uniform Commercial Code has been adopted by the legislatures of all fifty States of the United States, including Connecticut, and is the law in every jurisdiction. This Court may take Judicial Notice of the statutes enacted by the legislature of the State of Connecticut and thus Defendant foregoes the citation of these statutes. Article III of the Uniform Commercial Code governs the law of negotiable instruments (checks and promissory notes). Every foreclosure that occurs in violation of the Uniform Commercial Code is invalid, voidable, and -- no matter how frequently a foreclosure is "honored in the breach" of the U.C.C. -- illegal.

> CONSIDER: When a defendant argues that "The Uniform Commercial Code requires the production of an original signature promissory note in order to be enforceable", a judge may believe or feel "You mean to tell me that some technicality of negotiable instruments law lets someone who has failed to pay the mortgage get away with it if the promissory note cannot be found? And that I have to slow down my crowded docket in hundreds of foreclosure cases I have pending because of some provisions in the U.C.C.?" The appropriate response is "Your Honor, it is your sworn duty to uphold, to honor, and to apply the law as it exists at the time of your presiding over a case. A judge may not like what the state legislature has adopted as the law, but the judge may not ignore the law the state legislature has adopted for reason that the law hinders the Court's clearing its calendar."

(5) Because it is necessary that there be a valid chain of endorsements of a promissory note, the *Allonge* (a piece of paper attached to the original note for purposes of making room for endorsements transferring "holder" status) was recognized to establish the validity of PETE (person entitled to enforce). The *Allonge* must be "affixed to the instrument" per U.C.C. §3-204(a)'s last sentence. It is not enough that there is a separate piece of paper which documents the transfer unless that piece of paper is "affixed to the note". The burden of proof of a Plaintiff claiming to be "sheltered in the rights of the seller of the note" (and thus a "PETE holder" of the promissory note) fails because the burden of proof of being a proper possessor ("holder") of the promissory note is on the person seeking enforcement of the note, including proving that the complete chain of endorsements (the *Allonge)* is valid. The Plaintiff must show the validity of each transfer of the instrument from the original payee to the current plaintiff and explain how and why the note cannot be produced.

4

**(6)** *Arguendo,* should this Court permit this foreclosure action to continue, then Defendant has no choice but to "put a cloud on the title" which would render this realty unsellable, or at least "uninsurable by any title insurance company". *Arguendo,* should this Court dismiss this foreclosure action because the Plaintiff cannot produce an original signature copy of the promissory note that secures the realty to the mortgage, the Defendant does not thereby "get away with anything" because the property is still encumbered by the mortgage and the Defendant (or any heir or devisee of the Defendant) cannot sell the property until the mortgage has been paid in full. The effect of the Court's decision is that every party remains in the same legal position each now holds until the mortgage obligation is paid to the satisfaction of the mortgage holder.

       WHEREFORE, Defendant prays this Court:

(a) to ORDER Plaintiff to produce and introduce into evidence the original signature promissory note to which this mortgage is attached at a hearing date and time to be determined by this Court;

(b) If Plaintiff cannot produce the original signature promissory note to which this mortgage is attached at said hearing, then forthwith dismiss this cause of action;

(c) for such other necessary and appropriate relief as this Court deems just and fair.

                                                                               Elizabeth P. Conrad, Defendant Pro Se