Exhibit 53

# Exhibit 53

```
NO:  FST-CV08-5008432-S          :   SUPERIOR COURT

US BANK NATIONAL                 :   JUDICIAL DISTRICT
                                     STAMFORD/NORWALK

v.                               :   AT STAMFORD, CONNECTICUT

CONRAD, ELIZABETH ET AL          :   JULY 10, 2017
```

BEFORE THE HONORABLE KEVIN TIERNEY, JUDGE

A P P E A R A N C E S :

Representing the Plaintiff:

ATTORNEY CHRISTOPHER PICARD
McCalla Raymer Leibert Pierce, LLC
50 Weston Street
Hartford, Connecticut 06120

Representing the Defendant(s):

MS. ELIZABETH CONRAD, Self-Represented
58 Weed Hill Avenue
Stamford, Connecticut 06907

ATTORNEY KRISTEN MAZUR
Mark Sank & Associates, LLC
666 Glenbrook Road
Stamford, Connecticut 06906

Recorded By:
Rebecca Schalk

Transcribed By:
Rebecca Schalk
Court Recording Monitor
123 Hoyt Street
Stamford, CT 06905

```
 1              (Call to Order of the Court)
 2          THE COURT:  This is the Superior Court Judicial
 3      District of Stamford, Judge Kevin Tierney presiding.
 4      You may be seated.  On the short calendar for the
 5      foreclosure docket, this is the case that has been
 6      referred by Judge Mintz, who is the presiding judge
 7      Civil, who is also assigned to the foreclosure docket
 8      for today's short calendar, July 10th.  I, Judge
 9      Tierney, have not been assigned to the foreclosure
10      docket, but Judge Mintz assigned this case to me for
11      a hearing for today from the short calendar docket on
12      July 10th.
13          It's docket number FST-CV08-5008432-S, US Bank
14      National Association versus Elizabeth P. Conrad, et
15      al.  Is, in fact, that the case?
16          ATTY. MAZUR:  It is, Your Honor.
17          THE COURT:  Miss Conrad?
18          MS. CONRAD:  Yes.
19          THE COURT:   Thank you.  Identification, please.
20          ATTY. MAZUR:  Yes, Your Honor.  Good afternoon.
21      Attorney Kristen Mazur, M-A-Z-U-R, Mark Sank and
22      Associates for the defendant Mr. Conrad in this
23      matter.
24          THE COURT:  Pardon?
25          ATTY. MAZUR:  For the defendant John Conrad,
26      Your Honor.
27          THE COURT:  Okay.
```

```
 1                THE COURT:  Where is the plaintiff?
 2                ATTY. MAZUR:  I don't know, Your Honor.  I did
 3       see Attorney Picard this morning.  I can go check and
 4       inquire if he's in another courtroom.
 5                THE COURT:  All right.  Let's just do
 6       identification here.  Okay.
 7                MS. CONRAD:  Elizabeth P. Conrad, defendant.
 8                THE COURT:  Okay.  I have an address for you,
 9       Ms. Conrad, 58 Weed Hill Avenue, Stamford,
10       Connecticut 06907.  Is --
11                MS. CONRAD:  That's correct.
12                THE COURT:  -- that correct?
13                MS. CONRAD:  Correct.
14                THE COURT:  Okay.  According to the notes of the
15       file, you are not a member of the Bar.  You are
16       representing yourself as a defendant in this
17       foreclosure action, and the other parties have
18       appearances and each of the other the parties,
19       including the committee, are represented by members
20       of the Bar.  Do you understand that to be --
21                MS. CONRAD:  I understand that.
22                THE COURT:  -- the case?  And you are willing to
23       continue on to represent yourself despite the fact
24       that the other litigants in this case are all
25       represented by attorneys, is that --
26                MS. CONRAD:  Correct.
27                THE COURT:  -- correct?
```

1    MS. CONRAD:  Yes, I am.

2    THE COURT:  Okay.

3    MS. CONRAD:  I am, yes.

4    THE COURT:  Now, this matter was assigned to the

5  short calendar for today, and a number of parties are

6  listed and I just want to review the parties.  US

7  Bank National Association has an appearance by

8  McCalla Raymer Leibert Pierce, LLC.  Mr. Picard was

9  responsive to the calendar call this morning before

10  this file, is that correct?

11    MS. CONRAD:  Correct.

12    ATTY. MAZUR:  It is, Your Honor.

13    THE COURT:  Mr. Picard has other matters next

14  door and, customarily, the two lawyers -- two law

15  firms that deal with a substantial amount of

16  foreclosure case are generally required to be in

17  attendance most of the day before Judge Mintz.  And

18  so, therefore, when they have to come before me in --

19  sometimes we have to wait.  That's what's happened.

20    I'm just going to go through the appearance

21  status and then I'll review that with Mr. Picard in a

22  summary fashion.  John W. Conrad has an appearance in

23  the file by Mark Sank and Associates, LLC, and

24  according to the notes that's been the status for

25  almost two years.

26    ATTY. MAZUR:  Yes, Your Honor.

27    THE COURT:  Prior to the appearance of Mark Sank

1    and Associates, John W. Conrad had a self-represented

2    appearance, and there may have been an appearance by

3    Mark Sank and Associates of Elizabeth P. Conrad.  I

4    can't go through the history of the file.  As a

5    result of either one or both of those situations,

6    there was a representation by one of the individuals

7    by Mark Sank and Associates at the same time that

8    that individual had a self-represented appearance.

9        I call that hybrid representation.  I sent out a

10   notice in previous hearings that had been assigned to

11   me on the matter that I would not permit, generally,

12   the hybrid representation.  And no longer does it

13   appear that there is any hybrid representation before

14   the Court, is that a fair statement?

15       ATTY. MAZUR:  It is, Your --

16       THE COURT:  Mark Sank Associates is the only

17   appearance for John W. Conrad.  He no longer has a

18   self-represented appearance, if he ever did.

19       ATTY. MAZUR:  Correct, Your Honor.

20       THE COURT:  And no attorney has an appearance

21   for you, Ms. Conrad.  You're the only one that has

22   the appearance for yourself, is that correct?

23       MS. CONRAD:  Correct, Your Honor.

24       THE COURT:  Okay.  And we have the United States

25   Revenue Service, the U.S. Attorney -- I'm making an

26   assumption that they have never appeared physically

27   in court, either the IRS, any representative of the

1      Treasury department, or anybody from the United
2      States attorney's office.  Anybody have any
3      recollection of anybody, any of those people ever
4      appearing in this foreclosure action?
5           MS. CONRAD:  No recollection, Your Honor.
6           THE COURT:  Okay.  So, they are not needed in
7      this matter.  A foreclosure by sale had been ordered
8      in this matter, and that is such that would be
9      required automatically by federal law because the IRS
10     is involved in the case.  And as a result of that a
11     committee would have been appointed by the court, and
12     David J. Marantz is the committee who has an
13     appearance representing himself in that case.  That
14     appearance was January 20, 2009.
15          I'm making an assumption that the committee's
16     presence and/or Attorney Marantz's presence is not
17     needed for the matters that are before the Court
18     today.  Would that be a fair -- a fair conclusion for
19     me to reach?
20          MS. CONRAD:  Yes, Your Honor.
21          ATTY. MAZUR:  I believe so, Your Honor, yes.
22          THE COURT:  Okay.  Now, this is a complaint that
23     was filed in the Superior Court for a foreclosure.
24     The complaint is dated August 12, 2008, and it
25     relates to property at 58 Weed Hill Avenue in
26     Stamford, Connecticut.  Do I have it -- that correct?
27     If there is --

1    MS. CONRAD:  2008.

2    THE COURT:  If there is a diff --

3    MS. CONRAD:  Yes.

4    THE COURT:  Is there is a different address?

5    Then let me know.

6    MS. CONRAD:  No, the correct address.

7    THE COURT:  Okay.  And the two individual owners

8    at some point in time were alleged to have been

9    Elizabeth P. Conrad and John W. Conrad, and no other

10   owners of the property were alleged in the complaint.

11   Correct?

12   MS. CONRAD:  Correct.

13   THE COURT:  Okay.

14   ATTY. MAZUR:  Yes, Your Honor.

15   THE COURT:  The underlying loan was in the face

16   amount of $460,000, dated July 21, 2006.  Does that

17   comport with your recollection?  If I'm off by dollar

18   number or a date you can correct me at some other

19   point.  I don't want to --

20   ATTY. MAZUR:  Okay.

21   THE COURT:  -- bind anybody to that.  But we are

22   not dealing with a $20,000 mortgage, we are not

23   dealing with a $20-million mortgage; we are dealing

24   with a $460,000 mortgage, correct?

25   MS. CONRAD:  My recollection -- I mean, I don't

26   know what the exact figures are either, you know,

27   without the -- without going into the record.  It's

1    not before me.

2         THE COURT:  Okay.  Let me just go through.

3         (Pause)

4         THE COURT:  I'm not able to put my hands on a

5    document that would indicate to me that attached to

6    that document would be a copy of the $460,000 note.

7    There are -- the last pleading that was filed is

8    pleading number 284 and that was filed on July 7,

9    2017.  So, it is impossible for me, in the time that

10   I have just examined the file now, to be able to look

11   at every single one of the pleadings in the file, the

12   hundreds of pages, to determine that, but I don't

13   have a copy of that document.  We would have to

14   either wait for some other source before we get an

15   affirmation of that.

16        The motion that is assigned for the calendar,

17   according to the short calendar note, is a motion to

18   open the judgment, motion number 277.  And there is a

19   note that the clerk has indicated that the motion for

20   continuance and the objection should also be

21   considered by the Court in addition to 277.  And the

22   call-in by counsel was that the motion to open the

23   judgment is to be marked ready and to be heard by

24   Judge Mintz on today's date.

25        (Pause)

26        THE COURT:  The motion to open the judgment,

27   277, is a short form preprinted motion under your

1    signature, Ms. Conrad.

2        I request that the judgment in the -- in the

3    named case above be opened because to hear a motion

4    to dismiss, that demands the production of the

5    promissory note, the original promissory note, the

6    original, the promissory note original, original

7    promissory note, original promissory note.  I have to

8    read it --

9        MS. CONRAD:  Original signature.  That's the --

10   original promissory note with an original signature.

11       THE COURT:  That's not the way I read it.  I

12   repeated the phrase because you have the phrase

13   written in two different formats.  So, I don't

14   know --

15       MS. CONRAD:  Well, that -- I was told I had --

16       THE COURT:  I -- I --

17       MS. CONRAD:  -- to fill in every -- everything.

18       THE COURT:  I'm not --

19       MS. CONRAD:  Okay.

20       THE COURT:  I do not understand the sentence

21   structure of the motion.  So --

22       MS. CONRAD:  Okay.  Well, I just reiterated.

23   Yeah.

24       THE COURT:  I don't see the word signature here.

25   Is -- am I missing something?

26       MS. CONRAD:  Well, by implication, the original

27   promissory note will have the original --

1        THE COURT:  Well, I don't see the word

2    signature.  Is it --

3        MS. CONRAD:  No.  I don't --

4        THE COURT:  Is it here?

5        MS. CONRAD:  -- see it either.

6        THE COURT:  I'm sorry?

7        MS. CONRAD:  No, I don't see it.

8        THE COURT:  Okay.  So --

9        MS. CONRAD:  Not on this.

10        THE COURT:  So --

11        MS. CONRAD:  I had --

12        THE COURT:  I can read to hear a motion to

13    dismiss that demands the production of the promissory

14    note, arrow, original promissory note, hypertext at

15    the bottom, original above the word promissory.

16        MS. CONRAD:  Right.

17        THE COURT:  Okay.  So, that's the -- why I

18    couldn't read it.

19        MS. CONRAD:  Okay.

20        THE COURT:  Okay.  So, you have the phrase

21    original promissory note appearing twice.

22        MS. CONRAD:  So that could be -- I tried to make

23    it clearer the second time, to make it more clear.

24    That's why I reiterated.

25        THE COURT:  All right.  And then, although not

26    assigned for a hearing for today, there is a next

27    pleading -- in order, that pleading was 277, and a

1    pleading number 278 is a five-page typed out motion,

2    motion to dismiss because plaintiff cannot produce an

3    original signature copy of the promissory note

4    securing the mortgage on defendant's realty.  That is

5    the prom -- the motion to dismiss that you were

6    referring to in the motion to open judgment, is that

7    correct?

8         MS. CONRAD:  Correct.

9         THE COURT:  You have an understanding of that?

10        MS. CONRAD:  Yes.

11        ATTY. MAZUR:  Yes --

12        MS. CONRAD:  Oh.

13        ATTY. MAZUR:  -- Your Honor.

14        THE COURT:  Okay.  And then, in addition to

15   that, there was an amendment to the motion which I

16   cannot read.  And it's pleading number 279: it says

17   amended motion to dismiss because plaintiff cannot

18   produce an original signature or a copy of the

19   promissory note securing the mortgage on the

20   defendant's realty.  And the reason I cannot read it

21   is because I have not had the opportunity to read the

22   original motion to dismiss at the same time that I

23   have before me the amended motion to dismiss --

24        MS. CONRAD:  Oh, I understand.

25        THE COURT:  -- to note the differences between

26   the two.

27        MS. CONRAD:  Mm-hm.

1    THE COURT:  I have read every word of the motion

2    to dismiss, 278.  I have read every word of the

3    amended motion --

4    MS. CONRAD:  Oh, okay.

5    THE COURT:  -- 279, and I stand in a position

6    that I do not know what amended motion 279 is because

7    I have not been able to conclude with marketing (as

8    spoken).  I have to spend more time to do so --

9    MS. CONRAD:  Oh.

10    THE COURT:  --to be able to find out what the

11    difference is between the two and what the amendment

12    is.  So, I have no idea what it is that you are

13    seeking to amend.

14    MS. CONRAD:  Oh.  It's the --

15    THE COURT:  I do note that the motion to

16    dismiss, 278, and the amended motion to dismiss, 279,

17    one is noted in the computer as five pages in length

18    and the other is seven pages in length, so that there

19    would be a series of changes that would have been

20    made, either changes in the body of the motion,

21    additions or deletions to the existing language, and

22    brand new language that would have been added.  And I

23    do not have that information in mind as I -- as I

24    read the documents.

25    MS. CONRAD:  Do -- do --

26    THE COURT:  I would need to be able to copy the

27    documents and read them side-by-side --

1          MS. CONRAD:  Mm-hm.

2          THE COURT:  And make a markup of the documents

3     to do that.  My experience, it usually takes me some

4     period of time to do so.

5          MS. CONRAD:  Can I say -- make a comment?

6     The --

7          THE COURT:  Pardon?  Yes.

8          MS. CONRAD:  Substantially, we have -- the first

9     paragraph, that is the -- that is the substance of

10    the amendment, of the amended -- what part of the

11    document, is the first paragraph.  Everything else is

12    incidental.  Can I read it or…

13         THE COURT:  Pardon?

14         MS. CONRAD:  Should I read it, the first

15    paragraph?

16         THE COURT:  I don't know what you're reading

17    from.

18         MS. CONRAD:  I'm reading the -- from a copy of

19    the amended -- June 30th amended motion to dismiss

20    'cause plaintiff cannot produce an original signature

21    copy of the promissory note securing the mortgage on

22    the defendant's realty.

23         THE COURT:  Well, I don't do it that way.

24         MS. CONRAD:  Okay.

25         THE COURT:  Here -- here's --

26         MS. CONRAD:  Okay.  Fine.

27         THE COURT:  Here's the way I do it.

```
1              MS. CONRAD:  Yeah.  Okay.

2              THE COURT:  Okay.

3              MS. CONRAD:  Yeah.

4              THE COURT:  I take a look at it --

5              MS. CONRAD:  Sure.

6              THE COURT:  -- and the first thing I see is your

7      amended, hey, you have a pref -- prefatory paragraph.

8      Okay.  And I look at --

9              MS. CONRAD:  Right.

10              THE COURT:  -- the prefatory paragraph and I see

11      it is seven lines.  And I look at the other one and

12      it's two and a half lines.  I got that.

13              MS. CONRAD:  Okay.

14              THE COURT:  That's a change.

15              MS. CONRAD:  Right.

16              THE COURT:  I don't know what the change is.  I

17      have not read -- I've read each of the two and a half

18      lines and the seven lines --

19              MS. CONRAD:  Sure.

20              THE COURT:  But I don't know exactly what the

21      words are --

22              MS. CONRAD:  Mm-hm.

23              THE COURT:  -- that are changed.  I have to

24      focus and put a little note and do all the words to

25      change when you amended.  It's important that I read

26      the amendment.

27              MS. CONRAD:  Sure.
```

1       THE COURT:  And I can't read the amendment

2   without knowing exactly what the changes are.  Okay.

3       MS. CONRAD:  Mm-hm.

4       THE COURT:  I have lawyers who file papers and

5   they file two copies of the same motion.  I know

6   they're two copies of the same motion because my eyes

7   tell me from a fifteen-second reading of a --

8       MS. CONRAD:  Mm-hm.

9       THE COURT:  -- seven-page motion that they're

10  the same.  But I can't tell --

11      MS. CONRAD:  I do that too.

12      THE COURT:  -- in fifteen seconds that they're

13  the same.  And I have to tell the lawyers how much

14  time it takes me to find out whether they are the

15  same.  The first thing I say is nobody would ever

16  file the same motion twice; there is absolutely no

17  reason why the same motion would ever be filed twice.

18     Therefore, there must be some change.  I'm going

19  to find the change.  And, so, I look at every capital

20  letter, every comma --

21      MS. CONRAD:  Mm-hm.

22      THE COURT:  -- and I go through the whole thing.

23  I have to read the first motion.  I read that.  I

24  read the second motion.  That's the second time I

25  would have read that motion, okay, the new one.  Then

26  I recognize, ooh, they look the same.  So, I've got

27  to go back and read the first one again and, then,

1          the second one again.  I've got to read that motion

2          four times.

3              Don't file a duplicate paper.  Why I -- if I get

4          a motion I read it once.  When I get two motions I've

5          got to read it four times.  Nobody has any

6          understanding of what it is.  When I get an amendment

7          I have to read it four times, okay, and I've only

8          read it twice.  Once for the -- okay.

9              Then, I take a look at paragraph number 1 that

10         you have.  And it's a lengthy paragraph with capital

11         letters of PETE and MERS.  And I quickly look at the

12         last phrase and I say, well, that paragraph is

13         probably the same.  That's how I read it.  I don't

14         know that they're the same and that's not fair for me

15         to say it's the same because I haven't read it.  I

16         have to read it over.  You have then a word note.  I

17         see that there's some change because that's four

18         lines in the amendment and it's only three lines in

19         the previous one.  And then, I continue on

20         thereafter.

21             We have called the case of FST-CV08-5008432-S,

22         US Bank National versus Elizabeth P. Conrad.  We've

23         had introductions of the two named individual

24         defendants who are present here today.  Introduction,

25         please, by the attorney for US Bank National

26         Association, please.

27             ATTY. PICARD:  Christopher Picard for the

1    plaintiff, Your Honor.

2        THE COURT:  Mr. Picard, I have taken the liberty

3    of going through what I have referred to in the past

4    as administrative matters.  I know that you always

5    express a deep and abiding interest in my recitation

6    of administrative matters, but I've tried not to get

7    to anything of any substance whatsoever.  So, in

8    summation, nobody has needed to participate in this

9    matter other than the three that are here today.  I

10    do not have available to me a copy of the note to

11    verify that, in fact, it is a -- the note, the

12    $460,000 note in question.

13        And the motion that is assigned for short

14    calendar for today is Mrs. Conrad's motion to open

15    the judgment, 277.  That was marked by the clerk

16    ready because there was a call in and it -- the clerk

17    made a note that there is an opposition document that

18    was filed and a continuance that should be examined

19    also.  We haven't gotten to any of the specifics and

20    I'm now just going to the documents before the Court.

21        The first is the motion to open the judgment,

22    277.  Miss Conrad is representing herself.  She

23    understands there are lawyers on the other side.  No

24    longer is hybrid representation an issue, which had

25    been an issue in the case.  And the motion to open

26    the judgment is five pages in length, and that has

27    been amended by 279 which is seven pages in length,

1    and I do not know the difference between the two.  I

2    have read 277 and I have read 279 each in its

3    entirety, but I don't know the differences between

4    the two other than there's two extra pages.  So I

5    don't know how to focus on it.  The motion to open

6    the -- excuse me, that's the motion to dismiss, 278,

7    and the amendment, 279, that I'm referring to.

8         The motion to open the judgment is handwritten,

9    and is repetitive as the phrase original promissory

10   note.  Miss Conrad said that the word signature

11   appears in the motion.  We've agreed that the word

12   does not appear, although, she says by inference it

13   appears in the motion.  The motion to open the

14   judgment references a motion to dismiss and she

15   indicates that is one in the same, motion 278 as

16   amended by 279.

17        Then, you walked into the room at that time.

18   So, I assume that you will agree that those are

19   administrative matters; nobody has advanced the case

20   while you were not present in court.

21        ATTY. PICARD:  That appears accurate, Your

22   Honor.  And I apologize for my tardiness; however,

23   Attorney Scalzi, as usual, held me up on something

24   that should have been disposed of within, like, two

25   or three minutes.

26        THE COURT:  Yes.  So --

27        ATTY. PICARD:  But before we get started, Your

1    Honor, I think that the motion to dis -- the motion

2    to open should be summarily denied because Miss

3    Conrad waived any motions to open as part of a

4    stipulated judgment.  There's copies of the

5    transcript concerning the stipulated judgment in

6    several locations.

7        THE COURT:  We haven't -- I'm not getting to any

8    substantive matters.  I need to find out what is

9    before the Court today.

10       ATTY. PICARD:  The motion to open is the only

11   matter that is on the calendar before the Court

12   today.

13       THE COURT:  No.  The motion, the motion to open

14   references a motion to dismiss.  So, by inference,

15   the assignment of 277 at least puts 278 and 279, the

16   two amended matters, before the Court.  And the

17   clerk's notes indicate that the objection to the

18   motion, 281 -- that is the motion to open the

19   judgment and a motion for a continuance -- may be of

20   some interest to the Court.

21       ATTY. PICARD:  That is accurate.

22       THE COURT:  Okay.  We have three other motions

23   that are down: 282, motion to preclude expert

24   testimony, application for issuance of a subpoena,

25   and the actual issuance of the subpoena.  They're all

26   related to the same subject.

27       The application for issue of a subpoena was by

1    you, Mrs. Conrad, representing yourself.  You are

2    entitled to ask for a subpoena to be issued, for the

3    clerk of the Court to sign the subpoena as a

4    commissioner, as the attorney.  And that subpoena was

5    served, and Mr. Picard was the subject of the

6    subpoena, and Judge Mintz authorized the subpoena.

7    So, Mr. Picard is present in court and the subpoena

8    was issued on July 7th, with the order granted by

9    Judge Mintz on July 7th.  So 283 and 284 have been

10   completed.

11        ATTY. PICARD:  I am -- I do not concur.  I was

12   not served; no marshal served me with a subpoena.

13        THE COURT:  No, excuse me.  The application for

14   the issuance of a subpoena 2 -- 283, is a motion that

15   is in the file.  And the subpoena was issued by Judge

16   Mintz under his -- under -- it says under the

17   signature, it says subpoena issued, Mintz J.  And

18   that is not a correct statement because it's another

19   clerk who signed the subpoena as is authorized.

20   Okay.  So the -- whether or not you were served, we

21   will deal with that matter.  And the final is a

22   motion to preclude expert testimony because somewhere

23   within the moving papers is reference to a Mr. James

24   Streeter.  Do you know Mr. Streeter?

25        ATTY. PICARD:  Yes, I do know Mr. Streeter.

26        THE COURT:  Okay.

27        ATTY. PICARD:  I know him fairly well.

```
 1              THE COURT:  Okay.

 2              (Pause)

 3              THE COURT:  I have a recollection of having been

 4         assigned a hearing on the issue of standing that had

 5         been raised in an oral fashion.  And that hearing did

 6         not go forward because there was a resolution of the

 7         matter in which there was a stipulation that entered

 8         before Judge Mintz.  Is my recollection confirmed by

 9         the file?

10              ATTY. PICARD:  Yes, Your Honor.

11              THE COURT:  Okay.  And do you have the date of

12         that stipulation?

13              ATTY. PICARD:  It was 2014, Your Honor.

14              THE COURT:  Correct.

15              MS. CONRAD:  Um…  Could you repeat that or could

16         I have something --

17              THE COURT:  No.  No, I'm --

18              MS. CONRAD:  No, is that --

19              THE COURT:  -- I'm -- he's --

20              MS. CONRAD:  Yeah.

21              THE COURT:  -- just giving me a, a direction of

22         where to --

23              MS. CONRAD:  Okay.

24              THE COURT:  -- look for.

25              ATTY. PICARD:  It's a court-ordered transcript

26         as of May 7, 2014.  Expert -- excerpt, judge's orders

27         only.  We were here with Attorney Brown.  We were
```

1    going to be going forward on a hearing concerning

2    standing and issues concerning the note, and we

3    reached a stipulated judgment.  And included in

4    there, in page 7, I think -- but it can be found at

5    docket item number 195, Your Honor.

6        THE COURT:  Thank you.

7        (Pause)

8        ATTY. PICARD:  There was also an order -- there

9    was an attack on jurisdiction at 221 which was denied

10    by Judge Mintz.  There was a motion to open at 234

11    which was denied by Judge Mintz, specifically

12    pointing out that there had been a settlement on it

13    with a waiver of any motions to open.  There was a

14    recent motion to dismiss that was filed at 261, which

15    was denied by Judge Mintz on May 15, 2017, that

16    specifically set forth that she was attacking the

17    jurisdiction of the Court, and denied by Judge Mintz

18    after he reviewed the original note and mortgage.

19        THE COURT:  Okay.  I do not see where the

20    stipulation of pleading number 195, which is a

21    fifteen-page transcript, indicates a waiver of the

22    right to file a motion to open at a later time.

23        ATTY. PICARD:  It's on page 4.

24        THE COURT:  Page what?

25        ATTY. PICARD:  Page 4, Your Honor.  It

26    specifically states that motions to open would only

27    be agreed to by the parties if the mediator found --

1    sorry.  Page, it's actually page 1.  And the

2    limitation on any motions to open was if the mediator

3    found good cause or if there was a modification,

4    agreed to by Attorney Brown.

5         THE COURT:  I don't follow that.  I find your

6    words, quote, "The parties will agree to open and

7    extend the sale date if the mediator reports that the

8    parties will benefit from further mediation."

9         ATTY. PICARD:  Correct.  That was the sole

10   limitation on it and it was agreed to by Attorney

11   Brown.

12        THE COURT:  Correct.  Is there anything else

13   other than that comment that relates to the

14   stipulation?

15        ATTY. PICARD:  Page 8, there's a discussion of

16   it, of the stip -- grounds for the stipulation, and

17   then we get into the pre-mediation discussion.  And,

18   also -- gosh darn it, I opened -- closed the wrong

19   thing -- motion for enforcement of settlement

20   agreement.

21        (Pause)

22        THE COURT:  Okay.  I'm just furnishing copies of

23   page 1.

24        ATTY. MAZUR:  Thank you, Your Honor.

25        (Pause)

26        THE COURT:  Okay.  The motion that is before the

27   Court is a motion to open judgment.  It is motion

1      277.  You have the copy of the motion in its

2      entirety, and it references the motion to dismiss,

3      278.  Is that correct, Mrs. Conrad?

4           MS. CONRAD:  Yes.

5           THE COURT:  Okay.  And you have amended --

6           MS. CONRAD:  That is the second --

7           THE COURT:  -- that motion --

8           MS. CONRAD:  Yeah.

9           THE COURT:  -- to dismiss by motion 279,

10     changing it from a five-page document to a seven-page

11     document.  Is that correct?

12          MS. CONRAD:  I think it's changing it to a six

13     page.  I think it's changing it from a five page to a

14     six page.

15          THE COURT:  Six page, okay.

16          MS. CONRAD:  Yeah.

17          THE COURT:  Five-page to a --

18          MS. CONRAD:  Yeah.  Okay.

19          THE COURT:  -- six-page document.  Mr. Picard,

20     there are two prior motions to dismiss that have been

21     filed in this case, is that correct?

22          ATTY. PICARD:  Yes.

23          THE COURT:  And it --

24          ATTY. PICARD:  And no.

25          THE COURT:  -- was a claim of standing that was

26     raised and assigned before me, of an oral nature,

27     that was closely followed by that stipulation that

1       you have just raised.

2           ATTY. PICARD:  Correct.

3           THE COURT:  So that would be a third motion to

4       dismiss --

5           ATTY. PICARD:  And there was also a trial --

6           THE COURT:  -- as to the --

7           ATTY. PICARD:  -- that was assigned to you,

8       which is how we wound up in front of Judge Tierney --

9       I mean, Judge Mintz on a stipulated judgment.

10          THE COURT:  In any, in any event --

11          ATTY. PICARD:  Which is they've continually

12      attacked jurisdiction going back to the original

13      answer and special defenses.

14          THE COURT:  Okay.  The original judgment that

15      entered in this matter occurred before the Conrads

16      had obtained the services of their first attorney, is

17      that correct?

18          ATTY. PICARD:  No.

19          THE COURT:  The original --

20          MS. CONRAD:  That is correct.

21          THE COURT:  What?  That is correct?

22          MS. CONRAD:  Right.  Yes.

23          THE COURT:  Okay.  The motion, it's --

24          ATTY. PICARD:  I apologize.  That is correct,

25      2009.

26          THE COURT:  Correct, January 12, 2009.  I don't

27      have the transcript portion of it and lots of these

1      pleadings are not hypertext; that is before the e-

2      filing system so I don't have them --

3              MS. CONRAD:  Right.

4              THE COURT:  -- available in the computer.  But,

5      so, that was an original judgment of January 12, 2009

6      and, thereafter, attorneys were involved in it.  And

7      you, yourself, filed a motion to open the judgment

8      for mediation purposes at least at one --

9              MS. CONRAD:  Hm.

10             THE COURT:  -- one occasion, Mr. Picard.  Is

11     that correct?

12             ATTY. PICARD:  That is accurate.

13             THE COURT:  And a number of motions to open the

14     judgment were acted on and granted, filed by the

15     Conrads.

16             ATTY. PICARD:  That is accurate.

17             THE COURT:  Okay.  And in addition to that, they

18     availed themselves of their rights for bankruptcy

19     protection, is that correct?

20             ATTY. PICARD:  On multiple occasions.

21             THE COURT:  And is there any bankruptcy matter

22     that is in effect now for which there is a stay?

23             ATTY. PICARD:  No.

24             MS. CONRAD:  No.

25             THE COURT:  Okay.  And there is no matter

26     pending in any jurisdiction whatsoever that would act

27     as a stay of this proceeding, is that correct?

1        ATTY. PICARD:  That is accurate.

2        THE COURT:  Okay.  That would be removal,

3    appellate stay, another lawsuit with an injunction;

4    nothing along those lines?

5        ATTY. PICARD:  That is accurate.

6        THE COURT:  Okay.  So the motion to open the

7    judgment is before the Court.  I'm ready to hear

8    argument and how the presentation is going to take

9    place from -- Mrs. Conrad has a motion to open the

10   judgment.  I'm assuming, Mr. Picard, that you will

11   oppose it and part of the opposition will be pleading

12   number 195, the transcript that's in the file as

13   ordered by Judge Mintz in open court when the Conrads

14   were represented by Attorney Christopher Brown.

15       ATTY. PICARD:  Among other things, Your Honor.

16       THE COURT:  Okay.  Thank you.

17       ATTY. PICARD:  And, Your Honor, as a preliminary

18   matter, I'm invoking Sousa versus Sousa.

19       MS. CONRAD:  Which Judge Mintz did not --

20       THE COURT:  What --

21       MS. CONRAD:  Judge Mintz did not -- Attorney

22   Picard just did that in Judge Mintz's court and he

23   didn't think it was applicable.

24       THE COURT:  He didn't what?

25       MS. CONRAD:  He didn't think it was applicable,

26   Sousa versus Sousa.

27       ATTY. PICARD:  That's not accurate.  What --

1          THE COURT:  Yes.  It's not a family case; Sousa

2     is a family case.

3          MS. CONRAD:  Yeah.

4          ATTY. PICARD:  But it deals with the finality of

5     judgments.

6          MS. CONRAD:  Yeah.

7          ATTY. PICARD:  At which time Judge Mintz

8     referred this matter to you.

9          THE COURT:  Knowing that I've written on Sousa

10    twice.

11         ATTY. PICARD:  Yes.

12         THE COURT:  And he isn't --

13         ATTY. PICARD:  I'm very familiar with that.

14         THE COURT:  And he is not.

15         ATTY. PICARD:  Correct.

16         THE COURT:  Okay.  So, I've had an opportunity

17    to analyze Sousa in a number of factual matters.

18    Okay.  How do you wish to proceed on your motion to

19    open the judgment, Miss Conrad?

20         MS. CONRAD:  Well, I'd like to make a --

21    comments first.

22         THE COURT:  Okay.

23         MS. CONRAD:  Okay.

24         THE COURT:  We'll proceed to oral argument,

25    then.

26         MS. CONRAD:  So the --

27         THE COURT:  Any objection?

1          (No audible response)

2          THE COURT:  Okay.  Oral argument, I'll hear you

3     on the motion to open the judgment.

4          MS. CONRAD:  I think the, the initial judgment

5     date in 2009, we were not -- we did not attend that

6     hearing.  We were not there, John W. and Elizabeth.

7     Okay.  And then the other -- is there in the Court

8     today the original promissory note, the original

9     signature?

10          THE COURT:  You wish to talk Mr. Picard; I'll

11     let you step outside and talk to him.

12          ATTY. PICARD:  I'm not discussing --

13          MS. CONRAD:  Oh.  All right.

14          ATTY. PICARD:  -- anything with --

15          MS. CONRAD:  Thank --

16          ATTY. PICARD:  -- Miss Conrad off the record.

17          THE COURT:  Okay.

18          MS. CONRAD:  Okay.  And, then, at the time the,

19     the -- they -- there were documents submitted in

20     court, I noticed that the, the -- a photocopy rather

21     than the original, which is why we're here today.  It

22     was a photocopy.  So, my contention is that plain --

23     plaintiff -- see, when you, you mentioned 2014.

24     Plaintiff is trying to unlawfully trick me to give up

25     my rights to the UCC, which is what this motion is

26     based on, the UCC.

27          Unless plaintiff produces the original signature

1    promissory note then plaintiff is not PETE and,

2    therefore, plaintiff has no right to bring this

3    foreclosure action.  And, again, since plaintiff has

4    not produced the original signature promissory note,

5    there arises the inference of fraud versus PETE, the

6    actual PETE, the Court, and the defendant Elizabeth

7    P. Conrad.  So, on the basis of the nonproduction of

8    the original promissory note, I am asking Your Honor

9    to dismiss this foreclosure action as a summary

10   judgment.  That's it.

11        THE COURT:  Thank you.

12        MS. CONRAD:  That's it.

13        THE COURT:  Position of Mr. Conrad.

14        ATTY. MAZUR:  Your Honor, if I may.  As I

15   understand it, our office had been trying to contact

16   our client for months but to no avail.  So, I

17   unfortunately --

18        MS. CONRAD:  I'm not sure --

19        ATTY. MAZUR:  -- can't advance our position at

20   this time as we haven't heard from him regarding his

21   case.  We've reached out via telephone, email,

22   letters; have not heard back from him.  So, Your

23   Honor, I unfortunately can't bring much to the table

24   today.

25        THE COURT:  Okay.  Thank you.

26        ATTY. MAZUR:  Thank you.

27        ATTY. PICARD:  Your Honor, the original note has

1    been produced on several occasions including, most

2    recently, on May 15, 2017 when --

3        THE COURT:  I do not understand your phrase

4    original note, Mr. Picard.  You've heard me go

5    through that before.  I don't know any case law that

6    requires original having anything to do with

7    Connecticut jurisprudence.  You want to foreclose on

8    a note, you produce that note that you want to

9    foreclose into this court and that's the one that we

10   examine.

11       ATTY. PICARD:  That was produced --

12       THE COURT:  Okay.

13       ATTY. PICARD:  -- to Judge Mintz as recently as

14   May 15th.

15       THE COURT:  Okay.  You understand -- you

16   understand the point that I'm making.

17       ATTY. PICARD:  I disagree with the way the Court

18   has set that up as a position.

19       THE COURT:  Okay.

20       ATTY. PICARD:  However, I -- for, for today's

21   purposes, the note was produced as recently as May

22   15, 2017 in open court.  Miss Conrad reviewed the

23   original note.  Judge Mintz found stand -- correction

24   -- Judge Mintz found standing concerning the note and

25   denied the motion to dismiss that was, that was filed

26   at number 261.

27       THE COURT:  That's where there was a claim that

1    another copy of a note had been produced in a

2    bankruptcy proceeding that had in a different allonge

3    or a different endorsement on the document.  Is that

4    correct?

5        ATTY. PICARD:  Apparently, yes, Your Honor.

6        THE COURT:  Okay.  Okay.  Thank you.  So the

7    note that you are foreclosing on, and which you

8    obtained the judgment, was produced in this court

9    before Judge Mintz as recently as -- as you have

10   stated.

11       ATTY. PICARD:  That is accurate.

12       THE COURT:  Okay.  Anything further on the

13   opposition to the motion to open the judgment?

14       MS. CONRAD:  The -- that's in --

15       THE COURT:  No.  Mr. Picard, anything --

16       MS. CONRAD:  Oh, sorry.

17       THE COURT:  Anything further?

18       ATTY. PICARD:  If the Court so requires, I have

19   that note with me.

20       THE COURT:  Okay.  Thank you.

21       ATTY. PICARD:  However, I will not be turning

22   over the possession of that note to Miss Conrad.

23       THE COURT:  Thank you.  Thank you.  Miss Conrad.

24       MS. CONRAD:  Does possession mean that I can't

25   look at it?

26       ATTY. PICARD:  Miss --

27       MS. CONRAD:  I want to look at it first.

1    ATTY. PICARD:  Miss Conrad has reviewed the

2    document on several occasions, including as recently

3    as May 15th.

4    MS. CONRAD:  If it's the same document then it

5    is not an, an original.  It's a photocopy.

6    THE COURT:  Okay.  You don't have the document

7    in front of you, do you Miss Conrad?

8    MS. CONRAD:  The document on May 15th I did have

9    in front of me.

10    THE COURT:  The document that you were asking to

11    look at, you don't have that --

12    MS. CONRAD:  Oh, no.  I don't --

13    THE COURT:  -- in front of you right now, is --

14    MS. CONRAD:  -- have it now, no.

15    THE COURT:  -- that correct?

16    MS. CONRAD:  Yeah, it's correct.

17    THE COURT:  Correct?  I just want the record to

18    reflect the --

19    MS. CONRAD:  Yeah.

20    THE COURT:  -- fact you don't have it.  Okay.

21    Thank you.

22    MS. CONRAD:  I -- my, my -- what I did say was

23    that if it is the same document then it is a

24    photocopy, because I did look on it -- at it on May

25    15th.

26    THE COURT:  Yes.  Okay.  Any --

27    MS. CONRAD:  According to that, if it's the same

1     document as May 15th it is a photocopy.

2         THE COURT:  Okay.  Anything further?

3         ATTY. PICARD:  No, Your Honor.

4         THE COURT:  No further argument.  Okay.  The

5     Court has before it a motion to open judgment, dated

6     June 26 2017, in docket number FST-CV08-5008432-S, US

7     Bank National versus Elizabeth Conrad et al.  And

8     this is a decision on that motion to open to open the

9     judgment.

10        Self-represented plaintiff Elizabeth Conrad,

11     representing herself, has filed this motion to open

12     judgment utilizing form JD-CV-107 New 5 -- or 6/1 --

13     New 6/09.  The preprinted format states motion to

14     open judgment; I request that the judgment in the

15     case named above be opened because, and in

16     handwriting -- without repeating the language, and to

17     paraphrase the language because otherwise I would

18     repeat -- to hear a motion to dismiss that demands

19     the production of the original promissory note.

20     There is the word original that's written above the

21     promissory note.  Now, the original is not in capital

22     letters, although the promissory note are each in --

23     starting in capital letters.  And after the word note

24     is an arrow referring to a phrase at the bottom that

25     also has the next phrase: original promissory note.

26        Miss Conrad has explained that she wished to

27     have the original promissory note.  And, although she

1    had written the word promissory note, she thought

2    about it and then wrote the word original above,

3    realized that maybe that would not be a proper

4    reading of it so, therefore, put it in chronological

5    order -- original promissory note -- at the bottom.

6    Skipping over the double reading of the note and the

7    preprinted form, the motion to open judgment reads in

8    its entirety "Motion to Open Judgment, I request the

9    judgment in the case named above be opened because:

10   to hear a motion to Dismiss that demands the

11   production of the original Promissory Note."  No

12   other documents are attached to that motion to open

13   the judgment.

14       Referenced in the motion to open the judgment is

15   a motion to dismiss.  That is dated June 27, 2017.

16   It is a typewritten form of five pages in length.

17   The heading of the motion states, quote, "Motion to

18   dismiss because plaintiff cannot produce an original

19   signature copy of the promissory note securing the

20   mortgage on the defendant's reality."  That five-page

21   motion to dismiss is under the signature of Elizabeth

22   P. Conrad, self-represented, and it says that:

23       Wherefore the defendant prays this Court: (a) to

24   order plaintiff to produce and introduce into

25   evidence the original signature promissory note to

26   which this mortgage is attached at a hearing date and

27   time to be determined by this Court; (b) if Plaintiff

1    cannot produce the original signature promissory

2    note to which this mortgage is attached at said

3    hearing, then, forthwith dismiss this cause of

4    action; and (c) for other such necessary and

5    appropriate leave -- relief as this court deems just

6    and fair.

7        A few days later an amended motion to dismiss

8    was filed, dated June 30th, pleading number 279.

9    It's headed amended motion to dismiss because

10   plaintiff cannot produce an original signature copy

11   of the promissory note securing the mortgage on

12   defendant's realty.  Under the signature of Miss

13   Conrad, and her actual signature appears, the same

14   three claims for relief that I have just read are

15   reinstated.  There's some additional language,

16   because of the length of the documents, and there are

17   some certifications that may have added up to the

18   pages.

19       In essence, the motion to dismiss is a part and

20   parcel of the motion to open the judgment by reason

21   of its reference thereto, as well as the amended

22   motion to dismiss.  So 278 and 279 must be read in

23   context with the motion to open judgment since they

24   were filed either contemporaneous or intended to be

25   incorporated by reference thereto.  Turning to the

26   motion to open the judgment, the Court notes that

27   this matter was returnable to the Superior Court.  It

1    is a residential foreclosure matter with a return

2    date of September 2, 2008.

3         The matter has proceeded to mediation in a

4    number of formats.  The file pre-exists our e-filing

5    system, so, many of the pleadings are not hypertext

6    and available for reading but most of them are.  It

7    is not easy to be able to recreate the file since a

8    portion of it is paper-filed and a portion of it is

9    hypertext, when the case was just immediately

10   assigned to me and I was not assigned to short

11   calendar for the morning.

12        But, in essence, the judgment that was first

13   entered on January 12, 2009 was entered without Mr.

14   and Mrs. Conrad being represented by counsel.  And

15   thereafter the judgment was opened on multiple

16   occasions, one of which was caused by an attempted

17   workout effort by the plaintiff, their motion to open

18   the judgment.  And the plaintiff also sought to reset

19   sale dates after the number of bankruptcies that were

20   filed by the Conrads were disposed of in the

21   bankruptcy court.  But, in the main, motions to open

22   the judgment were filed by the Conrads individually

23   and by their respective counsel that they hired

24   thereafter.

25        There were at least two motions to dismiss that

26   had been filed attacking the issue of subject matter

27   jurisdiction.  And the issue of standing, which

1    attacks subject matter jurisdiction, was raised

2    orally before Judge Mintz who referred that oral

3    motion to dismiss on standing to me for a hearing.

4    That would be the third aspect of a challenge to

5    subject matter jurisdiction that is contained in this

6    file.

7        We are now dealing with a series of documents

8    that had been filed by the plaintiff in preparation

9    for resetting the appropriate sale date, because the

10   United States government has an appearance in the

11   case and that notice from relief from stay was a

12   predicate filing indicating the last bankruptcy stay

13   was terminated.  It was pleading number 267, earlier

14   in the spring, May -- April 27, 2017.  The documents

15   that were filed in preparation for the hearing for

16   that is the usual documents for affidavit of counsel

17   fees, military affidavit, real estate appraisal,

18   foreclosure worksheet, updated affidavit of debt,

19   reconstituted foreclosure worksheet, and other

20   documents of that nature.  And then there -- almost

21   immediately thereafter, this motion to open the

22   judgment filed by Miss Conrad has presented itself.

23   It was assigned for a short calendar for today's

24   date.

25       This matter ended in pleading number 195.  A

26   transcript was ordered and placed in the file, and a

27   stipulation was entered with Mr. and Mrs. Conrad

1    being canvassed in detail by Judge Mintz on an

2    individual basis.  They were both represented by

3    Attorney Christopher Brown, who is well recognized as

4    a lawyer who has expertise in defending residential

5    foreclosures.  And the stipulation was accepted by

6    the Court, accepted by all the parties who were

7    present at that point.  And, specifically, an order

8    was agreed upon as part and parcel to the stipulation

9    relating to the waiver by the Conrads of filing a

10   motion to open judgment.

11        The stipulation states, quote, the parties will

12   agree to open and extend the sale date if the

13   mediator reports that the parties will benefit from

14   further mediation, end quote.  No such event has

15   occurred or is demonstrated in this file.  The

16   mediator has filed no such report.  There's no report

17   attached to this motion to open that indicates the

18   mediator's efforts.  There's nothing to indicate

19   either an oral argument or the presentation of any of

20   the documents that I have examined in the file to

21   indicate that the mediator had anything to do with

22   filing this motion to open the judgment.

23        And that is the only condition for a motion to

24   open to be filed.  The Conrads have specifically

25   waived the right to file a motion to open.  They did

26   so in open court on pleading number 195 on May 7,

27   2014, and are bound by that stipulation to this very

1    date.  That is sufficient for the motion to open the

2    judgment to be rejected by this Court.

3         The Court finds that the parties had -- the

4    Conrads had no authority to file the motion to open

5    the judgment.  They had no right to even file it.

6    The motion to open the judgment never should have

7    been before the Court.  The Court, therefore, will

8    reject the right to even file the motion to open the

9    judgment.  The motion to open the judgment is

10   dismissed by this Court.  Excuse me.

11        (Pause)

12        THE COURT:  I have entered this matter

13   electronically and no further orders in a written

14   format will be entered before this Court.  Next

15   matter, the motion to dismiss has not been assigned

16   to the hearing for today's date.  It was not marked

17   ready for the docket.  It's 278 and 279 as amended.

18        The objection to the motion for continuance was

19   marked -- it was not marked ready, but would

20   naturally flow from the hearing on the motion to open

21   the judgment.  That was pleading number 281, and

22   there was a motion for continuance that was filed.

23   The objection is objection to a motion for

24   continuance.  No one prosecuted or pressed the motion

25   for continuance.

26        The date of the scheduled event is labeled as a

27   court trial and the expert James Streeter.  "I need

1     to change the date to July 17…11 a.m." at this "time

2     that is possible for Mr. Streeter to attend."  And

3     that is a continuance request so that Mr. Streeter,

4     who is a handwriting expert, can attend the hearing

5     since the underlying issue in the motion to open the

6     judgment is a motion to dismiss, and the underlying

7     issue in the motion to dismiss has to do with the

8     validity of the signature, signature or signatures on

9     the note that is being foreclosed.  The motion for

10    continuance, since the motion to open has been

11    dismissed, the motion for continuance is denied since

12    the motion to open the judgment never should have

13    been filed in the first place.

14         The motion to dismiss is before the Court, and

15    the question is whether or not I should proceed with

16    the hearing of a motion to dismiss.  A motion to

17    dismiss is directed to the Court, and a motion to

18    dismiss can be filed in two different fashions.  The

19    first is if it meets the requirements of the Practice

20    Book and is filed within thirty days of the date of

21    filing the appearance, the motion to dismiss can

22    address virtually every issue that needs to be

23    addressed.

24         In this case Mrs. Conrad, who has filed the

25    motion to dismiss, has long since appeared in this

26    matter.  Mrs. Conrad, your appearance is April 18,

27    2016.  Do you agree that your appearance was filed

1          more than thirty days prior to your June 2017 filing

2          of the motion to dismiss?  You agree on that?

3                 MS. CONRAD:  No.

4                 THE COURT:  Okay.  So --

5                 MS. CONRAD:  The May 15th is what...

6                 THE COURT:  Pardon?  Now, let me just go through

7          this, please.

8                 MS. CONRAD:  Yeah.  May 15th is when I

9          discovered the photocopy.

10                (Pause)

11                ATTY. MAZUR:  Thank you.

12                MS. CONRAD:  Thank you.

13                THE COURT:  I have furnished to the three of you

14         an appearance form dated May 16, 2016.  The date

15         appears at the lower right-hand side, at an angle, as

16         a date stamp of May 18th by the clerk's office.  You

17         can argue that this motion -- this appearance was

18         filed on the 18th, the 17th, the 16th, but it would

19         be in May of 2016 in any event.  The printout from

20         the Edison program indicates your self-represented

21         appearance.  The clerk puts in the date of May 18th

22         2016 because --

23                MS. CONRAD:  Okay.

24                THE COURT:  -- that's the date of the stamp.  We

25         can argue about the 16th, 17th, or 18th but, in any

26         event, it's May of 2016 and your motion was filed in

27         June of 2017.  We should be able to read

1   chronologically that more than thirty days has

2   elapsed from the date of the filing of your

3   appearance and, therefore, the motion to dismiss was

4   filed beyond thirty days.

5       MS. CONRAD:  I --

6       THE COURT:  We should be able to agree on that.

7   If not, then we can hold a hearing on those issues.

8       MS. CONRAD:  I, I don't understand what you're

9   saying.

10      THE COURT:  Okay.  I --

11      MS. CONRAD:  What does it -- what does my being

12  -- applying for pro se has to do with the motion to

13  -- I'm sorry.  Okay.  So I have in my hand a, an

14  appearance, a notice.  So I am -- I'm putting in an

15  appearance and, then -- on May 18, 2016, I'm putting

16  in an appearance as a pro se.

17      THE COURT:  Practice Book 10-30 reads as

18  follows: "Any defendant, wishing to contest the

19  court's jurisdiction, shall do so by filing a motion

20  to dismiss within thirty days of the filing of an

21  appearance."  That's the Practice Book rule.  Your

22  appearance I've just given you.

23      MS. CONRAD:  Yes.

24      THE COURT:  If that's not your appearance let me

25  know, but that's what the clerk says, that's what the

26  computer says.  I just printed it off from the

27  computer.

1          MS. CONRAD:  Mm-hm.

2          THE COURT:  Okay.  And I'm telling you that

3     based upon that document there can be an argument

4     over the date of that appearance --

5          MS. CONRAD:  Oh, that's not --

6          THE COURT:  -- May --

7          MS. CONRAD:  Okay.

8          THE COURT:  -- May 17th or May 18th or May 16th.

9      There can be no argument over the month of May or no

10    argument over the year of 2016, but there can be an

11    argument over the day.

12         MS. CONRAD:  The -- okay.  The point is that the

13    discovery was May 15, 2017; that was discovery of

14    the, the photocopy nature of the note.

15         THE COURT:  And let me --

16         MS. CONRAD:  And I, I was --

17         THE COURT:  Let me read that.

18         MS. CONRAD:  And I had a --

19         THE COURT:  A "defendant, wishing to contest the

20    court's jurisdiction, shall do so by filing a motion

21    to dismiss within thirty days of the filing of an

22    appearance."  It doesn't say anything about when you

23    discovered the reason for it or you discovered the

24    reason why the Court lacked jurisdiction.  You have

25    to do so within thirty days.  You failed to do so;

26    you waived that right.  And that is a lack of

27    jurisdiction over the subject matter -- I mean, the

1    lack of jurisdiction over the person, insufficiency

2    of process, and insufficiency of service of process.

3         You've waived any of those claims because you

4    have not filed your motion to dismiss within thirty

5    days from your May of 2016 appearance.  I'll give you

6    the benefit of the doubt, calling it May 18th and you

7    have thirty days thereafter --

8         MS. CONRAD:  Okay.

9         THE COURT:  Give you the benefit of the doubt of

10   the counting, but June of 2017 cannot be counted

11   thirty days from the date of your appearance no

12   matter how you count it.  Okay.  That's the first --

13        MS. CONRAD:  There's a -- okay.

14        THE COURT:  That --

15        MS. CONRAD:  There's a complication to this,

16   personal complication.

17        THE COURT:  Yes.

18        MS. CONRAD:  My -- I was in Boston undergoing

19   treatment at Mass General Hospital on -- you know,

20   during this time I was -- let me see; I have to get

21   the exact -- July, July and August I was receiving

22   daily proton radiation treatments at Mass General in

23   Boston.  And the -- yeah.

24        THE COURT:  So you were in Boston hospital for a

25   whole year, a year and one month, is that right?  Is

26   that what you're telling us?

27        MS. CONRAD:  Are you, are you being sarcastic --

```
 1              THE COURT:  Yes.

 2         MS. CONRAD:  -- Your Honor?

 3              THE COURT:  Yes.

 4         MS. CONRAD:  Yeah.  I --

 5              THE COURT:  I --

 6         MS. CONRAD:  -- don't appreciate it.

 7              THE COURT:  I am because you're -- you cannot --

 8         MS. CONRAD:  Okay.

 9              THE COURT:  You cannot tell me --

10         MS. CONRAD:  Yes.  Well you --

11              THE COURT:  You have not told me that you were

12    being --

13         MS. CONRAD:  Okay.  You --

14              THE COURT:  -- for a year and one month.

15         MS. CONRAD:  I -- you're, you know, being

16    sarcastic and the tone is -- I don't appreciate at

17    all.  And…

18         THE COURT:  Well, I'm sorry, I'm frustrated

19    because we're talking about a date and I would expect

20    that you would know --

21         MS. CONRAD:  Well, no.

22         THE COURT:  -- something about dates.  I've read

23    you the Practice Book section.  The date of your

24    appearance is May of 2016.  You had thirty days from

25    that date to file your appearance (as spoken).

26    Actually, you had thirty days from the date Mr. Brown

27    filed --
```

1           MS. CONRAD:  Okay.

2           THE COURT:  -- his appearance but we're dealing

3     with your appearance to give you the latest possible

4     date, and you did not file it within thirty days.

5           MS. CONRAD:  The discovery of fraud, that's

6     what, that's what I'm talking about, discovery of

7     fraud.  So, if the, if the promise -- the original

8     promissory note is not produced, and on May 15, 2017

9     there was a photocopy produced, so that the -- if

10    there is no original signature promissory note then

11    there's no, there's no reason to be here at all.  And

12    the -- and that's as far as I got.  You know, the --

13          THE COURT:  There are four reasons that are set

14    up in the motion to dismiss in the Practice Book.

15    Three of those reasons are waived because you didn't

16    file it within thirty days.  That's the rule.  That's

17    the rule that we operate under.

18          MS. CONRAD:  And what's the fourth?

19          THE COURT:  The fourth one is subject matter

20    jurisdiction.  There's no time limit on filing a

21    motion to dismiss for subject matter jurisdiction.

22    Any motion addressed to subject matter jurisdiction

23    can be filed at any time.  You're not limited by the

24    time.

25          But your motion to dismiss has been filed more

26    than thirty days beyond.  Your motion to dismiss must

27    be denied because it does not say anything about

1    subject matter jurisdiction.  You have not raised it,

2    neither in the underlying motion to dismiss or the

3    amended motion to dismiss.  I told you that I read

4    both of them carefully.  I have now compared both of

5    them but I don't have exactly the difference between

6    the two, but you have not raised an issue of subject

7    matter jurisdiction.

8        Your motion to dismiss does not raise subject

9    matter jurisdiction; it must be denied.  The motion

10    to dismiss has not been filed within thirty days from

11    your filing of your appearance.  It must be denied.

12    The motion to dismiss and the amended motion to

13    dismiss must be denied for those reasons.  Now, I'm

14    not telling you that that's what the order of the

15    Court is, but I'm explaining what the background

16    information is.

17        Now, in addition to that, in addition to that

18    you may get the idea that you now can file another

19    motion to dismiss claiming -- using the buzzwords

20    lack of subject matter jurisdiction and get another

21    bite at the apple.  You're not going to be too

22    successful with that.  You have not demonstrated that

23    the signature issue that you have raised --

24        MS. CONRAD:  Mm-hm.

25        THE COURT:  -- has been properly raised based

26    upon Connecticut law, Connecticut statute.  You have

27    not indicated that the signature issue is an issue of

1    subject matter jurisdiction.  I do not believe that

2    it is.  It does not relate to standing.  It is a

3    defense to a foreclosure case of which there are

4    claims that the bank can make in any, in any event.

5    One of those claims is -- do you have an idea when

6    the last payment was made, Mr. Picard, or how many

7    payments were actually made on a periodic basis?

8         ATTY. PICARD:  The original note was taken out

9    in July two thou -- the note and mortgage were taken

10   out in July 2006, with the first payment due

11   September 1, 2006.  Taking a look at the affidavit of

12   debt, the defendant defaulted approximately eighteen

13   months later --

14        THE COURT:  Okay.

15        ATTY. PICARD:  -- in March of 2008.

16        THE COURT:  So, for eighteen months, eighteen

17   months, according to their information --

18        MS. CONRAD:  Mm-hm.

19        THE COURT:  -- you made payments to somebody

20   that you didn't owe any money to.  You never signed

21   any --

22        MS. CONRAD:  It's a --

23        THE COURT:  -- papers.

24        MS. CONRAD:  -- a tragedy.

25        THE COURT:  You never, you never owed any money

26   whatsoever to them.  Every single month that went by,

27   you wrote out a check to somebody that you knew that

1        you didn't owe.  There are not too many people

2        walking around the streets that do that for eighteen

3        months.  It's called ratification.

4            MS. CONRAD:  No.

5            THE COURT:  Well, then maybe you didn't make

6        those payments.  Maybe you didn't make any payments

7        whatsoever on the, on the note.  But the bank has a

8        position that it's eighteen months and that's going

9        to defeat any argument that you make, in any event.

10       Even if that note is shown, with an expert coming in

11       to say that the signature is not your signature, why

12       would you, why would anybody pay on a $460,000 note

13       they never got the money for?  Why would they do

14       that?  I don't know anybody that would do that.

15       Okay.  Mr. Picard.

16           ATTY. PICARD:  Yes, Your Honor.

17           THE COURT:  I intend to hear the motion to

18       dismiss and the amended motion to dismiss now.  Do

19       you have any objection to that?

20           ATTY. PICARD:  No, Your Honor.

21           THE COURT:  Motion to dismiss and the amended

22       motion to dismiss, in fairness to you, should be

23       heard at the same time that the motion to open the

24       judgment is because you put them all together and

25       they all should be heard together.  And I'll hear

26       whatever you have to say about your motion, motion to

27       dismiss.

1          MS. CONRAD:  Okay.  This is the amended motion

2     to dismiss.  Comes now the defendant in the above

3     tight -- entitled cause of action, Beth Conrad, which

4     is pro se, prays this Court to dismiss the cause of

5     action for the reasons set forth herein after.  These

6     contentions set forth a violation of defendant's

7     Fifth Amendment constitutional right to due process

8     of the law as guaranteed by the State, violation by

9     the Fourteenth Amendment, which Fourteenth Amendment

10    also --

11         THE COURT:  What constitution did you --

12         MS. CONRAD:  -- guarantees --

13         THE COURT:  -- mention?

14         MS. CONRAD:  -- defendant --

15         THE COURT:  What cons -- what constitution --

16         MS. CONRAD:  -- both her right to --

17         THE COURT:  -- did you mention?

18         MS. CONRAD:  Excuse me.  Both her right --

19         THE COURT:  Miss Conrad --

20         MS. CONRAD:  -- to due process --

21         THE COURT:  -- what constitution --

22         MS. CONRAD:  -- of law and the --

23         THE COURT:  -- did you --

24         MS. CONRAD:  -- equal protection of the laws

25    against any State infringment.

26         THE COURT:  What Constitution are you mentioning

27    about the, the Fifth Amendment, the Connecticut

1    Constitution or the Federal Constitution?

2        MS. CONRAD:  The...

3        THE COURT:  Okay.  I have read the amended

4    motion.  You may furnish me with your argument,

5    please.

6        MS. CONRAD:  I have no or -- I have no oral

7    argument, just as the motion stands.

8        THE COURT:  Pardon?

9        MS. CONRAD:  I have no oral argument.  Just,

10    just as it stands, that's it.  At least that is what...

11        THE COURT:  Okay.  Anyone wish to be heard

12    further on the motion to dismiss and the amended

13    motion to dismiss?

14        ATTY. PICARD:  No, Your Honor.

15        ATTY. MAZUR:  No, Your Honor.

16        THE COURT:  Okay.  This is the decision on

17    docket number FST-CV08-5008432-S, US Bank National

18    Association as Trustee versus Elizabeth P. Conrad, on

19    the original motion to dismiss, or the motion to

20    dismiss 278, and the amended motion to dismiss dated

21    June 30, 2017, 279.  The Court is considering hearing

22    those matters and rendering a decision on those

23    matters since they -- it was part and parcel of the

24    motion to open the judgment assigned to short

25    calendar for today's date in the Stamford Superior

26    Court.

27        Although the Court does not have the exact dates

1   of appearances filed on behalf of a moving party,

2   Elizabeth Conrad, by counsel of record, her self-

3   represented appearance is dated May 18, 2016.  The

4   motion to dismiss was not filed within thirty days

5   from the date of her appearance; it was filed in

6   June, over a year later in June of 2017.  Therefore,

7   the motion to dismiss is untimely and the waiver of

8   any defects that have existed, other than subject

9   matter jurisdiction, are waived by lack of filing a

10   motion to dismiss.  The motion to dismiss alleging

11   anything other than subject matter jurisdiction is

12   denied.

13       Motion to dismiss is allowed to be filed

14   alleging lack of subject matter jurisdiction and it

15   is not limited to the thirty-day period of time.

16   This motion to dismiss and the amended motion to

17   dismiss say nothing about subject matter

18   jurisdiction.  There's no issue within either the

19   amended motion or the motion itself that relates to

20   the subject of standing.

21       It has to do with the signature or lack of

22   signature on a promissory note.  This Court is not

23   aware of any case law, any statute law, that

24   indicates that such a deficiency amounts to depriving

25   the Court of subject matter jurisdiction.  This Court

26   can decide and is in the -- is the proper Court to

27   decide issues of validity of signature and the

1  verification of signature.  That's the Court's

2  function.  The Court should not be denied that right

3  in the, in the interim, and we have statutes to that

4  effect.

5     Therefore, the lack of signature or the

6  incorrect nature of the signature on a promissory

7  note is not a matter of subject matter jurisdiction.

8  The motion to dismiss and the amended motion to

9  dismiss fail to allege lack of subject matter

10  jurisdiction, fail to allege the issue of standing

11  and, factually, allege the incorrectness of the

12  signature which is not an issue that is addressed to

13  subject matter jurisdiction.  None of the motions,

14  the amended motion or motion itself, address subject

15  matter jurisdiction.  In the -- in its entirety the

16  motion to dismiss and the amended motion to dismiss

17  are denied.  Electronically, motion to dismiss heard;

18  denied.  And that's the electronic order, will enter

19  now.

20     (Pause)

21     THE COURT:  Electronic orders have been entered,

22  and that concludes the hearing on this matter.  Thank

23  you.

24     ATTY. PICARD:  Thank you, Your Honor.

25     MS. CONRAD:  Thank you.

26     ATTY. MAZUR:  Thank you, Your Honor.

27          *   *   *   *   *

```
NO:  FST-CV08-5008432-S        :  SUPERIOR COURT

US BANK NATIONAL               :  JUDICIAL DISTRICT
                                  STAMFORD/NORWALK

v.                             :  AT STAMFORD, CONNECTICUT

CONRAD, ELIZABETH ET AL        :  JULY 10, 2017
```

### C E R T I F I C A T I O N

        I hereby certify the foregoing pages are a true and
correct transcription of the audio recording of the above-
referenced case, heard in Superior Court, Judicial District of
Stamford/Norwalk, Stamford, Connecticut, before the Honorable
Kevin Tierney, Judge, on the 10th day of July, 2017.

        Dated this 7th day of December, 2017 in Stamford,
Connecticut.

```
                              Rebecca Schalk
                              Court Recording Monitor
```