UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ELIZABETH P. CONRAD and JOHN W. CONRAD, *Plaintiffs*, <br><br> v. <br><br> U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR RESIDENTIAL ASSET SECURITIES CORP., HOME EQUITY MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-EMX8, *Defendant*. | No. 3:19-cv-01720 (JAM) |

**ORDER GRANTING MOTION TO DISMISS**

This case involves a foreclosure process that has spanned more than ten years. Plaintiffs Elizabeth and John Conrad have filed this lawsuit *pro se* against their alleged mortgage holder in connection with a state court foreclosure of their property in Stamford, Connecticut. Defendant U.S. Bank National Association, as Trustee for Residential Asset Securities Corp., Home Equity Mortgage Asset-Backed Pass-Through Certificates, Series 2006-EMX8 ("U.S. Bank"), has moved to dismiss. I conclude that the Conrads' claims are barred by the *Rooker-Feldman* doctrine. Accordingly, I will grant the motion to dismiss.

### BACKGROUND

I take the facts as stated in the complaint as true for purposes of this ruling, Doc. #1, and also take judicial notice of the fact of the litigation and filings in the related state foreclosure action, Docs. #16-1 to #16-60; *see Weisshaus v. Port Auth. of New York & New Jersey*, 814 Fed. App'x 643, 646 (2d Cir. 2020).

1

According to U.S. Bank's allegations and submissions in the state foreclosure action, the Conrads executed a promissory note in July 2006 and obtained a $460,000 mortgage loan on their property in Stamford, Connecticut. Doc. #16-2 at 2 (¶ 3). U.S. Bank became the holder of the note and mortgage. *Ibid.* (¶ 4). In March 2008, the Conrads defaulted on the mortgage and they failed to cure the default. Doc. #16-1 at 9 (Doc. #272.00); Doc. #16-3 at 3 (¶ 3).

In August 2008, U.S. Bank declared a default and commenced a foreclosure action against the Conrads in Connecticut Superior Court. Doc. #16-2. In January 2009, the state court entered a judgment of foreclosure by sale after defaulting the Conrads for failing to plead and reading into the record its review of the note, mortgage, and assignments. Doc. #16-1 at 3-4 (Docs. #109.00, #110.00, #119.00); Doc. #16-4; Doc. #16-5; Doc. #16-19 at 23-27.

In April 2010, while the parties were in mediation, U.S. Bank moved for a judgment of strict foreclosure. Doc. #16-1 at 4 (Doc. #132.00); Doc. #16-8. In July 2012, after mediation ended, the Conrads (then represented by counsel) objected to the motion, contesting U.S. Bank's status as holder of the note and alleging that U.S. Bank failed to state a *prima facie* foreclosure claim in its complaint. Doc. #16-1 at 5 (Docs. #158.00 & #159.00); Docs. #16-17 & #16-18.

In May 2014, during an evidentiary hearing, the state court entered a stipulated judgment of foreclosure by sale, scheduled for October 2014. Doc. #16-1 at 6 (Doc. #186.00); Doc. #16-20; Doc. #16-21. All parties were present at the hearing, including the Conrads and their counsel. Doc. #16-21. The parties stipulated that a judgment of foreclosure by sale would enter, that the Conrads would waive any right of appeal, and that U.S. Bank would waive any deficiency. *Id.* at 3. In response to questioning by the state court judge, the Conrads each individually affirmed that they were knowingly and voluntarily waiving their right to appeal, that they found the

agreement to be fair and equitable, and that they were satisfied with their attorney's representation. *Id.* at 10-11.

Just over two weeks before the scheduled sale of the property, the Conrads filed a motion to open the judgment, which the state court denied. Doc. #16-1 at 6 (Docs. #189.00 & #189.86); Docs. #16-26 & #16-27. Then, the day before the sale, John Conrad filed a voluntary petition for Chapter 7 bankruptcy, which resulted in a stay of the sale. Doc. 16-1 at 6 (Doc. #190.00); Doc. #16-28. In February 2015, the United States Bankruptcy Court terminated the bankruptcy case, and in April 2015, U.S. Bank moved the Connecticut Superior Court to open the judgment and set a new sale date. Doc. #16-1 at 6 (Doc. #197.00); Doc. #16-29. The state court scheduled oral argument on the motion for September 2015. Doc. #16-1 at 6 (Docs. #197.01 and #197.02); Docs. #16-30 & #16-31.

Three days before oral argument, the Conrads filed a motion to dismiss for lack of subject matter jurisdiction. Doc. #16-1 at 7 (Doc. #221.00); Doc. #16-32. U.S. Bank responded with a motion to enforce the parties' settlement agreement and to reject the Conrads' collateral attack on the stipulated judgment. Doc. #16-1 at 7-8 (Docs. #223.00 & #226.00); Docs. #16-33 & #16-34. After a hearing, the state court denied the Conrads' motion and set a new sale date in June 2016. Doc. #16-1 (Doc. #197.02, #221.02, #226.01); Docs. #16-31, #16-35 & #16-36.

About a month before the scheduled sale, the Conrads filed a second motion to open the judgment, which the state court again denied. Doc. #16-1 at 8 (Docs. #234.00, #234.01, #234.02 & #234.03); Docs. #16-37 to #16-40. Then, the day before the sale, Elizabeth Conrad filed a voluntary petition for Chapter 13 bankruptcy. Doc. #16-1 at 8 (Doc. #238.00); Doc. #16-41. After the bankruptcy court terminated the automatic stay, U.S. Bank filed a motion to set a new

sale date, which the state court granted with a date in March 2017. Doc. #16-1 at 8 (Doc. #239.00, #239.02 & #239.55); Doc. #16-42 & #16-43.

A couple of weeks before the scheduled sale, the Conrads filed another motion to dismiss alleging that U.S. Bank had produced a fraudulent note to both the state court and the bankruptcy court. Doc. #16-1 at 9 (Doc. #261.00); Doc. #16-44. Then, the day before the sale, John Conrad filed a voluntary petition for Chapter 13 bankruptcy. Doc. #16-1 at 9 (Doc. #263.00); Doc. #16-45. The bankruptcy court dismissed the petition soon thereafter, and U.S. Bank again moved for a new sale date. *Ibid.*

In May 2017, at a hearing on the Conrads' motion to dismiss, the state court inspected U.S. Bank's note and mortgage again, found them to be in order, and denied the motion. Doc. #16-46. The court set a new sale date for August 2017. Doc. #16-47.

In June 2017, about six weeks before the scheduled sale, the Conrads filed another motion to open the judgment and motion to dismiss. Doc. #16-1 at 9 (Doc. #277.00); Doc. #16-48. They argued that U.S. Bank could not "produce an original signature copy [*sic*] of the promissory note securing the mortgage on [the Conrads'] realty," but rather had only produced a photocopy of the note. Doc. #16-1 at 9-10 (Docs. #278.00 & #279.00); Doc. #16-49 at 2; Doc. #16-50 at 2. They also filed an application for issuance of a subpoena requesting that U.S. Bank produce the original note. Doc. #16-1 at 10 (Doc. #283.00); Doc. #16-51. The state court granted the application. Doc. #16-1 at 10 (Doc. #284.00); Doc. #16-52.

In July 2017, U.S. Bank appeared in court with the note, and the state court denied the Conrads' motion to open the judgment as waived under the stipulation agreement and their motion to dismiss as untimely. Doc. #16-1 at 9 (Docs. #277.01 & #278.01); Docs. #53 to #55. Three days later, the Conrads filed a second application for issuance of a subpoena again

requesting that U.S. Bank produce the original note, but the state court denied the application. Doc. #16-1 at 10 (Doc. #285.00); Doc. #16-56.

One week before the scheduled sale, the Conrads filed an appeal with the Connecticut Appellate Court, staying the sale. Doc. #16-57 at 3 (Doc. #AC 40688). The Conrads proceeded to file a series of motions for extensions of time. Doc. #16-57. In May 2019, after full briefing and oral argument, the Connecticut Appellate Court summarily affirmed the state court's judgment and remanded to enforce the sale. *See U.S. Bank, Nat'l Ass'n v. Conrad*, 189 Conn. App. 908 (Conn. App. Ct. 2019) (*per curiam*).

In June 2019, the Conrads file a defective petition for certification with the Connecticut Supreme Court. Doc. #16-58. In September 2019, they cured the defect. Doc. #16-59. In October 2019, the Connecticut Supreme Court denied certification. *See* 333 Conn. 929 (2019).

Nine days after the denial of certification, the Conrads filed this federal lawsuit seeking relief from the foreclosure judgment. Doc. #1. For the "Nature of [the] Case," the Conrads allege that the "2008 foreclosure [was] brought about through the Recession," that U.S. Bank denied their "multiple" applications for mortgage modifications "even though [they were] deemed modification worthy by [the U.S. Department of Housing and Urban Development]," and that the Connecticut Supreme Court denied their petition for certification. *Id.* at 2.

The Conrads invoke jurisdiction under the "Uniform Commercial Code 42.a," Doc. #1 at 2, which I understand to mean Title 42a of the Connecticut General Statutes, which adopted most provisions of the Uniform Commercial Code ("UCC") into state law. The Conrads allege that under "long-established U.C.C. law . . . only the holder of the original signature promissory note [*sic*] (which secures a mortgage note) has standing to foreclose on the mortgage note." *Ibid.* Accordingly, they allege that "the State court's refusal to compel [U.S. Bank] to produce the

5

original signature promissory note" and its "refusal to Void Ab Initio all [U.S. Bank]'s pleadings" denied them due process and equal protection under the law. *Ibid.*

The Conrads state two causes of action. *Id.* at 3. Claim One is framed as a "Denial of Due Process," "14th [and] 15th Constitutional Rights," "attempting to take my house [without] following due process," and "denying my right to the laws of the State of [Connecticut]—U.C.C." *Ibid.* Claim Two is framed as a "Denial of Discovery" and "Subpoena Duces Tecum," which was "denied in Trial Court [and] not addressed in Appellate Court." *Ibid.* As the "Request for Relief," the Conrads seek only "dismissal of [the] foreclosure case." *Id.* at 4.

In November 2019, U.S. Bank moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Doc. #14. In January 2020, the matter was temporarily stayed upon filing of a suggestion of bankruptcy as to Elizabeth Conrad. Docs. #25 & #26. In April 2020, it was reopened upon filing of a notice of termination of the automatic stay. Doc. #28. The Conrads have not filed any response to U.S. Bank's motion.

## DISCUSSION

The standards that govern a motion to dismiss under Rule 12(b)(1) and Rule 12(b)(6) are well established. A complaint may not survive unless it alleges facts that, taken as true, give rise to plausible grounds to sustain the Court's subject matter jurisdiction and to sustain a plaintiff's claims for relief. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Kim v. Kimm*, 884 F.3d 98, 103 (2d Cir. 2018); *Patane v. Nestle Waters N. Am., Inc.*, 369 F. Supp. 3d 382, 387 (D. Conn. 2019). It is also well established that the Court must liberally construe a *pro se* complaint and interpret it to raise the strongest grounds for relief that its allegations suggest. *See, e.g.*, *Sykes v. Bank of America*, 723 F.3d 399, 403 (2d Cir. 2013). Still, even a *pro se* complaint may not

survive dismissal if its factual allegations do not establish at least plausible grounds for a grant of relief. *See, e.g.*, *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015).

U.S. Bank argues that the Court lacks subject matter jurisdiction because of the *Rooker-Feldman* doctrine. Doc. #15 at 12-13. The doctrine jurisdictionally bars the federal courts from hearing "cases that function as *de facto* appeals of state-court judgments." *Sung Cho v. City of New York*, 910 F.3d 639, 644 (2d Cir. 2018). The reason for the *Rooker-Feldman* rule is to respect the constitutional division of authority between the state and federal governments. If a litigant believes that a state court has not respected the litigant's federal constitutional rights, the litigant may ultimately seek review of the state court judgment in the U.S. Supreme Court. Congress did not otherwise designate the lower federal courts to sit in judgment of the state courts.

There are four requirements that must be met in order for the *Rooker-Feldman* doctrine to bar a plaintiff's claim: "(1) the federal-court plaintiff must have lost in state court; (2) the plaintiff must complain of injuries caused by a state-court judgment; (3) the plaintiff must invite district court review and rejection of that judgment; and (4) the state-court judgment must have been rendered before the district court proceedings commenced." *Id.* at 645.

It is clear to me that the Conrads' two claims are barred by the *Rooker-Feldman* doctrine. First, the Conrads lost in state court. Second, the sole injury they complain of is the state court foreclosure judgment itself, as evidenced by the fact that their only request for relief is reversal of that judgment. *See, e.g.*, *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 427 (2d Cir. 2014) ("[T]he injury of which [plaintiff] 'complains' in this claim for relief, and which he seeks to have remedied, is the state foreclosure judgment. This is evident from the relief [plaintiff] requests . . . to have the state judgment declared 'void.'"). Third, the Conrads seek

review and rejection of the state court foreclosure judgment as their only request for relief. Fourth, the judgment was entered before the Conrads initiated this federal lawsuit.

Affording the sparse allegations in the complaint a liberal construction and placing them in the context of the state court foreclosure proceedings, the Conrads appear to allege that U.S. Bank misrepresented that it had standing and thereby procured the foreclosure judgment through fraud. They allege that the Connecticut Superior Court failed to remedy this fraud by issuing a subpoena to require U.S. Bank to produce the original, signed promissory note.

In *Vossbrinck*, the Second Circuit found a similar claim to be barred by *Rooker-Feldman*. There, the plaintiff alleged that the defendants misrepresented that they had standing to foreclose in part because one of the defendants was not the holder of the plaintiff's note and further alleged that the defendants submitted fraudulent title documents during the state court proceedings. 773 F.3d at 427. The Second Circuit noted that in order to "determine whether the state judgment was wrongfully issued in favor of parties who, contrary to their representations to the [state] court, lacked standing to foreclose," the federal court would have "to review the state proceedings and determine that the foreclosure judgment was issued in error." *Ibid.* Because of this, the Second Circuit held that "[t]o the extent [plaintiff] asks the federal court to grant him title to his property because the foreclosure judgment was obtained fraudulently, *Rooker-Feldman* bars [plaintiff]'s claim." *Ibid.*

The same reasoning applies here. Accordingly, I conclude that the *Rooker-Feldman* doctrine precludes consideration of the Conrads' claims for relief against the foreclosure judgment and I need not consider U.S. Bank's other arguments in favor of dismissal.

## CONCLUSION

For the foregoing reasons, the Court GRANTS U.S. Bank's motion to dismiss. Doc. #14. The Clerk of Court shall close this case.

It is so ordered.

Dated at New Haven this 3rd day of September 2020.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge